**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------x

JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated,

                    Plaintiffs,

vs.

C.TECH COLLECTIONS, INC., a New York Corporation; JOEL R. MARCHIANO, individually and in his official capacity; JAMES W. ARGENT, individually and in his official capacity; CYNTHIA A. MICHELS, individually and in her official capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                    Defendants.

------------------------------------x

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, JENNIFER BABCOCK ("Plaintiff" or "BABCOCK"), on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendants, C.TECH COLLECTIONS, INC. ("C.TECH"), JOEL R. MARCHIANO ("MARCHIANO"), JAMES W. ARGENT ("ARGENT"), and CYNTHIA A. MICHELS ("MICHELS"), (collectively referred to hereinafter as "Defendants") who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and other similarly situated consumers.

2. The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and New York General Business Law §349 ("NY GBL § 349"), which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B).

6. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection

conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: collecting an amount not authorized by contract or permitted by law. 15 U.S.C. § 1692f(1).

7. To protect the interests of consumers, the New York State Legislature through NY GBL § 349 has authorized individuals to act as private attorney generals by filing claims asserting violations of any acts or statutes by, e.g. a corporation.

8. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, NY GBL § 349, and all other applicable common law or statutory regimes.

## II. PARTIES

9. BABCOCK is a natural person.

10. At all times relevant to this complaint, BABCOCK resided in the Village of Glen Oaks, Queens County, New York.

11. At all times relevant to this complaint, C.TECH is a for-profit corporation existing pursuant to the laws of the State of New York. C.TECH maintains its principal business address at 5505 Nesconset Hwy, Suite 200, Hamlet of Mount Sinai, Suffolk County, New York, 11766.

12. Plaintiff is informed and believes, and on that basis alleges, that MARCHIANO, is a natural person who resides in the Village of Port Jefferson, Suffolk County, New York.

13. Plaintiff is informed and believes, and on that basis alleges, that ARGENT, is a natural person who resides in the Town of Smithtown, Suffolk County, New York.

14. Plaintiff is informed and believes, and on that basis alleges, that MICHELS, is a natural person who resides in the Hamlet of Coram, Suffolk County, New York.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by C.TECH employees, that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by C.TECH and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

18. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

19. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

21. Sometime prior to January 4, 2014, Plaintiff allegedly incurred a financial obligation to Jason Hitner, M.D. ("Hitner Obligation").

22. The Hitner Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

23. Defendants contend that the Hitner Obligation is in default.

24. The alleged Hitner Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to January 4, 2014, the creditor of the Hitner Obligation either directly or through intermediate transactions assigned, placed, or transferred, the debt to C.TECH for collection.

27. C.TECH collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28. C.TECH is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. At all times relevant to this complaint the Defendants were engaged in conduct that was part of a scheme or business of making or collecting illegal charges from the Plaintiff and other similarly situated consumers in the State of New York.

30. On or about January 4, 2014, C.TECH mailed a collection letter concerning the Hitner Obligation, which is dated January 4, 2014, and which Plaintiff received in the ordinary

course of mail. ("1/4/2014 Letter"). A true and correct copy of the 1/4/2014 Letter is attached hereto as **_Exhibit A_**, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

31. The 1/4/2014 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. The 1/4/2014 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The 1/4/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. On information and belief, the 1/4/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and sent to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

35. The 1/4/2014 Letter, *inter alia*, provides a box for the Consumer to complete and provide their credit card information in making payment for the alleged debt. Immediately above the credit card information box is a statement, which is in lighter and much smaller font, that "[a] $3.00 convenience fee will be added for credit card payments."

36. Immediately below the credit card information box, the 1/4/2014 Letter states, "**MAIL ALL CORRESPONDENCE & PAYMENTS TO: C.TECH COLLECTIONS, INC.**, PO Box 402, Mt. Sinai, NY 11766-0402." (Emphasis in original). Nowhere in the 1/4/2014 Letter is the Consumer provided with information as to whom to make a check payable to should the Consumer wish to write a check rather than provide their credit card information; and thereby avoid the $3.00 "convenience fee."

37. The 1/4/2014 Letter does not have a detachable form with included information regarding Plaintiff's outstanding debt, such as a space where Plaintiff could indicate an "Amount

Enclosed."

38. Plaintiff is informed, and believes, and therefore alleges that C.TECH'S collection letter is intended to falsely convey the message that Plaintiff may only make payment via credit card; thereby incurring a $3.00 "convenience fee."

39. Plaintiff is informed, and believes, and therefore alleges that C.TECH'S collection letter is intended to falsely convey the message that Plaintiff must make payment in full with her first payment or incur a $3.00 charge with each payment made to C.TECH

40. Plaintiff is informed, and believes, and therefore alleges that C.TECH'S collection letter is intended to falsely convey that C.TECH is legally permitted to charge a $3.00 convenience fee for credit card payments, when in fact such a fee/charge is neither authorized by contract nor permitted by law.

41. Defendants' representations on the 1/4/2014 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers they must make credit card payments, C.TECH is legally allowed to charge a $3.00 convenience fee for those credit card payments, and each individual payment will result at a $3.00 convenience fee.

42. Defendants intended that their materially false statements contained in the 1/4/2014 Letter cause Plaintiff and other consumers confusion about the exact amount of money they allegedly owed and the form of payment consumers may remit.

43. Defendants intended that their materially false and deceptive statements contained in the 1/4/2014 Letter cause Plaintiff and other consumers to incorrectly believe they would benefit financially by immediately sending payment for the full amount demanded in Defendants' collection letters rather than making several payments over time.

44. Plaintiff paid the alleged Hitner Obligation in-full using her credit card and Defendants charged and took an additional $3.00 when processing Plaintiff's payment.

45. The additional $3.00 "convenience fee" charged and collected by Defendants constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law.

46. The Defendant's characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to Plaintiff's credit card payment.

47. The Defendant's characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

48. The Defendant's characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process Plaintiff's credit card transaction.

49. The Defendant's characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to receive the fee when, in fact, they are not legally entitled to receive it.

### V. POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendants' policy and practice to send written collection communications, in the form attached as ***Exhibit A***, that violate the FDCPA by, *inter alia*:

    (a) Making false representations concerning the character, amount, or legal status of any debt;

  (b)  Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; and

  (c)  Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

51.  On information and belief, the Defendants' written communications, in the form attached as ***Exhibit A*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI. CLASS ALLEGATIONS

52.  This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53.  Plaintiff seeks to certify one class, which contains a sub-class.

54.  With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York, (b) to whom Defendants sent a written communication in the form attached as ***Exhibit A***, (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt, (e) which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments," (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

55.  With respect to the Plaintiff Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, and who paid their alleged debt(s) with a credit card and were charged a "convenience fee" by Defendants will be added for credit card

payments," (f) during a period beginning three years prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

56. The identities of all class members are readily ascertainable from the Defendants' business records and the records of those businesses and governmental entities on whose behalf they attempt to collect debts.

57. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

58. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1), and NY GBL § 349.

59. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

60. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

61. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members

would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1), and NY GBL § 349.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

62. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendants' letters, which are attached hereto as **_Exhibit A_**, violate 15 U.S.C. §§ 1692e, 1692e(2), or 1692f, is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination. Additionally, NY GBL § 349 specifically provides for injunctive relief as a remedy.

63. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, Class Claims, and the class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

65. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

66. Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as **_Exhibit A_**, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f

(e) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
## (AGAINST ALL DEFENDANTS)

67. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

68. The Defendants' collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the character, amount, or legal status of those debts, which constitutes a deceptive business practice in violation of NY GBL § 349.

69. The Defendants' collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the services rendered or compensation which may be lawfully received by Defendants for the collection of those debts, which constitutes a deceptive business practice in violation of NY GBL § 349.

70. The Defendants' collection actions complained of herein, also include the collection and attempted collection of amounts from consumers that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and Defendants made false, deceptive, and misleading representations to consumers that Defendants are legally entitled to collect these additional amounts of money, which constitutes a deceptive business practice in violation of NY GBL § 349.

71. Defendants engaged in deceptive acts and practices, in violation of NY GBL §349 by collecting, and attempting to collect, additional monies from consumers to Defendants were not legally or contractually entitled to collect.

72. The Defendants' actions complained of herein were committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of NY GBL § 349 independent of whether it also constituted a violation of any other law.

73. The Defendants' actions complained of herein are consumer-oriented, involving deceptive representations made in form/standardized correspondence with large numbers of consumers. The violations alleged herein are recurring and have a broad impact upon the public.

74. Indeed, although Plaintiff cannot say with certitude exactly how many such deceptive form letters were sent over the past three years, it is virtually certain to be in the hundreds, if not thousands.

75. Plaintiff is informed and believes, and on that basis alleges that Defendants' collection letter in the form attached hereto as ***Exhibit A***, which makes false and deceptive representations, coupled with Defendants' collection of monies to which they have no legal or contractual entitlement to collect from consumers, is part of a policy and practice that is designed and has the effect of unlawfully increasing Defendants' profits.

76. Defendants' deceptive acts, by their nature, involve material misrepresentations of the amounts chargeable to the accounts that Defendants are attempting to collect.

77. Defendants engaged in such conduct in the course of trade and commerce.

78. Defendants knowingly and/or recklessly disregarded the unlawful nature of the debts they sought to collect from Plaintiff and other similarly situated consumers in the State of New York.

79. As a result of Defendants' violations of NY GBL § 349, Plaintiff, and the sub-class of consumers she seeks to represent, has suffered actual and statutory damages of up to $1,000.00, attorney's fees, and costs as a result of these violations

## IX. PRAYER FOR RELIEF

80. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

**A.     For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing BABCOCK and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for BABCOCK and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An award of actual damages for BABCOCK and the Plaintiff Class, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' written collection communications, in the form attached hereto as ***Exhibit A***, violate

the FDCPA;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

**B.   For the SECOND CAUSE OF ACTION**:

(i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Sub-Class as previously set forth and defined above;

(ii) An award of actual damages or $50.00 whichever is greater, and treble damages up to $1000.00, to Plaintiff and each member of the Plaintiff Sub-Class pursuant to NY GBL § 349(h);

(iii) Declaratory relief adjudging that the Defendants' written collection communications, in the form attached hereto as ***Exhibit A***, violate NY GBL § 349(h);

(iv) Declaratory relief adjudging that the Defendants' collection of a "convenience fee" violates NY GBL § 349(h);

(v) Injunctive relief enjoining the Defendants from engaging in the unlawfully deceptive acts complained of herein including, but not limited to, collecting monies from consumers that are incidental to their alleged principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and sending written collection communications, in the forms attached hereto as ***Exhibit A***;

    (vi)    Attorney's fees, litigation expenses, and costs pursuant to NY GBL § 349(h); and

    (vii)    For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Uniondale, New York
               May 19, 2014

*s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Jennifer Babcock, and all others similarly situated*