Andrew T. Thomasson, Esq.*
*Managing Member*

*Admitted in NJ Only

# THOMASSON LAW, LLC

101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969

WRITER'S DIRECT DIAL:
(973) 665-2056   telephone
(855) 479-9969   facsimile

WRITER'S E-MAIL:
andrew@thomassonllc.com

December 5, 2014

Honorable Marilyn D. Go, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, NY 11201

> **Re:**   ***Babcock, et al. vs. C.Tech Collections, Inc., et al.***
> E.D.N.Y. Case No. 1:14-cv-03124-MDG

Dear Judge Go,

I am co-counsel of record for Plaintiff, Jennifer Babcock, in the referenced matter. I respectfully submit this letter motion pursuant to Local Civil Rule 37.3(c) for an Order compelling discovery responses of Defendants, James W. Argent, Joel R. Marchiano, and Cynthia A. Michels, to Plaintiff's initial sets of Interrogatories and Requests for Production of Documents.[1] The factual and legal basis underpinning Plaintiff's motion is set forth below.

### Relevant Factual & Procedural History

On September 22, 2014, the Plaintiffs jointly served Defendant, C.Tech Collection, Inc., with her initial sets of Interrogatories, Requests for Production and Requests for Admission. On September 26, 2014, Plaintiff Babcock served her initial sets of Interrogatories, Requests for Production, and Requests for Admission on Defendants, James W. Argent, Joel R. Marchiano, and Cynthia A. Michels ("Individual Defendants"). All of the discovery requests were sent via e-mail pursuant to the Parties' written agreement to accept service electronically. The Defendants' discovery responses were respectively due by October 23 and 27, 2014.

On October 27, 2014, <u>all</u> of the Defendants served their responses to Plaintiffs' Requests for Admission via e-mail, but no other responses were provided. [*See, **Exhibit A***]. Although no extension was requested/given, Defendants' unilaterally informed Plaintiffs' counsel they were "continuing to work on responses to the remaining discovery demands." *Id.*

---

[1] For purposes of discovery, the Court consolidated this case and *Campbell-Hicks vs. C.Tech Collections, Inc.*, E.D.N.Y. Case No. 1:14-cv-03576-MDG. However, this action differs from *Campbell-Hicks* in that it is the only one that: (1) includes the Individual Defendants who are the subject of this motion; and (2) alleges claims against all defendants under N.Y. Gen. Bus. Law § 349. As such, the discovery requests directed to the Individual Defendants were only served by Plaintiff Babcock, whereas the Plaintiffs in both cases jointly served discovery on Defendant, C.Tech Collections, Inc. – i.e., the only defendant common to both cases.

Hon. Marilyn D. Go, U.S.M.J.
*Babcock, et al. vs. C.Tech Collections, Inc., et al.*
December 5, 2014
Page 2

On October 28, 2014, I responded to the e-mail sent by Defendants' counsel, Arthur Sanders, advising him that "Plaintiffs would like to have Defendants remaining discovery responses in advance of the upcoming settlement conference [on November 14, 2014]" and offered to limit the requests in an effort to accommodate Defendants. [*See, Exhibit B*]. Mr. Sanders neither responded to, nor acknowledged my e-mail. Accordingly, on November 9, 2014, I sent a follow-up e-mail advising Mr. Sanders he had neither responded to my October 27th e-mail nor served Defendants' tardy discovery responses, and reminding him Plaintiffs never agreed to any extension for Defendants' to respond to discovery. [*See, Exhibit C*]. My November 9th e-mail requested that, by the next business day, Defendants' either: (1) serve their outstanding discovery requests; or (2) contact me to meet and confer telephonically as required by L. Civ. R. 37.3(a). *Id.*

On November 10, 2014, Mr. Sanders replied to my November 9th e-mail stating he would be "getting discovery responses out to [me] in the next few days" and requested my availability to meet and confer the next day. On November 11, 2014, counsel for all Parties met and conferred telephonically regarding Defendants' outstanding discovery requests, at which time Mr. Sanders again advised he was diligently working on the responses, which he would serve in a few days.

On November 14, 2014, counsel for the Parties participated in a conference call with the Court to discuss the Parties' views on settlement. At that time, my co-counsel, Abraham Kleinman informed the Court that Plaintiffs were still waiting on Defendants' outstanding discovery responses, which are necessary for the Parties to have a meaningful and informed settlement conference. The Court agreed, to which Mr. Sanders informed the Court he was still working on all of the Defendants' responses and just needed a few more days. Mr. Sanders requested an additional 2 weeks, which the Court denied. Instead, the Court ordered: "Defendant C-Tech must provid[e] response[s] to outstanding discovery requests by 11/20/14 **and the individual defendants by 11/25/14**." [*See* 11/14/2014 Minute Entry]. (Emphasis added).

Notwithstanding the Court's explicit order compelling *all* Defendants' discovery responses, on November 20, 2014, Mr. Sanders served only C.Tech's responses to Interrogatories and granted himself another unilateral extension until November 26, 2014, to provide C.Tech's responses to Requests for Production. [*See, Exhibit D*]. Nowhere did Mr. Sanders mention the status or whereabouts of the Individual Defendants' outstanding discovery responses much less did he request an extension of time or advise that the responses would never be forthcoming as he had promised the Court and which, more importantly, the Court ordered. *Id.* Mr. Sanders did serve C.Tech's responses to Requests for Production on November 25, 2014; however, there are numerous deficiencies that the Parties are now attempting to resolve.

Still, the Individual Defendants refuse to serve their responses to Plaintiff's initial sets of Interrogatories or Requests for Production. The Defendants have never voiced any objections concerning these discovery requests to anyone – rather, they have *consistently* promised the Court and the Plaintiffs they were diligently working on their responses and would produce them in accordance with the Court's prior order.

Consequently, on December 4, 2014, I again e-mailed Mr. Sanders to inquire as to the status and whereabouts of the Individual Defendants' discovery responses – which the Court

Hon. Marilyn D. Go, U.S.M.J.
***Babcock, et al. vs. C.Tech Collections, Inc., et al.***
December 5, 2014
Page 3

expressly ordered Defendants to serve by November 25, 2014. [*See, **Exhibit E***]. On December 5, 2014, Mr. Sanders replied to my e-mail offering to "meet and confer on Tuesday, December 9th" and then advising he is "certain that [Plaintiffs] now have sufficient documentation to begin substantive discussions regarding settlement of this matter." *Id.*

As indicated in his December 5th e-mail, Mr. Sanders now refuses to serve the Individual Defendants' outstanding discovery responses – despite his repeated promises to Plaintiffs and Court he would, and despite the Court's prior express order to do so by November 25, 2014. The Individual Defendants have <u>never</u> complained about or objected to the outstanding discovery requests and, notwithstanding Mr. Sanders' newfound feelings to the contrary, Plaintiffs absolutely need this information prior to the settlement conference now scheduled for December 22, 2014.

### Legal Basis

With respect to Plaintiff's Interrogatories, the Individual Defendants have waived their right to interpose objections, except those based on privilege, due to their failure to timely respond or seek an extension. Fed. R. Civ. P. 33(b)(2),(4); see also, *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009). For the same reasons, they waived their right to interpose objections in response to Plaintiff's Requests for Production (except as to privilege). Fed. R. Civ. P. 34(b)(2)(A); see also, *Senat v. City of New York*, *supra*.

### Conclusion

In view of the foregoing, the Court should not countenance the Individual Defendants' continuing unfair and deceptive discovery tactics. Nor should the Court permit them to simply disobey the Court's prior Order compelling their responses. Having already ruled once on this issue, Plaintiff respectfully requests that the Court issue a <u>second</u> Order finding that the Individual Defendants' have waived their right to interpose objections (except as to privilege) to Plaintiff's Interrogatories and Requests for Production and compelling them to serve those responses by December 12, 2014.

On behalf of the Plaintiff, I thank Your Honor for the Court's consideration of this motion.

Respectfully submitted,

Andrew T. Thomasson
*Via ECF Filing Only*

cc:      All Counsel of Record *via ECF Filing Only*

# EXHIBIT "A"

**Andrew Thomasson**

| | |
|---|---|
| **From:** | Arthur Sanders <asanders@bn-lawyers.com> |
| **Sent:** | Monday, October 27, 2014 11:43 AM |
| **To:** | Andrew Thomasson; akleinman@kleinmanllc.com; 'Joseph Mauro'; brian@bromberglawoffice.com |
| **Subject:** | FW: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL |
| **Attachments:** | BABCOCK & CAMPBELL HICKS v C TECH, ET AL - ADMISSIONS - C TECH COLLECTIONS.pdf; BABCOCK & CAMPBELL HICKS v C TECH, ET AL - ADMISSIONS - CYNTHIA A. MICHELS.pdf; BABCOCK & CAMPBELL HICKS v C TECH, ET AL - ADMISSIONS - JAMES W. ARGENT.pdf; BABCOCK & CAMPBELL HICKS v C TECH, ET AL - ADMISSIONS - JOEL R. MARCHIANO.pdf |

Gentlemen:
Enclosed herewith are defendants' responses to your requests for admissions.   We are continuing to work on responses to the remaining discovery demands.

BARRON AND NEWBURGER, P.C.
Arthur Sanders, Esq.
30 South Main Street
New City, N.Y. 10956
845-499-2990
Fax: 845-499-2992
Cell: 845-548-2213
Email:  asanders@bn-lawyers.com

PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY THE RECIPIENT, FOR THE PUJRPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED.

THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL.  ANY DISSEMINATION, COPYING OR USE OF THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY.

**From:** Catherine Wolter
**Sent:** Monday, October 27, 2014 11:36 AM
**To:** Arthur Sanders
**Subject:** BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

SEE ATTACHED

Catherine Wolter, Paralegal
Barron & Newburger, P.C.
30 South Main Street
New City, NY  10956
845-499-2990
cwolter@bn-lawyers.com

# EXHIBIT "B"

## Andrew Thomasson

| | |
|---|---|
| **From:** | Andrew Thomasson |
| **Sent:** | Tuesday, October 28, 2014 8:11 PM |
| **To:** | 'Arthur Sanders'; akleinman@kleinmanllc.com; 'Joseph Mauro'; brian@bromberglawoffice.com |
| **Subject:** | RE: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL |
| | |
| **HoudiniEventDuration:** | 720000 |
| **HoudiniEventGUID:** | 62866 |
| **HoudiniInboxGUID:** | 115169 |
| **HoudiniMatterGUID:** | 523 |
| **HoudiniMatterLabel:** | Ctech - Babcock -- 2542-523 |
| **Time?:** | -1 |

Arthur,

Thanks for sending us your clients' responses to the Requests for Admissions. Obviously, the Plaintiffs would like to have Defendants remaining discovery responses in advance of the upcoming settlement conference (or conference to schedule a conference). To that end, would it be helpful to your clients if Plaintiffs limited (for now) the remaining discovery requests to only those pertinent items of information needed for the Parties to have a meaningful settlement discussion? I believe the Parties taking this tact might help make things far more efficient, save you a lot of time, and, importantly, save your client some money as well.

Please note that I have not spoken with my co-counsels about my suggestion, but thought would instead I would open it up for discussion with everyone via e-mail given that I am traveling the better part of this week and may be hard to reach. Comments anyone?

Thanks Arthur.

Very truly yours,

Andrew T. Thomasson, Esq.
**Thomasson Law, LLC**
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone:  (201) 479-9969
Direct Dial: (973) 665-2056
Facsimile:  (855) 479-9969

*Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.*

**From:** Arthur Sanders [mailto:asanders@bn-lawyers.com]
**Sent:** Monday, October 27, 2014 11:43 AM

**To:** Andrew Thomasson; akleinman@kleinmanllc.com; 'Joseph Mauro'; brian@bromberglawoffice.com
**Subject:** FW: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

Gentlemen:
Enclosed herewith are defendants' responses to your requests for admissions.   We are continuing to work on responses
to the remaining discovery demands.

BARRON AND NEWBURGER, P.C.
Arthur Sanders, Esq.
30 South Main Street
New City, N.Y. 10956
845-499-2990
Fax: 845-499-2992
Cell: 845-548-2213
Email:  asanders@bn-lawyers.com

PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY
ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY
THE RECIPIENT, FOR THE PUJRPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED.

THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK
PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL.  ANY DISSEMINATION, COPYING OR USE OF
THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS
UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR
SYSTEM IMMEDIATELY.

---

**From:** Catherine Wolter
**Sent:** Monday, October 27, 2014 11:36 AM
**To:** Arthur Sanders
**Subject:** BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

SEE ATTACHED

Catherine Wolter, Paralegal
Barron & Newburger, P.C.
30 South Main Street
New City, NY  10956
845-499-2990
cwolter@bn-lawyers.com


PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT
INTENDED OR WRITTEN TO BE USED, ANY MAY NOT BE USED BY THE RECIPIENT, FOR THE PURPOSES OF AVOIDING ANY FEDERAL
TAX PEANLTY WHICH MAY BE ASSERTED.

THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR
OTHERWISE BE CONFIDENTIAL.  ANY DISSEMINATION, COPYING OR USE OF THIS E-MAIL BY OR TO ANYONE OTHER THAN THE
DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT
FROM YOUR SYSTEM IMMEDIATELY.

# EXHIBIT "C"

**Andrew Thomasson**

| | |
|---|---|
| **From:** | Andrew Thomasson |
| **Sent:** | Sunday, November 09, 2014 6:10 PM |
| **To:** | 'Arthur Sanders'; 'akleinman@kleinmanllc.com'; 'Joseph Mauro'; 'brian@bromberglawoffice.com' |
| **Subject:** | RE: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL - Discovery Dispute |

| | |
|---|---|
| **HoudiniEventDuration:** | 1800000 |
| **HoudiniEventGUID:** | 63247 |
| **HoudiniInboxGUID:** | 115452 |
| **HoudiniMatterGUID:** | 523 |
| **HoudiniMatterLabel:** | Ctech - Babcock -- 2542-523 |
| **Time?:** | -1 |

Arthur,

I have received neither a response to my e-mail below (sent 12 days ago) nor Defendants' responses to Plaintiffs' initial sets of Interrogatories and Requests for Production (due 18 days ago). Although Defendants appear to have unilaterally granted themselves an extension of unknown duration to respond to discovery, Plaintiffs never consented to any such extension of time.

As you know, the Court has scheduled a telephone conference with the Parties for November 14, 2014, to discuss settlement. My hope was that Plaintiffs' would have secured enough information by now through written discovery with which to have an informed discussion with the Court regarding settlement; however, based on Defendants' unwillingness to favor me with a response to my e-mail below it seems apparent they likely have other intentions. Accordingly, Defendants have waived their right to interpose objections to Plaintiffs' outstanding discovery requests, except those based on privilege, due to their failure to timely respond or seek an extension. Fed. R. Civ. P. 33(b)(2),(4) and Fed. R. Civ. P. 34(b)(2)(A); see also, *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009).

Please note that Plaintiffs' goal is to avoid motion practice directed to Defendants' tardy discovery responses; however, in view of the Court's already scheduled conference on November 14th, I believe it makes sense for the Parties to bring this matter to the Court's attention now so it may be addressed at the time of the conference. To that end, I ask that by close of business tomorrow, November 10, 2014, you either: (1) provide Defendants' responses to Plaintiffs' initial sets of Interrogatories and Requests for Production; or, if that is not possible, then (2) contact me by close of business so we may meet and confer telephonically as required by L. Civ. R. 37.3(a). In the event I do not hear from you tomorrow, then I will proceed to bring this dispute to the Court's attention.

Thanks Arthur. I look forward to hearing from you.

Very truly yours,

Andrew T. Thomasson, Esq.
**THOMASSON LAW, LLC**
101 Hudson Street, 21st Floor

Jersey City, NJ 07302
Telephone:  (201) 479-9969
Direct Dial: (973) 665-2056
Facsimile:  (855) 479-9969

---

*Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.*

---

**From:** Andrew Thomasson
**Sent:** Tuesday, October 28, 2014 8:11 PM
**To:** 'Arthur Sanders'; akleinman@kleinmanllc.com; 'Joseph Mauro'; brian@bromberglawoffice.com
**Subject:** RE: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

Arthur,

Thanks for sending us your clients' responses to the Requests for Admissions. Obviously, the Plaintiffs would like to have Defendants remaining discovery responses in advance of the upcoming settlement conference (or conference to schedule a conference). To that end, would it be helpful to your clients if Plaintiffs limited (for now) the remaining discovery requests to only those pertinent items of information needed for the Parties to have a meaningful settlement discussion? I believe the Parties taking this tact might help make things far more efficient, save you a lot of time, and, importantly, save your client some money as well.

Please note that I have not spoken with my co-counsels about my suggestion, but thought would instead I would open it up for discussion with everyone via e-mail given that I am traveling the better part of this week and may be hard to reach. Comments anyone?

Thanks Arthur.

Very truly yours,

Andrew T. Thomasson, Esq.
**THOMASSON LAW, LLC**
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone:  (201) 479-9969
Direct Dial: (973) 665-2056
Facsimile:  (855) 479-9969

---

*Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.*

---

**From:** Arthur Sanders [mailto:asanders@bn-lawyers.com]
**Sent:** Monday, October 27, 2014 11:43 AM
**To:** Andrew Thomasson; akleinman@kleinmanllc.com; 'Joseph Mauro'; brian@bromberglawoffice.com
**Subject:** FW: BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

Gentlemen:
Enclosed herewith are defendants' responses to your requests for admissions.   We are continuing to work on responses to the remaining discovery demands.

BARRON AND NEWBURGER, P.C.
Arthur Sanders, Esq.
30 South Main Street
New City, N.Y. 10956
845-499-2990
Fax: 845-499-2992
Cell: 845-548-2213
Email:  asanders@bn-lawyers.com


PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY
ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY
THE RECIPIENT, FOR THE PUJRPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED.

THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK
PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL.  ANY DISSEMINATION, COPYING OR USE OF
THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS
UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR
SYSTEM IMMEDIATELY.


**From:** Catherine Wolter
**Sent:** Monday, October 27, 2014 11:36 AM
**To:** Arthur Sanders
**Subject:** BABCOCK & CAMPBELL HICKS v C TECH COLLECTIONS, ET AL

SEE ATTACHED

Catherine Wolter, Paralegal
Barron & Newburger, P.C.
30 South Main Street
New City, NY  10956
845-499-2990
cwolter@bn-lawyers.com


PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT
INTENDED OR WRITTEN TO BE USED, ANY MAY NOT BE USED BY THE RECIPIENT, FOR THE PURPOSES OF AVOIDING ANY FEDERAL
TAX PEANLTY WHICH MAY BE ASSERTED.

# EXHIBIT "D"

```
TO    :    ANDREW T THOMASSON, ESQ. - andrew@thomassonllc.com

           ABRAHAM KLEINMAN, ESQ. - akleinman@kleinmanllc.com

           BRIAN BROMBERG, ESQ. - brian@brianbromberg.com

           JOSEPH MARUO, ESQ.  - JoeMauroesq@hotmail.com

FROM  :    ARTHUR SANDERS

DATE  :    NOVEMBER 20, 2014

RE    :    BABCOCK v C.TECH COLLECTIONS, ET AL

           CAMPBELL-HICKS v C.TECH COLLECTIONS
```

Gentlemen:


Attached please find C.Tech's responses to plaintiff's first set of interrogatories.  Please indicate if you will need to receive the attached documentation in hard copy or whether you will accept it electronically.


My client is still working on its responses to document production. I am aware that the document production is due today, but I am requesting that you agree to an extension until November 26, 2014, as the client has encountered some technical challenges in responding fully to the document demands.


I believe that the interrogatory responses will serve as an useful starting point for settlement discussions.

# EXHIBIT "E"

**Andrew Thomasson**

| | |
|---|---|
| **From:** | Arthur Sanders <asanders@arthursanderslaw.com> |
| **Sent:** | Friday, December 05, 2014 8:03 AM |
| **To:** | Andrew Thomasson |
| **Cc:** | 'ABRAHAM KLEINMAN'; 'Brian L. Bromberg'; 'Joseph Mauro' |
| **Subject:** | RE: Babcock v. C.Tech Collection - Past Due Discovery |

Gentlemen:

I will be in depositions all day today and Monday.  I can do a meet and confer on Tuesday, December 9th but I am certain that you now have sufficient documentation to begin substantive discussions regarding settlement of this matter.

BARRON AND NEWBURGER, P.C.
Arthur Sanders, Esq.
30 South Main Street
New City, N.Y. 10956
845-499-2990
Fax: 845-499-2992
Cell: 845-548-2213
Email:  asanders@bn-lawyers.com

PURSUANT TO DEPARTMENT OF TREASURY CIRCULAR 230, THIS ELECTRONIC MAIL AND ANY ATTACHMENT HERETO, IS NOT INTENDED OR WRITTEN TO BE USED, AND MAY NOT BE USED BY THE RECIPIENT, FOR THE PUJRPOSES OF AVOIDING ANY FEDERAL TAX PENALTY WHICH MAY BE ASSERTED.

THIS ELECTRONIC MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR OTHERWISE BE CONFIDENTIAL.  ANY DISSEMINATION, COPYING OR USE OF THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY.

**From:** Andrew Thomasson [mailto:andrew@thomassonllc.com]
**Sent:** Thursday, December 4, 2014 11:24 PM
**To:** Arthur Sanders (asanders@arthursanderslaw.com)
**Cc:** ABRAHAM KLEINMAN; Brian L. Bromberg; Joseph Mauro
**Subject:** Babcock v. C.Tech Collection - Past Due Discovery

Arthur,

I'm just following up on the status and whereabouts of the individual Defendants' discovery responses, which were due by November 25, 2014. To date, we have not received the responses. Please forward us the responses by 2:00 p.m. tomorrow afternoon.

Also, there were a number of deficiencies with respect to C.Tech's discovery responses. Accordingly, could you please let me know your availability to meet and confer telephonically next week? I would like to see if we can resolve these issues prior to the next scheduled conference with the Court on December 12, 2014.

Very truly yours,

Andrew T. Thomasson, Esq.
**THOMASSON LAW, LLC**
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone:  (201) 479-9969
Direct Dial: (973) 665-2056
Facsimile:   (855) 479-9969

---

*Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.*

---