UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| JENNIFER BABCOCK, et al., | PRELIMINARY APPROVAL ORDER |
| Plaintiffs, | |
| - against - | 1:14-CV-3124 (MDG) |
| C. TECH COLLECTIONS, INC., a New York Corporation, et al., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| LINDA CAMPBELL-HICKS, et al., | |
| Plaintiffs, | |
| - against - | 2:14-CV-3576 (MDG) |
| C. TECH COLLECTIONS, INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    The above-entitled matter came before the Court on the parties' Joint Motion for Preliminary Approval of the Class Settlement Agreement (ct. doc. 30) and a hearing on the motion held on July 23, 2015. The parties then filed additional documents, including a revised Settlement Agreement and Class Notice (ct. docs. 32-1, 32-2), which at the Court's direction, revised earlier filings (ct. docs. 31-1, 31-2). After consideration of the submissions and prior proceedings herein, including settlement conferences held before the undersigned,

this Court grants the motion based on the following findings and conclusions of law.

I. <u>Provisional Certification of the Proposed Rule 23 Settlement Class</u>

A. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class") of those individuals who meet the following definition:

> (1) All consumers to whom Defendants mailed a written communication in connection with an attempt to collect a debt, which included a statement that a "$3.00 convenience fee will be added for credit card payments," regardless of whether such fee was paid or not, during a period beginning May 19, 2013, and ending June 9, 2014 ("Class #1"); and
>
> (2) All consumers to whom Defendants mailed a written communication in connection with an attempt to collect a debt, which included a statement that a "$3.00 convenience fee will be added for credit card payments," and who paid such a fee, during a period beginning May 19, 2011, and ending June 9, 2014 ("Class #2").

B. The Court finds for purposes of the motion that Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3) as follows.

C. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 66,891 Class Members in Class #1 and 10,246 Class Members in Class #2. Therefore, joinder is impracticable. See <u>Consol. Rail. Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1995).

D. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2), the commonality requirement, because Plaintiffs and the Class Members share common issues of fact and law, including whether the

boilerplate collection letters sent to them were false, misleading and deceptive debt collection practices which violated the Fair Debt Collection Practices Act ("FDCPA").

E.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3), because plaintiff's claims arise from the same factual and legal circumstances that form the bases of the class members' claims. See Prasker v. Asis Five Eight LLC, 2010 WL 476009, at *2 (S.D.N.Y. Jan. 6, 2010).

F.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because plaintiffs' interests are not antagonistic or at odds with class members. See Diaz v. Eastern Locating Servs., Inc., 2010 WL 2945556, at *2 (S.D.N.Y. July 22, 2010); Prasker, 2010 WL 476009, at *2.  Plaintiffs Jennifer Babcock and Linda Campbell-Hicks are therefore appointed as Settlement Class Representatives.

G.  Plaintiffs also satisfy Rule 23(b)(3).  Common factual allegations that Defendants sent Class Members boilerplate letters containing identical language and a common legal theory predominate over any factual or legal variations among class members.  See Diaz, 2010 WL 2945556, at *2; Prakser, 2010 WL 476009, at *2.  Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. See Diaz, 2010 WL 2945556, at *2.

II. <u>Preliminary Approval of Settlement</u>

    A. Based upon the Court's review of the parties' Joint Motion for Preliminary Approval, the Declarations of Andrew T. Thomasson, Abraham Kleinman, Brian L. Bromberg and Joseph Maruo, and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release, docketed as ct. doc. 32-1.

    B. Under the terms of the Settlement proposed, the defendants will establish a fund totaling $90,726.00. From the total settlement fund, the named plaintiffs will each receive a payment of $1,000.00 for their individual claims under the FDCPA, plus an additional payment of up to $3,500.00 subject to court approval for their service to the class members; plaintiff Babcock will receive an additional $153.00 for her claims brought under New York General Business Law § 349 for actual damages sustained. From the total settlement fund, $69,573.00 will be made available for Class #2. Each member of Class #2 who timely submits a claim form will receive a check for the $3.00 fee each paid to defendants. Any unclaimed portion of the $69,573.00 fund for Class #2 and any disallowed service award to the plaintiffs will be added to the $12,000.00 fund for Class #1. Each member of Class #1 and each member of Class #2 who timely submits a claim form is also entitled to a <u>pro rata</u> portion of the $12,000.00, plus any unclaimed portion of the funds for Class #2 and any disallowed service award. To the extent that there are

any funds from un-cashed, expired settlement checks, those funds will be paid over to a <u>cy</u> <u>pres</u> award to be distributed to the National Consumer Law Center.

    C. For purposes of this motion, the Court concludes that the Settlement proposed is within the range of possible, reasonable settlements, such that notice to the Class is appropriate. <u>See</u> <u>In re Traffic Exec. Ass'n</u>, 627 F.2d 631, 634 (2d Cir. 1980). However, as noted at the hearing, the Court is concerned with the proposed "service payment" to the class representatives. The Court is not aware of any personal risk incurred by plaintiffs on behalf of the class or a significant expenditure of time and effort expended by plaintiffs in prosecuting the case, which would justify such a disproportionate award compared to the class members. <u>See</u> <u>Torres v. Toback, Bernstein & Weiss, LLP</u>, 2014 WL 1330957, at *3 (E.D.N.Y. 2014) (expressing concern over "disproportionate" award of $8,500 compared to class member receiving $60 each). As reflected in the revised Settlement Agreement and Class Notice, the Court will determine the amount of an appropriate service award at the Fairness Hearing.

    D. The Court finds from personal observations at numerous settlement conferences with the parties that the Settlement Agreement was reached after extensive, arm's length negotiations by counsel experienced in consumer class actions and is not the product of collusive efforts.

III. <u>Appointment of Plaintiffs' Counsel as Class Counsel</u>

    A.   The Court appoints Andrew T. Thomasson, Abraham Kleinman, Brian L. Bromberg and Joseph Maruo as Class Counsel because they meet the requirements of Federal Rule of Civil Procedure 23(g). See <u>Damassia v. Duane Reade, Inc.</u>, 250 F.R.D. 152, 165 (S.D.N.Y. 2008).

    B.   Class Counsel spent significant time and did substantial work identifying, investigating, and settling Plaintiffs' and the Class Members' claims.

    C.   Class Counsel has substantial experience litigating consumer class actions.

    D.   The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the Class and to representing the Class' interests.

IV. <u>Class Notice</u>

    A.   The Court approves the Revised Proposed Class Notice which is filed as ct. doc. 32-2 and directs its distribution to the Class, subject to the following modification. Under Question 6, the second paragraph should provide as follows:

> **Class #1:** Out of the Settlement Fund $12,000 shall be immediately designated to be distributed pro rata to any class members who received C. Tech's collection letter, regardless of whether the "$3.00 convenience fee" requested in the letter was paid or not ("Statutory Damage Fund"). This amount may be increased by the funds described below.

    B.   Pursuant to Rule 23(c)(2)(B), a notice must provide

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

    C.   The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.  See In re Michael Milken & Assocs. Sec. Litig., 150 F.R.D. 57, 60 (S.D.N.Y. 1993).  The Notice of Settlement describes the terms of the settlement, informs the Class about attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

    D.   The Court finds that the first class mailing of the proposed form of Settlement Class Notice in the manner set forth herein, and in the Settlement Agreement, is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

V.   Class Action Settlement Procedure

   A.   The Court hereby sets the following settlement procedure:

   1.   Defendants must provide the Claims Administrator selected by the parties, in electronic form, with the names, social security numbers and last known addresses of all Class Members within 10 days of this Order;

   2.   Class Counsel must mail, via first class mail, postage prepaid, the Class Notice to Class Members using the last known address as recorded in Defendant's records by August 20, 2015;

   3.   Class Members will have until October 20, 2015 to submit claim forms, request exclusion or object to the settlement.  All Eligible Individuals who sign and return a claim form by October 20, 2015 shall be included in the Settlement Class and shall be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class.  All Eligible Individuals who do not timely return a signed claim form shall not be entitled to any of the relief described in the Settlement Agreement but are bound by the terms of the Settlement Agreement.  All Eligible Individuals who request exclusion from the Settlement will not be bound by the terms of the Settlement and will not be entitled to its benefits. Only Settlement Class members can formally object to the terms of the settlement.

4. Plaintiffs must file a motion for final approval of the settlement and any application by Class Counsel for attorneys' fees or reimbursement of expenses by November 10, 2015. Such submissions shall include a discussion of the <u>Grinnell</u> factors, including the substantive fairness of the settlement and adequacy of counsel to represent the plaintiff class. <u>See</u> <u>City of Detriot v. Grinnell Corp.</u>, 495 F.2d 448, 463 (2d Cir. 1974). The Motion must also include a list of the names and addresses of the Class Members who have filed claim forms and objectors, together with any response Plaintiffs have received from the objectors;

5. The Court will hold a fairness hearing on November 17, 2014 at 11:00 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, Courtroom 11C.

Dated: Brooklyn, New York
July 24, 2015

                                                                          /s/
                                                  MARILYN DOLAN GO
                                                  UNITED STATES MAGISTRATE JUDGE