Andrew T. Thomasson
Philip D. Stern*

*Also Admitted in D.C.

# STERN • THOMASSON
*A Limited Liability Partnership*
2816 Morris Avenue, Suite 30
Union, NJ 07083-4870
(973) 379-7500

WRITER'S DIRECT DIAL:
(973) 665-2056   telephone
(855) 479-9969   facsimile

WRITER'S E-MAIL:
andrew@sternthomasson.com

November 24, 2015

Honorable Marilyn D. Go, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, NY 11201

> **Re:** **Babcock vs. C.Tech Collections, Inc., et al.**
> E.D.N.Y. Case No. 1:14-cv-03124-MDG

Dear Judge Go,

I am co-counsel of record for Plaintiff, Jennifer Babcock, and was previously appointed by the Court to serve as Class Counsel. As the Court is aware, on November 10, 2015, Plaintiff Babcock timely filed her Motion for Final Approval and for an Award of Her Attorneys' Fees and Costs. [Doc. 40]. Accordingly, I write pursuant to the Court's directive given at the fairness hearing for, *inter alia*, Plaintiff Babcock to supplement her motion with attorney billing records. [*See* 11/19/2015 Minute Entry].

## Thomasson Billing Supplement

Attached hereto as *Exhibit A* is a true and correct copy of my firm's Staff Activity Report, which reflects my contemporaneous billing and work entries. I would like to inform the Court that I am presently on vacation with my family for the Thanksgiving holiday and, for reasons unknown to me, my litigation software will not permit me to open my firm's "invoice" for this case even though one is generated in the system. The Staff Activity Report attached as *Exhibit A* does in fact reflect my contemporaneous billing entries and work activities; however, the entries are not in chronological order, they reflect my New Jersey court-approved hourly rate of $350.00 (instead of the $300.00 hourly rate I seek here), it does not reflect my firm's costs/expenses, and it does not contain the full detail for each entry that would otherwise be found in the invoice. **I therefore beg the Court's indulgence to permit me to contact the software vendor to resolve this issue and resubmit a full invoice for the Court's consideration (if needed)**.

For the Court's convenience, my professional experience, hourly rates, and a summary of the extensive work I have personally performed in this case, is all detailed in my previously submitted Declaration in Support of Final Approval. [Doc. 40-3]. I believe the Court's own docket for both cases reflects the high level of involvement by mine and Mr. Kleinman's firms in this case. Indeed, nearly every letter, motion, and other filing (including discovery) was drafted, filed, and served by my law firm. My firm was also solely responsible for handling the entire class administration aspect, as well as the motions for preliminary and final approval. Attached as *Exhibit B* is the one motion I prepared which cannot be found on the Court's docket—a Motion

Hon. Marilyn D. Go, U.S.M.J.
*Babcock vs. C.Tech Collections, Inc., et al.*
November 24, 2015
Page 2

for Class Certification or, in the Alternative, for Interim Appointment of Class Counsel—which I served Defendants with on June 19, 2015. [Doc 11]. I also drafted all of the discovery served in both cases, which was extensive, but never filed with the Court.

### Kleinman Billings, Ms. Babcock's Incentive Award, and Class Member Sophia Morgan

For the Court's convenience, I have attached as ***Exhibit C*** a letter from Mr. Kleinman, which includes his supplemental billing records, addresses Ms. Babcock's requested incentive award, and his attempts to communicate with Class Member, Sophia Morgan (who appeared at the fairness hearing) as instructed by the Court [*See* 11/19/2015 Minute Entry].

On behalf of Ms. Babcock, I thank Your Honor for the Court's continued attention and courtesies in this matter.

Respectfully submitted,

Andrew T. Thomasson
*Via ECF Filing*

*Encl:stated*

cc:     All Counsel of Record *via ECF Filing Only*

# EXHIBIT "A"

Stern•Thomasson LLP

## Staff Activity

This report encompasses all known cases

Run Date: Nov 24, 2015 10:27 PM

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Mon Feb 16 2015<br>Closed: Mon Feb 16 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Bromberg re Issues to Discuss with Court During Telephone Conference | Phone Call | Start: Tue Feb 17 2015<br>Closed: Tue Feb 17 2015 | 0.5 hrs | $ 125.00 |
| | Read email: Message from BROMBERG LAW (2122487906) | Read Email | Start: Thu Jul 31 2014<br>Closed: Thu Jul 31 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: C.Tech Collections - Draft Protective Order | Compose Email | Start: Thu Jul 31 2014<br>Closed: Thu Jul 31 2014 | 0.1 hrs | $ 35.00 |
| | E-Mail from Bromberg re Meeting to Discuss Issues for Rule 16 Conference | Read Email | Start: Wed Jul 30 2014<br>Closed: Wed Jul 30 2014 | 0.1 hrs | $ 20.00 |
| | Conference with Bromberg and Mauro re Issues to Address at Rule 16 Conference | Meeting | Start: Wed Jul 30 2014<br>Closed: Wed Jul 30 2014 | 0.3 hrs | $ 60.00 |
| | Proposed Stipulated Protective Order | Document Composition | Start: Mon Jul 28 2014<br>Closed: Mon Jul 28 2014 | 2.1 hrs | $ 420.00 |
| | Compose email: Emailing: 2014.07.18.Ctech.Initial Conference Questionnaire | Compose Email | Start: Thu Jul 31 2014<br>Closed: Thu Jul 31 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Emailing: 2014.01.04.Ctech-Babcock.collection ltr_Redacted | Compose Email | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.1 hrs | $ 35.00 |
| | E-Mails from Bromberg re Draft Protective Order and Voicemail Message | Read Email | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.1 hrs | $ 20.00 |
| | Read email: RE: C.Tech Collections - Draft Protective Order | Read Email | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.3 hrs | $ 105.00 |
| | E-Mail from Bromberg to Sanders re Draft Protective Order | Read Email | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Bromberg and Mauro re Kleinman Changed Position re Consolidation of Cases | Phone Call | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.3 hrs | $ 60.00 |
| | Conference to Kleinman re Outcome of Initial Conference and Tasks | Meeting | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.5 hrs | $ 100.00 |
| | Telephone Conference to Sanders re Outcome of Initial Conference | Discussion With Opposing Party | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.2 hrs | $ 40.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Fri Aug 01 2014<br>Closed: Fri Aug 01 2014 | 0.1 hrs | $ 35.00 |
| | Read email: C. Tech Cases | Read Email | Start: Tue Aug 05 2014<br>Closed: Tue Aug 05 2014 | 0.1 hrs | $ 35.00 |

Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014

| | | | | | |
|---|---|---|---|---|---|
| | Compose email: RE: STIPULATED PROTECTIVE ORDER | Compose Email | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.3 hrs | $ 105.00 |
| | Read email: RE: STIPULATED PROTECTIVE ORDER | Read Email | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Bromberg and Mauro re Coordination of Discovery Efforts and Filing of Protective Order | Meeting | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.5 hrs | $ 100.00 |
| | Stipulated Protective Order | Filings - Case Related | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.2 hrs | $ 40.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion for | Read Email | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Protective Order Filed | Compose Email | Start: Tue Aug 05 2014 Closed: Tue Aug 05 2014 | 0.1 hrs | $ 35.00 |
| | Read email: FW: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion for | Read Email | Start: Wed Aug 06 2014 Closed: Wed Aug 06 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Campbell-Hicks v. C.Tech -- Emailing: 012 -- Proposed Stipulated Protective Order | Read Email | Start: Wed Aug 06 2014 Closed: Wed Aug 06 2014 | 0.1 hrs | $ 35.00 |
| | Plaintiffs' First Sets of Consolidated Written Discovery Requests Directed to Defendant, C.Tech Collections, Inc. | Document Composition | Start: Fri Sep 19 2014 Closed: Fri Sep 19 2014 | 1.6 hrs | $ 320.00 |
| | Plaintiffs' Consolidated Written Discovery Requests Directed to Defendant, C.Tech Collections, Inc. | Document Composition | Start: Sat Sep 20 2014 Closed: Sat Sep 20 2014 | 6.5 hrs | $ 1,300.00 |
| | Plaintiff's Initial Sets of Written Discovery Directed to Defendants, Michels, Argent, and Marchiano | Document Composition | Start: Sun Sep 21 2014 Closed: Sun Sep 21 2014 | 4.5 hrs | $ 900.00 |
| | Compose email: Re: Babcock-Campbell hicks | Compose Email | Start: Sat Sep 20 2014 Closed: Sat Sep 20 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: Re: C. Tech Cases | Compose Email | Start: Sun Aug 17 2014 Closed: Sun Aug 17 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: Re: C. Tech Cases | Compose Email | Start: Wed Jul 30 2014 Closed: Wed Jul 30 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: Babcock v. Ctech - Discovery to Be Served Consolidated discovery individual discovery | Compose Email | Start: Sun Sep 21 2014 Closed: Sun Sep 21 2014 | 0.5 hrs | $ 175.00 |
| | Read email: Re: Babcock v. Ctech - Discovery to Be Served | Read Email | Start: Mon Sep 22 2014 Closed: Mon Sep 22 2014 | 0.2 hrs | $ 70.00 |
| | Conference from Mauro re Draft Interrogatories to C-Tech and Suggested Revisions to Same | Phone Call | Start: Mon Sep 22 2014 Closed: Mon Sep 22 2014 | 0.2 hrs | $ 40.00 |
| | Redline of First Set of Interrogatories Directed to Defendant C-Tech | Document Review | Start: Mon Sep 22 2014 Closed: Mon Sep 22 2014 | 0.3 hrs | $ 60.00 |
| | Compose email: RE: Babcock v. C.Tech - Discovery to Individual Defendants discovery to be served | Compose Email | Start: Mon Sep 22 2014 Closed: Mon Sep 22 2014 | 0.2 hrs | $ 70.00 |

Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Compose email: RE: Babcock and Campbell-Hicks  v. C-Tech | Compose Email | Start: Tue Sep 23 2014<br>Closed: Tue Sep 23 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: Babcock v. CTech Collection -- Plaintiff's Discovery to Individuals | Compose Email | Start: Fri Sep 26 2014<br>Closed: Fri Sep 26 2014 | 0.1 hrs | $ 35.00 |
| | Finalized All Sets of Plaintiff's Initial Written Discovery Directed to Individual Defendants | Document Composition | Start: Fri Sep 26 2014<br>Closed: Fri Sep 26 2014 | 1.6 hrs | $ 320.00 |
| | Read email: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Order on | Read Email | Start: Thu May 29 2014<br>Closed: Thu May 29 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Motion for | Read Email | Start: Thu May 29 2014<br>Closed: Thu May 29 2014 | 0.1 hrs | $ 35.00 |
| | Read email: FW: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Answer to | Read Email | Start: Fri Jun 27 2014<br>Closed: Fri Jun 27 2014 | 0.1 hrs | $ 35.00 |
| | Read email: FW: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Corporate | Read Email | Start: Fri Jun 27 2014<br>Closed: Fri Jun 27 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Order on Motion | Read Email | Start: Mon Aug 11 2014<br>Closed: Mon Aug 11 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Fwd: True copies of C.techbill, letter of C.tech violations, and withdrawal of C.tech from billing | Read Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.1 hrs | $ 35.00 |
| | Read email: HINES v C TECH | Read Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.1 hrs | $ 35.00 |
| | Minute Entry for Initial Conference and Court's Scheduling Order | Filings - Case Related | Start: Tue Aug 05 2014<br>Closed: Tue Aug 05 2014 | 0.3 hrs | $ 75.00 |
| | Deadline to Amend Pleadings and Join Parties | Filings - Case Related | Start: Mon Feb 02 2015<br>Closed: Mon Feb 02 2015 | 0.5 hrs | $ 0.00 |
| | Deadline - Class Discovery End Date | Document Preparation | Start: Mon Feb 02 2015<br>Closed: Mon Feb 02 2015 | 0.5 hrs | $ 0.00 |
| | Deadline - Fact Discovery End Date | Research | Start: Fri May 01 2015<br>Closed: Fri May 01 2015 | 0.5 hrs | $ 0.00 |
| | Deadline - Expert Disclosures | Document Preparation | Start: Tue Jun 16 2015<br>Closed: Tue Jun 16 2015 | 0.5 hrs | $ 0.00 |
| | Deadline - Expert Discovery | Document Preparation | Start: Mon Aug 17 2015<br>Closed: Mon Aug 17 2015 | 0.5 hrs | $ 0.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Initial Conference | Read Email | Start: Wed Oct 22 2014<br>Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Consent to | Read Email | Start: Wed Oct 22 2014<br>Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Order | Read Email | Start: Wed Oct 22 2014<br>Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |

Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson** *Partner* | | | | | |
| | **Ctech - Babcock 2542-523    Matter Start: Tue Jan 14 2014** | | | | |
| | Defendants' Corporate Disclosures | Filings - Case Related | Start: Fri Jun 27 2014 Closed: Fri Jun 27 2014 | 0.1 hrs | $ 25.00 |
| | Read email: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Corporate | Read Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Answer to | Read Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Review Defendants' Answer to Complaint | Filings - Case Related | Start: Fri Jun 27 2014 Closed: Fri Jun 27 2014 | 1.1 hrs | $ 275.00 |
| | Read email: BABCOCK v C TECH - DECLARATION | Read Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Defendants' Rule 26 Initial Disclosures | Document Review | Start: Fri Aug 08 2014 Closed: Fri Aug 08 2014 | 0.6 hrs | $ 150.00 |
| | Compose email: RE: Babcock v. C.Tech - Status Report Due | Compose Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.2 hrs | $ 70.00 |
| | Conference from Sanders re Draft Status Letter to Court | Discussion With Opposing Party | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.2 hrs | $ 50.00 |
| | Letter to Court re Case Status and Parties' Views on Utility of Settlement Conference | Document Composition | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.4 hrs | $ 100.00 |
| | Conference with Co-Counsel re Campbell-Hicks Views on Settlement Conference | Meeting | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.3 hrs | $ 75.00 |
| | Joint Letter to Court re Case Status and Request for Settlement Conference | Document Preparation | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.2 hrs | $ 50.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C.Tech - Status Report Due | Read Email | Start: Wed Oct 22 2014 Closed: Wed Oct 22 2014 | 0.3 hrs | $ 105.00 |
| | Compose email: RE: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling | Compose Email | Start: Thu Oct 23 2014 Closed: Thu Oct 23 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Thu Oct 23 2014 Closed: Thu Oct 23 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: BABCOCK CAMPBELL HICKS v C TECH COLLECTIONS, ET AL | Compose Email | Start: Tue Oct 28 2014 Closed: Tue Oct 28 2014 | 0.2 hrs | $ 70.00 |
| | Defendants' Responses to Plaintiffs' First Sets of Requests for Admission | Document Review | Start: Tue Oct 28 2014 Closed: Tue Oct 28 2014 | 1.6 hrs | $ 400.00 |
| | Compose email: RE: BABCOCK CAMPBELL HICKS v C TECH COLLECTIONS, ET AL | Compose Email | Start: Sun Nov 09 2014 Closed: Sun Nov 09 2014 | 0.3 hrs | $ 105.00 |
| | Compose email: RE: BABCOCK CAMPBELL HICKS v C TECH COLLECTIONS, ET AL - Discovery | Compose Email | Start: Sun Nov 09 2014 Closed: Sun Nov 09 2014 | 0.5 hrs | $ 175.00 |

Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson** *Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Read email: RE: BABCOCK CAMPBELL HICKS v C TECH COLLECTIONS, ET AL - Discovery | Read Email | Start: Mon Nov 10 2014 Closed: Mon Nov 10 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: BABCOCK CAMPBELL HICKS v C TECH COLLECTIONS, ET AL - Discovery | Compose Email | Start: Mon Nov 10 2014 Closed: Mon Nov 10 2014 | 0.3 hrs | $ 105.00 |
| | Compose email: RE: Babcock:  Please Supply Call In Number | Compose Email | Start: Tue Nov 11 2014 Closed: Tue Nov 11 2014 | 0.1 hrs | $ 35.00 |
| | Conference with All Counsel re Discovery Dispute and Upcoming Settlement Conference | Discussion With Opposing Party | Start: Tue Nov 11 2014 Closed: Tue Nov 11 2014 | 0.5 hrs | $ 125.00 |
| | Preparation for Telephone Status Conference | Court Hearing-Conference | Start: Fri Nov 14 2014 Closed: Fri Nov 14 2014 | 0.2 hrs | $ 50.00 |
| | Telephone Status Conference | Court Hearing-Conference | Start: Fri Nov 14 2014 Closed: Fri Nov 14 2014 | 0.4 hrs | $ 100.00 |
| | Read email: RE: Babcock/Campbell-Hicks v. C.Tech - Deadline to Join and Amend | Read Email | Start: Mon Nov 17 2014 Closed: Mon Nov 17 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: RE: Babcock/Campbell-Hicks v. C.Tech - Deadline to Join and Amend | Compose Email | Start: Mon Nov 17 2014 Closed: Mon Nov 17 2014 | 0.2 hrs | $ 70.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Tue Nov 18 2014 Closed: Tue Nov 18 2014 | 0.1 hrs | $ 35.00 |
| | Minute Entry for Settlement Conference | Filings - Case Related | Start: Tue Nov 18 2014 Closed: Tue Nov 18 2014 | 0.2 hrs | $ 50.00 |
| | Letter Motion for Extension of Deadline to Amend Pleadings and Join Parties | Document Composition | Start: Tue Nov 18 2014 Closed: Tue Nov 18 2014 | 0.3 hrs | $ 75.00 |
| | Compose email: RE: Babcock/Campbell-Hicks v. C.Tech - Extension Request | Compose Email | Start: Tue Nov 18 2014 Closed: Tue Nov 18 2014 | 0.2 hrs | $ 70.00 |
| | Revised Letter Motion to to amend and/or join other parties | Document Composition | Start: Wed Nov 19 2014 Closed: Wed Nov 19 2014 | 0.2 hrs | $ 50.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion for | Read Email | Start: Wed Nov 19 2014 Closed: Wed Nov 19 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Order on Motion | Read Email | Start: Thu Nov 20 2014 Closed: Thu Nov 20 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Fri Dec 05 2014 Closed: Fri Dec 05 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion to Compel | Read Email | Start: Fri Dec 05 2014 Closed: Fri Dec 05 2014 | 0.1 hrs | $ 35.00 |
| | Motion to Compel Individual Defendants' Responses to Initial Sets of Written Discovery | Document Composition | Start: Fri Dec 05 2014 Closed: Fri Dec 05 2014 | 2.6 hrs | $ 650.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion to Compel | Read Email | Start: Sat Dec 06 2014 Closed: Sat Dec 06 2014 | 0.1 hrs | $ 35.00 |

## Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Compose email: Babcock v. C.Tech - Designation of Confidential Material | Compose Email | Start: Sun Dec 07 2014 Closed: Sun Dec 07 2014 | 0.1 hrs | $ 35.00 |
| | E-mailed Memo from Sanders and C.Tech Responses and Objections to Plaintiffs' First Set of Interrogatories | Document Review | Start: Thu Nov 20 2014 Closed: Fri Nov 21 2014 | 1.8 hrs | $ 450.00 |
| | E-Mails from Catherine via Dropbox re Ctech Responses and Objections to Plaintiffs' First Set of Requests for | Read Email | Start: Tue Nov 25 2014 Closed: Wed Nov 26 2014 | 0.5 hrs | $ 125.00 |
| | Ctech Responses and Objections to Plaintiffs' First Set of Requests for Production | Document Review | Start: Thu Nov 27 2014 Closed: Thu Nov 27 2014 | 1.2 hrs | $ 300.00 |
| | Ctech Responses and Objections to Plaintiffs' First Set of Requests for Production | Document Review | Start: Sat Dec 06 2014 Closed: Sat Dec 06 2014 | 2.4 hrs | $ 600.00 |
| | Letter to All Counsel re Plaintiff Babcock's Designation of Ctech Production Exhibits as Confidential | Document Composition | Start: Sun Dec 07 2014 Closed: Sun Dec 07 2014 | 0.6 hrs | $ 150.00 |
| | Compose email: Emailing: 2014.12.09.Ctech-Babcock.ltr.Court re Settlement Statement | Compose Email | Start: Tue Dec 09 2014 Closed: Tue Dec 09 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Confidential Settlement Statement | Compose Email | Start: Tue Dec 09 2014 Closed: Tue Dec 09 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Co-Counsel re Draft of Plaintiff's Confidential Settlement Statement | Meeting | Start: Tue Dec 09 2014 Closed: Tue Dec 09 2014 | 0.4 hrs | $ 100.00 |
| | Final Draft of Plaintiff's Confidential Settlement Statement | Document Review | Start: Tue Dec 09 2014 Closed: Tue Dec 09 2014 | 0.5 hrs | $ 125.00 |
| | E-Mail to Court re FConfidential Settlement Statement | Compose Email | Start: Tue Dec 09 2014 Closed: Tue Dec 09 2014 | 0.2 hrs | $ 50.00 |
| | Conference from Bromberg and Mauro re Upcoming Telephone Conference with Court | Phone Call | Start: Wed Dec 10 2014 Closed: Wed Dec 10 2014 | 0.2 hrs | $ 50.00 |
| | Defendants' Opposition to Motion to Compel Individual Defendants' Discovery Responses | Filings - Case Related | Start: Wed Dec 10 2014 Closed: Wed Dec 10 2014 | 0.3 hrs | $ 75.00 |
| | Conference to Sanders re Defendants' Opposition to Motion to Compel and Settlement Issues | Discussion With Opposing Party | Start: Wed Dec 10 2014 Closed: Wed Dec 10 2014 | 0.9 hrs | $ 225.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Response in | Read Email | Start: Wed Dec 10 2014 Closed: Wed Dec 10 2014 | 0.1 hrs | $ 35.00 |
| | Read email: FW: ARE YOU AVAILABLE FOR A CONFERENCE CALL WITH THOMASSON and | Read Email | Start: Wed Dec 10 2014 Closed: Wed Dec 10 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Babcock/Hicks-Campbell -- Call-In Number? | Compose Email | Start: Thu Dec 11 2014 Closed: Thu Dec 11 2014 | 0.1 hrs | $ 35.00 |
| | Further Revisions to Redlined Memorandum of Understanding | Document Review | Start: Thu Dec 11 2014 Closed: Thu Dec 11 2014 | 0.8 hrs | $ 200.00 |
| | Read email: SEE PAGE 56 of POLICY | Read Email | Start: Thu Dec 11 2014 Closed: Thu Dec 11 2014 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014*** | | | | |
| | Preparation for Telephonic Settlement Conference with Court | Court Hearing-Conference | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.3 hrs | $ 75.00 |
| | Conference to Bromberg re Prior Conversation with Sanders re Settlement | Phone Call | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.1 hrs | $ 25.00 |
| | Telephonic Settlement Conference with Court | Court Hearing-Conference | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.8 hrs | $ 200.00 |
| | Conference from Mauro re Follow-Up on Telephonic Settlement Conference with Court | Phone Call | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.2 hrs | $ 50.00 |
| | Conference to Heffler Claims Group re Pricing on Class Administration | Phone Call | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.3 hrs | $ 75.00 |
| | Defendants' Liability Insurance Policy | Document Review | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 1.1 hrs | $ 275.00 |
| | Balance Sheets re Individual Defendants' Net Worth | Document Review | Start: Thu Dec 11 2014<br>Closed: Thu Dec 11 2014 | 0.3 hrs | $ 75.00 |
| | Read email: 349 - NEW YORK LAW JOURNAL COURTESY of BROMBERG | Read Email | Start: Fri Dec 12 2014<br>Closed: Fri Dec 12 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Bromberg and Mauro re Their Recent Conversation with Sanders | Phone Call | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.4 hrs | $ 100.00 |
| | Compose email: RE: FOR YOUR REVIEW -- Emailing: Babcock-Campbell-Hicks -- letter to Magistrate | Compose Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | Bromberg Draft Letter to Court re Joint Request to Adjourn Settlement Conference | Document Review | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 25.00 |
| | Compose email: C.Tech - Plaintiffs'' Draft Settlement Letter | Compose Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | Letter to Sanders Outlining Plaintiffs' Settlement Demand | Document Composition | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 4.5 hrs | $ 1,125.00 |
| | Conference to Bromberg re Draft Letter to Sanders Outlining Plaintiffs' Settlement Demand | Phone Call | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 25.00 |
| | Read email: FOR YOUR REVIEW -- Emailing: Babcock-Campbell-Hicks -- letter to Magistrate Judge Go re | Read Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | E-Mails Between Sanders and Co-Counsel re Joint Letter to Court for Adjournment of Settlement Conference | Read Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 25.00 |
| | Order Granting in Part and Denying Apart Motion to Adjourn Conference | Filings - Case Related | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.2 hrs | $ 50.00 |
| | Read email: Emailing: 2014 12 17 Ctech-Babcock ltr Sanders re Settlement -- with Bromberg Redlined | Read Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Emailing: 2014 12 17 Ctech-Babcock ltr Sanders re Settlement -- with Bromberg Redlined | Compose Email | Start: Wed Dec 17 2014<br>Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### _Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014_

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Compose email: Babcock/Campbell-Hicks v. C.Tech - Plaintiffs" Settlement Position | Compose Email | Start: Wed Dec 17 2014 Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | Campbell Hicks's Revisions to Draft Letter to Defendants Outlining Plaintiffs' Settlement Position | Document Review | Start: Wed Dec 17 2014 Closed: Wed Dec 17 2014 | 0.9 hrs | $ 225.00 |
| | Read email: Re: Sanders letter | Read Email | Start: Wed Dec 17 2014 Closed: Wed Dec 17 2014 | 0.1 hrs | $ 35.00 |
| | Read email: C.Tech Collections -- Seconds Sets of Discovery | Read Email | Start: Mon Dec 22 2014 Closed: Mon Dec 22 2014 | 0.3 hrs | $ 105.00 |
| | Compose email: FW: C.Tech Collections -- Seconds Sets of Discovery | Compose Email | Start: Sat Jan 01 4501 Closed: Sat Jan 01 4501 | 0.1 hrs | $ 0.00 |
| | Compose email: RE: My Contact Info | Compose Email | Start: Sat Jan 01 4501 Closed: Sat Jan 01 4501 | 0.2 hrs | $ 0.00 |
| | Compose email: RE: C.Tech Collections -- Seconds Sets of Discovery | Compose Email | Start: Mon Dec 22 2014 Closed: Mon Dec 22 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Sun Dec 28 2014 Closed: Sun Dec 28 2014 | 0.1 hrs | $ 35.00 |
| | Status Conference with Court | Court Hearing-Conference | Start: Thu Jan 08 2015 Closed: Thu Jan 08 2015 | 0.3 hrs | $ 75.00 |
| | Status Conference with Court | Court Hearing-Conference | Start: Thu Jan 08 2015 Closed: Thu Jan 08 2015 | 0.6 hrs | $ 150.00 |
| | Status Conference - C.Tech Collections Inc. | Court Hearing-Conference | Start: Thu Jan 15 2015 Closed: Thu Jan 15 2015 | 0.5 hrs | $ 0.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Fri Jan 09 2015 Closed: Fri Jan 09 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail from Sanders re Defendants' Class Settlement Counteroffer | Read Email | Start: Wed Jan 14 2015 Closed: Wed Jan 14 2015 | 0.4 hrs | $ 100.00 |
| | Conference with Sanders and Co-Counsel re Defendants' Class Settlement Counteroffer | Discussion With Opposing Party | Start: Wed Jan 14 2015 Closed: Wed Jan 14 2015 | 0.4 hrs | $ 100.00 |
| | Conference with Co-Counsel re Conference Call on Defendants' Class Settlement Counteroffer | Meeting | Start: Wed Jan 14 2015 Closed: Wed Jan 14 2015 | 0.2 hrs | $ 50.00 |
| | Read email: C Tech | Read Email | Start: Wed Jan 14 2015 Closed: Wed Jan 14 2015 | 0.1 hrs | $ 35.00 |
| | Read email: C Tech | Read Email | Start: Thu Jan 15 2015 Closed: Thu Jan 15 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Fri Jan 16 2015 Closed: Fri Jan 16 2015 | 0.1 hrs | $ 35.00 |
| | Conference to Co-Counsel re Conference from Bromberg and Mauro re Defendants' Counteroffer | Phone Call | Start: Wed Jan 14 2015 Closed: Thu Jan 15 2015 | 0.6 hrs | $ 150.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014*** | | | | |
| | Conference from Client re Defendants' Counteroffer | Discussion With Client | Start: Wed Jan 14 2015<br>Closed: Wed Jan 14 2015 | 0.4 hrs | $ 140.00 |
| | Conference from Bromberg re Follow-Up to Status Conference | Phone Call | Start: Thu Jan 15 2015<br>Closed: Thu Jan 15 2015 | 0.3 hrs | $ 75.00 |
| | Conference with Sanders, Bromberg, and Mauro re Follow-Up to Status Conference | Discussion With Opposing Party | Start: Fri Jan 16 2015<br>Closed: Fri Jan 16 2015 | 0.6 hrs | $ 150.00 |
| | Conference to Sanders re Status of Defendants' Position on Counterproposal and Adjourning | Discussion With Opposing Party | Start: Fri Jan 16 2015<br>Closed: Fri Jan 16 2015 | 0.4 hrs | $ 100.00 |
| | Conference from Sanders re His E-Mail Confirming Defendants' Consent to Parties' Revised Settlement Proposal | Discussion With Opposing Party | Start: Mon Jan 19 2015<br>Closed: Mon Jan 19 2015 | 0.3 hrs | $ 105.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Tue Jan 20 2015<br>Closed: Tue Jan 20 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Mon Feb 02 2015<br>Closed: Mon Feb 02 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion Hearing | Read Email | Start: Mon Feb 02 2015<br>Closed: Mon Feb 02 2015 | 0.1 hrs | $ 35.00 |
| | Read email: RE: BABCOCK v C TECH | Read Email | Start: Tue Jan 14 2014<br>Closed: Tue Jan 14 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Re: LexisNexis(R) C-Tech Collection Claim (1826:445163493) | Read Email | Start: Tue Jan 14 2014<br>Closed: Tue Jan 14 2014 | 0.2 hrs | $ 70.00 |
| | Compose email: RE: LexisNexis(R) C-Tech Collection Claim (1826:445163493) | Compose Email | Start: Wed Jan 15 2014<br>Closed: Wed Jan 15 2014 | 0.1 hrs | $ 35.00 |
| | Read email: Re: LexisNexis(R) C-Tech Collection Claim (1826:445163493) | Read Email | Start: Wed Jan 15 2014<br>Closed: Wed Jan 15 2014 | 0.2 hrs | $ 70.00 |
| | Read email: BABCOCK v C TECH | Read Email | Start: Wed Jan 15 2014<br>Closed: Wed Jan 15 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech Collections, Inc. | Compose Email | Start: Fri May 16 2014<br>Closed: Fri May 16 2014 | 0.6 hrs | $ 210.00 |
| | Compose email: Babcock v. Ctech - Documents for Filing | Compose Email | Start: Sat May 17 2014<br>Closed: Sat May 17 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Emailing: 2014.05.19.Ctech-Babcock.Complaint | Compose Email | Start: Mon May 19 2014<br>Closed: Mon May 19 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: BABCOCK v C TECH SUMMONSES | Compose Email | Start: Tue May 20 2014<br>Closed: Tue May 20 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Activity in Case 1:14-cv-03124-PKC-MDG Babcock v. C. Tech Collections Inc. et al Summons | Compose Email | Start: Tue May 20 2014<br>Closed: Tue May 20 2014 | 0.1 hrs | $ 35.00 |
| | Conference to Cynthia Michels re Kleinman Conversation and Case | Phone Call | Start: Thu May 22 2014<br>Closed: Thu May 22 2014 | 0.5 hrs | $ 100.00 |

## Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | E-Mail from Process Server re Executed Summonses and Invoice | Read Email | Start: Thu Jun 05 2014<br>Closed: Thu Jun 05 2014 | 0.1 hrs | $ 20.00 |
| | Affidavits of Service and Executed Summonses | Document Preparation | Start: Thu Jun 05 2014<br>Closed: Thu Jun 05 2014 | 0.6 hrs | $ 120.00 |
| | Compose email: RE: Request for New Service -- Babcock v. Ctech | Compose Email | Start: Mon Jun 09 2014<br>Closed: Mon Jun 09 2014 | 0.1 hrs | $ 35.00 |
| | Collection Letters Received from Putative Class Member | Document Review | Start: Mon Jun 09 2014<br>Closed: Mon Jun 09 2014 | 0.5 hrs | $ 100.00 |
| | Conference from Co-Counsel re Recent Contact from Sanders | Meeting | Start: Thu Jun 12 2014<br>Closed: Thu Jun 12 2014 | 0.2 hrs | $ 40.00 |
| | Conference to Hinshaw re Potential Ethics and Conflict of Interest Issues with Sanders as Defendants Counsel | Phone Call | Start: Thu Jun 12 2014<br>Closed: Thu Jun 12 2014 | 0.5 hrs | $ 100.00 |
| | E-Mails from Kleinman and Sanders re Notice of Appearance | Read Email | Start: Thu Jun 12 2014<br>Closed: Thu Jun 12 2014 | 0.1 hrs | $ 20.00 |
| | Conference from Scher re Potential Issues with Sanders Appearance | Phone Call | Start: Thu Jun 12 2014<br>Closed: Thu Jun 12 2014 | 0.2 hrs | $ 40.00 |
| | Compose email: RE: BABCOCK v C.TECH | Compose Email | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 35.00 |
| | E-Mail from Kleinman re Stipulation for Defendants Responsive Pleading | Read Email | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 20.00 |
| | E-Mail from Sanders re Stipulation for Defendants Responsive Pleading | Document Review | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 20.00 |
| | Second E-Mail from Sander re Stipulation for Defendants Responsive Pleading | Read Email | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.2 hrs | $ 40.00 |
| | ECF Notice re Sanders Notice of Appearance | Filings - Case Related | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 20.00 |
| | ECF Notice re Stipulation for Extension of Time | Filings - Case Related | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 20.00 |
| | ECF Notice re Order Granting Stipulation extending time of defendants to respond to the complaint | Filings - Case Related | Start: Wed Jun 18 2014<br>Closed: Wed Jun 18 2014 | 0.1 hrs | $ 20.00 |
| | Compose email: Babcock v. C.Tech Collections - Plaintiff''s Declaration | Compose Email | Start: Thu Jun 19 2014<br>Closed: Thu Jun 19 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: fdcpa gbl | Compose Email | Start: Thu Jun 19 2014<br>Closed: Thu Jun 19 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. Ctech - Copy of Motion | Compose Email | Start: Thu Jun 19 2014<br>Closed: Thu Jun 19 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Notice of Related Case | Compose Email | Start: Fri Jun 20 2014<br>Closed: Fri Jun 20 2014 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Compose email: Babcock v. C.Tech Collections - Class Cert Motion | Compose Email | Start: Mon Jun 23 2014 Closed: Mon Jun 23 2014 | 0.2 hrs | $ 70.00 |
| | Conference from Sanders re Defendants Willingness to Consent to Appointment of Interim Class Counsel | Discussion With Opposing Party | Start: Mon Jun 23 2014 Closed: Mon Jun 23 2014 | 0.4 hrs | $ 80.00 |
| | Compose email: FW: BABCOCK V. C. TECH COLLECTIONS INC | Compose Email | Start: Wed Jun 25 2014 Closed: Wed Jun 25 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Sanders re Plaintiffs Pending Motion for Class Certification | Discussion With Opposing Party | Start: Wed Jun 25 2014 Closed: Wed Jun 25 2014 | 0.1 hrs | $ 20.00 |
| | E-Mail from Sanders re Defendants Proposal re Plaintiffs Pending Motion for Class Certification | Read Email | Start: Wed Jun 25 2014 Closed: Wed Jun 25 2014 | 0.3 hrs | $ 60.00 |
| | Conference to Sanders re E-Mail Outlining Defendants Proposal re Plaintiffs Pending Motion for Class | Discussion With Opposing Party | Start: Wed Jun 25 2014 Closed: Wed Jun 25 2014 | 0.2 hrs | $ 40.00 |
| | Conference from Sanders re Agreement to Stay Motion for Class Certification | Discussion With Opposing Party | Start: Thu Jun 26 2014 Closed: Thu Jun 26 2014 | 0.3 hrs | $ 60.00 |
| | ECF Bounce and Order Setting Initial Conference | Filings - Case Related | Start: Wed Jul 02 2014 Closed: Wed Jul 02 2014 | 0.5 hrs | $ 100.00 |
| | Compose email: RE: BABCOCK V. C. TECH COLLECTIONS INC | Compose Email | Start: Mon Jul 07 2014 Closed: Mon Jul 07 2014 | 0.1 hrs | $ 35.00 |
| | E-Mail from Sanders re Defendants Proposal re Plaintiffs Motion for Class Certification or Alternatively | Read Email | Start: Mon Jul 07 2014 Closed: Mon Jul 07 2014 | 0.5 hrs | $ 100.00 |
| | Conference from Sanders re Status of Parties Understanding re Plaintiffs Motion for Class Certification | Discussion With Opposing Party | Start: Mon Jul 07 2014 Closed: Mon Jul 07 2014 | 0.2 hrs | $ 40.00 |
| | Letter to Sanders re Initial Order and Confirming Scheduled Conference | Document Composition | Start: Mon Jul 07 2014 Closed: Mon Jul 07 2014 | 0.4 hrs | $ 80.00 |
| | ECF Notice and Order Governing Discovery | Filings - Case Related | Start: Wed Jul 02 2014 Closed: Wed Jul 02 2014 | 0.1 hrs | $ 20.00 |
| | E-Mail to Client re Court Order Governing Discovery | Discussion With Client | Start: Wed Jul 02 2014 Closed: Wed Jul 02 2014 | 0.3 hrs | $ 60.00 |
| | C.Tech Collection Letter from Putative Class Member Nicholson | Document Review | Start: Mon Jul 07 2014 Closed: Mon Jul 07 2014 | 0.6 hrs | $ 120.00 |
| | Consent to Magistrate Jurisdiction | Document Composition | Start: Tue Jul 08 2014 Closed: Tue Jul 08 2014 | 0.2 hrs | $ 40.00 |
| | Compose email: RE: BABCOCK V, C.TECH COLLECTIONS - Rule 26 Conference | Compose Email | Start: Tue Jul 08 2014 Closed: Tue Jul 08 2014 | 0.2 hrs | $ 70.00 |
| | Consent to Magistrate Jurisdiction | Filings - Case Related | Start: Wed Jul 09 2014 Closed: Wed Jul 09 2014 | 0.1 hrs | $ 20.00 |
| | Compose emails: RE: BABCOCK V, C.TECH COLLECTIONS - Rule 26 Conference | Compose Email | Start: Wed Jul 09 2014 Closed: Wed Jul 09 2014 | 0.2 hrs | $ 70.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014*** | | | | |
| | Compose emails: FW: C. Tech Collection, Inc., EDNY Case Nos. 14-CV-3576 (JS)(WDW)   14-CV-3124 | Compose Email | Start: Thu Jul 10 2014<br>Closed: Thu Jul 10 2014 | 0.2 hrs | $ 70.00 |
| | Plaintiffs Rule 26 Disclosures | Document Composition | Start: Sun Jul 13 2014<br>Closed: Sun Jul 13 2014 | 1.1 hrs | $ 220.00 |
| | E-Mail to Sanders re Plaintiffs Rule 26 Disclosures and Instructions for Joining Rule 26f Conference | Compose Email | Start: Sun Jul 13 2014<br>Closed: Sun Jul 13 2014 | 0.5 hrs | $ 100.00 |
| | E-Mail to Bromberg re Rule 26f Conference | Compose Email | Start: Sun Jul 13 2014<br>Closed: Sun Jul 13 2014 | 0.1 hrs | $ 20.00 |
| | Conference from Bromberg and Mauro re Campbell Hicks Letter and Rule 26f Conference | Phone Call | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.6 hrs | $ 120.00 |
| | Conference with Kleinman as Follow-Up to Conference with Sanders | Meeting | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.2 hrs | $ 40.00 |
| | Compose email: Babcock/Campbell-Hicks v. Ctech Collections | Compose Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.2 hrs | $ 70.00 |
| | E-Mail to Bromberg and Mauro re Outcome of Conference with Sanders | Compose Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.3 hrs | $ 60.00 |
| | E-Mail to All Counsel re Confirmation of Rescheduled Rule 26f Conference | Compose Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.1 hrs | $ 20.00 |
| | Conference to Bromberg re Motion for Class Certification and Issues Mentioned by Sanders | Phone Call | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.1 hrs | $ 20.00 |
| | Letter from Bromberg to Court re Notice of Related Case and Request to Attend Rule 16 Conference | Document Review | Start: Thu Jul 10 2014<br>Closed: Thu Jul 10 2014 | 0.2 hrs | $ 40.00 |
| | Conference to Sanders re Bromberg Notice of Related Case | Discussion With Opposing Party | Start: Thu Jul 10 2014<br>Closed: Thu Jul 10 2014 | 0.4 hrs | $ 80.00 |
| | Conferences to Bromberg and Mauro re Notice of Related Case | Phone Call | Start: Fri Jul 18 2014<br>Closed: Fri Jul 18 2014 | 0.1 hrs | $ 20.00 |
| | Compose emails: FW: True copies of C.techbill, letter of C.tech violations, and withdrawal of C.tech from billing | Compose Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.2 hrs | $ 70.00 |
| | E-Mail from Potential Putative Class Member Dwight E. Hines re Case and Desire to Join | Read Email | Start: Mon Jul 14 2014<br>Closed: Mon Jul 14 2014 | 0.5 hrs | $ 100.00 |
| | Compose email: Babcok/Campbell-Hicks v. Ctech - Conference Instructions | Compose Email | Start: Fri Jul 18 2014<br>Closed: Fri Jul 18 2014 | 0.1 hrs | $ 35.00 |
| | Conference from Bromberg and Mauro re Rule 26f Issues | Meeting | Start: Fri Jul 18 2014<br>Closed: Fri Jul 18 2014 | 1 hrs | $ 200.00 |
| | Rule 26f Conference | Discussion With Opposing Party | Start: Fri Jul 18 2014<br>Closed: Fri Jul 18 2014 | 0.8 hrs | $ 160.00 |
| | Conference from Bromberg and Mauro re Upcoming Rule 26f Conference | Phone Call | Start: Thu Jul 17 2014<br>Closed: Thu Jul 17 2014 | 0.2 hrs | $ 40.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Compose email: RE: C. Tech Questionnaire Attached | Compose Email | Start: Fri Jul 18 2014<br>Closed: Fri Jul 18 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech Collections - Initial Order | Compose Email | Start: Mon Jul 07 2014<br>Closed: Mon Jul 07 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech Collection - Past Due Discovery | Compose Email | Start: Thu Dec 04 2014<br>Closed: Thu Dec 04 2014 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Call | Compose Email | Start: Mon Mar 02 2015<br>Closed: Mon Mar 02 2015 | 0.3 hrs | $ 105.00 |
| | Read email: RE: Call | Read Email | Start: Mon Mar 02 2015<br>Closed: Mon Mar 02 2015 | 0.3 hrs | $ 105.00 |
| | Conference from Mauro and Bromberg re Conference with Sanders Discussing 1099 Tax Issues | Meeting | Start: Mon Mar 02 2015<br>Closed: Mon Mar 02 2015 | 0.9 hrs | $ 225.00 |
| | Compose email: RE: Babcock et al v. Ctech | Compose Email | Start: Mon Mar 02 2015<br>Closed: Mon Mar 02 2015 | 0.1 hrs | $ 35.00 |
| | Read email: RE: Babcock et al v. Ctech | Read Email | Start: Wed Mar 04 2015<br>Closed: Wed Mar 04 2015 | 0.3 hrs | $ 105.00 |
| | Conference to Sanders re Issues Raised by Bromberg and Mauro | Discussion With Opposing Party | Start: Wed Mar 04 2015<br>Closed: Wed Mar 04 2015 | 0.2 hrs | $ 50.00 |
| | Read email: RE: Babcock et al v. Ctech | Read Email | Start: Thu Mar 05 2015<br>Closed: Thu Mar 05 2015 | 0.1 hrs | $ 35.00 |
| | Telephone Conference - C.Tech Collections Inc. | Court Hearing-Conference | Start: Mon Mar 30 2015<br>Closed: Mon Mar 30 2015 | 0.5 hrs | $ 0.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Status Conference | Read Email | Start: Fri Mar 06 2015<br>Closed: Fri Mar 06 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Emailing: 2014.12.17v3ATT.Ctech-Babcock.ltr.Sanders re Settlement | Compose Email | Start: Thu Mar 05 2015<br>Closed: Thu Mar 05 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: C-Tech | Compose Email | Start: Thu Mar 05 2015<br>Closed: Thu Mar 05 2015 | 0.1 hrs | $ 35.00 |
| | Status Conference re Resolution with Court of 1099 Issue and Attorneys' Fees | Court Hearing-Conference | Start: Thu Mar 05 2015<br>Closed: Thu Mar 05 2015 | 0.2 hrs | $ 50.00 |
| | Conference with Sanders and Campbell-Hicks Counsel re 1099 Issue and Attorneys' Fees | Discussion With Opposing Party | Start: Wed Mar 04 2015<br>Closed: Wed Mar 04 2015 | 0.8 hrs | $ 200.00 |
| | Conference from Bromberg and Mauro re Recent Conversation with Sanders and Draft Settlement Agreement | Phone Call | Start: Fri Mar 27 2015<br>Closed: Fri Mar 27 2015 | 0.7 hrs | $ 175.00 |
| | Preparation for Status Conference | Court Hearing-Conference | Start: Mon Mar 30 2015<br>Closed: Mon Mar 30 2015 | 0.2 hrs | $ 50.00 |
| | Status Conference re Class Settlement and preliminary Approval Motion | Court Hearing-Conference | Start: Mon Mar 30 2015<br>Closed: Mon Mar 30 2015 | 0.3 hrs | $ 75.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |

### Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014

| | | | | | |
|---|---|---|---|---|---|
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Status Conference | Read Email | Start: Tue Mar 31 2015<br>Closed: Tue Mar 31 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Babcock v. C.Tech - Supplemental Tasks | Compose Email | Start: Sat Nov 21 2015<br>Closed: Sat Nov 21 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C.Tech - Claim Form Hionis, Cherylanne | Read Email | Start: Sat Nov 21 2015<br>Closed: Sat Nov 21 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion Hearing | Read Email | Start: Sat Nov 21 2015<br>Closed: Sat Nov 21 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Sat Nov 21 2015<br>Closed: Sat Nov 21 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock/Campbell-Hicks v. C.Tech - Settlement Agreement | Compose Email | Start: Mon Apr 06 2015<br>Closed: Mon Apr 06 2015 | 0.2 hrs | $ 70.00 |
| | Conference to Sanders re Resolution of Fees and Status of Class Settlement Documents | Discussion With Opposing Party | Start: Mon Apr 06 2015<br>Closed: Mon Apr 06 2015 | 0.2 hrs | $ 50.00 |
| | Compose email: RE: BABCOCK et al v. C. TECH - Fees   Costs | Compose Email | Start: Wed Apr 08 2015<br>Closed: Wed Apr 08 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Mauro re Clarification of Defendants' Discovery Responses | Phone Call | Start: Thu Apr 09 2015<br>Closed: Thu Apr 09 2015 | 0.4 hrs | $ 100.00 |
| | Compose email: RE: C-Tech -- Conflict Between Settlement   Discovery | Compose Email | Start: Thu Apr 09 2015<br>Closed: Thu Apr 09 2015 | 0.4 hrs | $ 140.00 |
| | Compose email: RE: C-Tech Settlement Docs | Compose Email | Start: Fri Apr 17 2015<br>Closed: Fri Apr 17 2015 | 0.4 hrs | $ 140.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 11/20/15 | Read Email | Start: Tue Nov 24 2015<br>Closed: Tue Nov 24 2015 | 0.1 hrs | $ 35.00 |
| | Class Administration Weekly Status Report for Babcock v. Ctec | Document Review | Start: Tue Nov 24 2015<br>Closed: Tue Nov 24 2015 | 0.1 hrs | $ 35.00 |
| | Comprehensive Background Research re Defendants Financials, Pending and Past Litigation History, and Conflicting | Research | Start: Mon May 05 2014<br>Closed: Tue May 06 2014 | 4.3 hrs | $ 1,505.00 |
| | Lexis Nexis Case Law Research re Client NY GBLA and FDCPA Claims Based Upon Improper Fees | Legal Research | Start: Wed May 07 2014<br>Closed: Wed May 07 2014 | 1.1 hrs | $ 385.00 |
| | Initial Draft of Class Action Complaint Against Multiple Defendants for Violations of NY GBLand FDCPA with | Document Composition | Start: Sat May 10 2014<br>Closed: Sat May 10 2014 | 1.5 hrs | $ 525.00 |
| | Completed Draft of Class Action Complaint Against Defendants for Violations of NY GBL and FDCPA and | Document Composition | Start: Sat May 17 2014<br>Closed: Sat May 17 2014 | 3.8 hrs | $ 1,330.00 |
| | Notice of Motion and Motion for Final Approval of Class Settlement Agreement | Document Composition | Start: Sat Nov 07 2015<br>Closed: Sat Nov 07 2015 | 0.9 hrs | $ 315.00 |
| | Initial Draft of Memorandum of Law in Support of Joint Motion for Final Approval of Class Settlement Agreement | Document Composition | Start: Sun Nov 08 2015<br>Closed: Sun Nov 08 2015 | 3 hrs | $ 1,050.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Finalized Draft Memorandum of Law in Support of Joint Motion for Final Approval of Class Settlement Agreement | Document Composition | Start: Mon Nov 09 2015 Closed: Mon Nov 09 2015 | 3.4 hrs | $ 1,190.00 |
| | Declaration in Support of Joint Motion for Final Approval of Class Settlement Agreement | Document Composition | Start: Tue Nov 10 2015 Closed: Tue Nov 10 2015 | 1.7 hrs | $ 595.00 |
| | Complete Revision to Joint Motion, Memorandum of Law, and Declaration in Support of Joint Motion for Final | Document Composition | Start: Tue Nov 10 2015 Closed: Wed Nov 11 2015 | 4.59 hrs | $ 1,606.50 |
| | Read emails re various tasks to finalize Babcock v. Ctec | Read Email | Start: Sat Nov 21 2015 Closed: Sat Nov 21 2015 | 0.5 hrs | $ 175.00 |
| | Read email: C Tech MAINE | Read Email | Start: Fri May 01 2015 Closed: Fri May 01 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Sat May 02 2015 Closed: Sat May 02 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Settlement | Read Email | Start: Sat May 02 2015 Closed: Sat May 02 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: C.Tech Collection - Need to Consolidate Cases | Compose Email | Start: Sat May 02 2015 Closed: Sat May 02 2015 | 0.1 hrs | $ 35.00 |
| | Motion to Consolidate Cases and Proposed Order | Document Composition | Start: Sat May 02 2015 Closed: Sat May 02 2015 | 2.1 hrs | $ 525.00 |
| | Compose email: RE: C.Tech Collection - Need to Consolidate Cases | Compose Email | Start: Thu May 07 2015 Closed: Thu May 07 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: C.Tech Collection - Need to Consolidate Cases | Compose Email | Start: Fri May 08 2015 Closed: Fri May 08 2015 | 0.4 hrs | $ 140.00 |
| | Read email: RE: C.Tech Collection - Need to Consolidate Cases | Read Email | Start: Fri May 08 2015 Closed: Fri May 08 2015 | 0.3 hrs | $ 105.00 |
| | Conference to Sanders re Proposed Motion to Consolidate | Discussion With Opposing Party | Start: Fri May 08 2015 Closed: Fri May 08 2015 | 0.1 hrs | $ 25.00 |
| | Letter Motion to Consolidate Cases and Proposed Order | Document Composition | Start: Fri May 08 2015 Closed: Fri May 08 2015 | 0.2 hrs | $ 50.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion to | Read Email | Start: Fri May 08 2015 Closed: Fri May 08 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Motion for | Read Email | Start: Mon May 11 2015 Closed: Mon May 11 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Order on Motion | Read Email | Start: Mon May 11 2015 Closed: Mon May 11 2015 | 0.1 hrs | $ 35.00 |
| | DEADLINE - File Motion for Class Certification | Filings - Case Related | Start: Mon Jun 01 2015 Closed: Mon Jun 01 2015 | 0.5 hrs | $ 0.00 |
| | Compose email: RE: [Zoho Writer] kleinmanllc has emailed BABCOCK v C TECH EXTENSION REQUEST to you | Compose Email | Start: Mon May 11 2015 Closed: Mon May 11 2015 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### *Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014*

| | | | | | |
|---|---|---|---|---|---|
| | Read email: [Zoho Writer] kleinmanllc has emailed BABCOCK v C TECH EXTENSION REQUEST to you | Read Email | Start: Mon May 11 2015 Closed: Mon May 11 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Mauro Letter to Court re Consolidation | Compose Email | Start: Fri May 15 2015 Closed: Fri May 15 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Fri May 15 2015 Closed: Fri May 15 2015 | 0.1 hrs | $ 35.00 |
| | Conference to Sanders re Recent Filings and Delays by Campbell-Hicks | Discussion With Opposing Party | Start: Fri May 15 2015 Closed: Fri May 15 2015 | 0.4 hrs | $ 120.00 |
| | Status Conference re Class Settlement and Motion to Consolidate | Court Hearing-Conference | Start: Wed May 20 2015 Closed: Wed May 20 2015 | 4.09 hrs | $ 1,227.00 |
| | Compose email: Babcock/Campbell-Hicks v. C.Tech - Settlement Docs | Compose Email | Start: Mon May 25 2015 Closed: Mon May 25 2015 | 0.1 hrs | $ 35.00 |
| | Campbell Hicks Draft of Class Settlement Agreement and Related Documents | Document Composition | Start: Thu Apr 23 2015 Closed: Thu Apr 23 2015 | 3 hrs | $ 900.00 |
| | Campbell Hicks Draft of Class Settlement Agreement | Document Review | Start: Sat May 02 2015 Closed: Sat May 02 2015 | 4.3 hrs | $ 1,290.00 |
| | Campbell Hicks Draft of Joint Motion for Preliminary Approval and Related Exhibits | Document Review | Start: Sun May 24 2015 Closed: Sun May 24 2015 | 6.5 hrs | $ 1,950.00 |
| | Campbell Hicks Class Settlement Agreement and Exhibits to Joint Motion for Preliminary Approval | Document Review | Start: Mon May 25 2015 Closed: Mon May 25 2015 | 1.6 hrs | $ 480.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Status Conference | Read Email | Start: Mon May 25 2015 Closed: Mon May 25 2015 | 0.1 hrs | $ 35.00 |
| | DEADLINE - File Joint Motion for Class Certification | Filings - Case Related | Start: Mon Jul 13 2015 Closed: Mon Jul 13 2015 | 0.5 hrs | $ 0.00 |
| | Compose email: RE: Babcock/Campbell-Hicks v. C-Tech -- Revised Settlement Documents | Compose Email | Start: Wed May 27 2015 Closed: Wed May 27 2015 | 0.2 hrs | $ 70.00 |
| | Campbell-Hicks's Redline Revisions to Babcock's Revised Settlement Documents | Document Review | Start: Wed May 27 2015 Closed: Wed May 27 2015 | 0.4 hrs | $ 120.00 |
| | Read email: Babcock/Campbell-Hicks v. C-Tech -- Revised Settlement Documents | Read Email | Start: Wed May 27 2015 Closed: Wed May 27 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock/Campbell-Hicks v. C-Tech -- REVISED -- Emailing: Exhibit A - Settlement Agreement 003 | Read Email | Start: Thu May 28 2015 Closed: Thu May 28 2015 | 0.5 hrs | $ 175.00 |
| | Compose email: RE: Babcock/Campbell-Hicks v. C-Tech -- REVISED -- Emailing: Exhibit A - Settlement | Compose Email | Start: Thu May 28 2015 Closed: Thu May 28 2015 | 0.5 hrs | $ 175.00 |
| | Compose email: RE: Babcock/Campbell-Hicks v. C-Tech -- Revised Settlement Documents | Compose Email | Start: Thu May 28 2015 Closed: Thu May 28 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock/Campbell-Hicks - Settlement Documents | Compose Email | Start: Thu May 28 2015 Closed: Thu May 28 2015 | 0.1 hrs | $ 35.00 |

## Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Mauro Redline Revisions to Proposed Preliminary Approval Order | Document Review | Start: Thu May 28 2015<br>Closed: Thu May 28 2015 | 0.3 hrs | $ 90.00 |
| | Read email: Babcock/Campbell-Hicks v. C-Tech | Read Email | Start: Mon Jun 01 2015<br>Closed: Mon Jun 01 2015 | 0.6 hrs | $ 210.00 |
| | Compose email: RE: Babcock/ Campbell-Hicks v. C-Tech | Compose Email | Start: Mon Jun 01 2015<br>Closed: Mon Jun 01 2015 | 0.4 hrs | $ 140.00 |
| | Conference to Sanders re Status of Class Settlement Documents | Discussion With Opposing Party | Start: Tue Jun 09 2015<br>Closed: Tue Jun 09 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: BABCOCK et al v. C. TECH et al | Compose Email | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.3 hrs | $ 105.00 |
| | Conference to Sanders re Defendants' Suggested Revisions to Class Settlement Documents | Discussion With Opposing Party | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.2 hrs | $ 60.00 |
| | Read email: C-Tech Cases | Read Email | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.1 hrs | $ 35.00 |
| | Revised Settlement Documents Pursuant to Requests Made by Defendants | Document Composition | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.6 hrs | $ 180.00 |
| | Conferences to Mauro and Bromberg re Defendants' Requested Removal of Damages Explanation from Class | Phone Call | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.1 hrs | $ 30.00 |
| | Conference to Sanders re Defendants' Requested Removal of Damages Explanation from Class Notices | Discussion With Opposing Party | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.2 hrs | $ 60.00 |
| | Compose email: RE: BABCOCK et al v. C. TECH et al - Hours | Compose Email | Start: Thu Jun 11 2015<br>Closed: Thu Jun 11 2015 | 0.1 hrs | $ 35.00 |
| | Reviewed Current Billings re Defendants' Request for Information | Document Review | Start: Wed Jun 10 2015<br>Closed: Wed Jun 10 2015 | 0.5 hrs | $ 150.00 |
| | Further Revision to Paragraph 37 of Settlement Agreement | Document Composition | Start: Thu Jun 11 2015<br>Closed: Thu Jun 11 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: BABCOCK et al v. C. TECH et al - Revised Claim Form | Compose Email | Start: Thu Jun 11 2015<br>Closed: Thu Jun 11 2015 | 0.1 hrs | $ 35.00 |
| | Additional Revisions to All Settlement Documents Based on Defendants' New Requests | Document Review | Start: Thu Jun 11 2015<br>Closed: Thu Jun 11 2015 | 1.1 hrs | $ 330.00 |
| | Read email: RE: BABCOCK et al v. C. TECH et al | Read Email | Start: Thu Jun 11 2015<br>Closed: Thu Jun 11 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock   Campbell-Hicks v. C-Tech -- Where are we? | Read Email | Start: Fri Jun 19 2015<br>Closed: Fri Jun 19 2015 | 0.3 hrs | $ 105.00 |
| | Compose email: RE: Babcock Campbell-Hicks v. C-Tech -- Where are we? | Compose Email | Start: Fri Jun 19 2015<br>Closed: Fri Jun 19 2015 | 0.2 hrs | $ 70.00 |
| | Conference from Bromberg and Mauro re Court's Request for Status of Motion for Preliminary Approval of Class | Phone Call | Start: Mon Jun 22 2015<br>Closed: Mon Jun 22 2015 | 0.2 hrs | $ 60.00 |

## Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Mon Jun 22 2015<br>Closed: Mon Jun 22 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Mon Jun 22 2015<br>Closed: Mon Jun 22 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al NOTICE of | Read Email | Start: Wed Jul 01 2015<br>Closed: Wed Jul 01 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Member Ramano re Claims Process | Phone Call | Start: Mon Aug 24 2015<br>Closed: Mon Aug 24 2015 | 0.2 hrs | $ 60.00 |
| | Read email: RE: Babcock and Campbell-Hicks v. C-Tech -- Conference Call Tomorrow Morning? | Read Email | Start: Wed Jul 08 2015<br>Closed: Wed Jul 08 2015 | 0.2 hrs | $ 70.00 |
| | Conference with Sanders and Bromberg re Attorney Fees and Preparation of Preliminary Approval | Discussion With Opposing Party | Start: Thu Jul 09 2015<br>Closed: Thu Jul 09 2015 | 0.3 hrs | $ 90.00 |
| | Read email: Babcock and Campbell-Hicks v. C-Tech -- Conference Call Tomorrow Morning? | Read Email | Start: Thu Jul 09 2015<br>Closed: Thu Jul 09 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Babcock and Campbell-Hicks v. C-Tech -- Attorneys" Fees and Costs Language | Compose Email | Start: Thu Jul 09 2015<br>Closed: Thu Jul 09 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Babcock and Campbell-Hicks v. C-Tech -- Attorneys" Fees and Costs Language | Compose Email | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Plaintiff Signature Page | Compose Email | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Ninth Revised Draft of Class Settlement Agreement and Exhibits as Requested by Sanders and Bromberg | Document Composition | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 1.4 hrs | $ 420.00 |
| | Compose email: C.Tech Collections - Joint Motion for Preliminary Approval | Compose Email | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Joint Motion for Preliminary Approval of Class Settlement Agreement and Memorandum of Law in Support | Document Composition | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 3.4 hrs | $ 1,020.00 |
| | Declaration in Support of Joint Motion for Preliminary Approval of Class Settlement Agreement | Document Composition | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.4 hrs | $ 120.00 |
| | Compose email: C.Tech Collections - Motion to Consolidate | Compose Email | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.7 hrs | $ 244.99 |
| | Read email: Re: C.Tech Collections - Motion to Consolidate | Read Email | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.3 hrs | $ 105.00 |
| | Conference to Sanders re Review of Draft Motion for Preliminary Approval | Discussion With Opposing Party | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.1 hrs | $ 30.00 |
| | Conference to Sanders re Review of Draft Motion for Preliminary Approval | Discussion With Opposing Party | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.1 hrs | $ 30.00 |
| | Second Draft of Letter Motion for Order Consolidating Cases | Document Composition | Start: Mon Jul 13 2015<br>Closed: Mon Jul 13 2015 | 0.2 hrs | $ 60.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Read email: Emailing: C-Tech -- Bromberg Declaration -- version001 | Read Email | Start: Mon Jul 13 2015 Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 2:14-cv-03576-MDG Campbell-Hicks v. C. Tech Collection, Inc. Motion to | Read Email | Start: Mon Jul 13 2015 Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 2:14-cv-03576-MDG Campbell-Hicks v. C. Tech Collection, Inc. Motion to Certify | Read Email | Start: Mon Jul 13 2015 Closed: Mon Jul 13 2015 | 0.1 hrs | $ 35.00 |
| | Final Revision to Motion for Preliminary Approval and Memorandum in Support | Document Composition | Start: Mon Jul 13 2015 Closed: Mon Jul 13 2015 | 0.1 hrs | $ 30.00 |
| | Read email: Babcock-Campbell Hicks v. C-Tech -- Settlement Agreement signed by all Plaintiffs and Plaintiffs'' Attorneys | Read Email | Start: Tue Jul 14 2015 Closed: Tue Jul 14 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Babcock-Campbell Hicks v. C-Tech -- Settlement Agreement signed by all Plaintiffs and | Compose Email | Start: Tue Jul 14 2015 Closed: Tue Jul 14 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Scheduling Order | Read Email | Start: Wed Jul 15 2015 Closed: Wed Jul 15 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Judge Go's Chambers re Courtesy Copy of Preliminary Approval Motion | Phone Call | Start: Fri Jul 17 2015 Closed: Fri Jul 17 2015 | 0.1 hrs | $ 30.00 |
| | Read email: Document: NICHOLSON C TECH CONVENIENCE FEE.pdf | Read Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Document: HINES FILE.pdf | Read Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.1 hrs | $ 35.00 |
| | Preparation for Preliminary Approval Hearing | Court Hearing-Conference | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.4 hrs | $ 120.00 |
| | Conference from Bromberg and Mauro re Preliminary Approval Hearing | Court Hearing-Conference | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.1 hrs | $ 30.00 |
| | Preliminary Approval Hearing | Court Hearing-Conference | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.6 hrs | $ 210.00 |
| | Compose email: RE: Babcock-Campbell-Hicks v. C-Tech -- Emailing: 022 -- Letter to Judge Go, 022-1 -- | Compose Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.3 hrs | $ 105.00 |
| | Read email: RE: Babcock-Campbell-Hicks v. C-Tech -- Emailing: 022 -- Letter to Judge Go, 022-1 -- Exhibit A to | Read Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.3 hrs | $ 105.00 |
| | Read email: Babcock-Campbell-Hicks v. C-Tech | Read Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.2 hrs | $ 70.00 |
| | Compose email: C.Tech Collections - Court Revisions | Compose Email | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.2 hrs | $ 70.00 |
| | Revised Class Settlement Agreement, Class Notice, and Preliminary Approval Order | Document Composition | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 1 hrs | $ 300.00 |
| | Conference to Sanders re Court's Requested Revisions to Class Settlement Agreement, Class Notice, | Discussion With Opposing Party | Start: Thu Jul 23 2015 Closed: Thu Jul 23 2015 | 0.2 hrs | $ 60.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Conference to Bromberg and Mauro re Revision to Class Definitions | Phone Call | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: BABCOCK v. C.TECH, ET AL | Compose Email | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: C.Tech Collections - Redline of Court Revisions | Compose Email | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.2 hrs | $ 70.00 |
| | Redline Compare Versions of Revised Class Settlement Agreement, Proposed Class Notice, and Preliminary Approval | Document Preparation | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.1 hrs | $ 30.00 |
| | Read email: RE: C.Tech Collections - Redline of Court Revisions | Read Email | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.3 hrs | $ 105.00 |
| | Revision to Paragraph 30c of Class Settlement Agreement Incorporating Bromberg Suggested Draft Revision | Document Composition | Start: Thu Jul 23 2015<br>Closed: Thu Jul 23 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: C.Tech Collections - Redline of Court Revisions | Compose Email | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 35.00 |
| | Amended Class Settlement Agreement, Proposed Class Notice, and Proposed Preliminary Approval Order | Document Preparation | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 30.00 |
| | Letter to Court re Submission of Amended Class Settlement Agreement, Proposed Class Notice, and Proposed | Document Composition | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 30.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Order on Motion to | Read Email | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.2 hrs | $ 70.00 |
| | Compose email: Babcock/Campbell-Hicks v. C.Tech - Revised Class Notice | Compose Email | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.2 hrs | $ 70.00 |
| | Conference from Judge Go's Chambers re Additional Revisions Requested by Court to Proposed Class Notice | Phone Call | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.3 hrs | $ 90.00 |
| | Compose email: Babcock v. C.Tech - Case Documents for Administration | Compose Email | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 35.00 |
| | Second Conference from Judge Go's Chambers re needed Revision to Settlement Agreement and Class | Phone Call | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.2 hrs | $ 60.00 |
| | Third Conference from Judge Go's Chambers Approving Revisions and Requesting Resubmission of Documents | Phone Call | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 30.00 |
| | Second Letter to Court re Resubmission of Amended Class Settlement Agreement, Proposed Class Notice, | Document Composition | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.2 hrs | $ 60.00 |
| | Finalized Second Letter to Court and Amended Class Settlement Agreement, Proposed Class Notice, and Proposed | Document Preparation | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 30.00 |
| | Conference to Court re Inadvertent Omission of Proposed Order from Last Filing | Phone Call | Start: Fri Jul 24 2015<br>Closed: Fri Jul 24 2015 | 0.1 hrs | $ 30.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### *Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Court Order Granting Preliminary Approval of Class Settlement | Filings - Case Related | Start: Fri Jul 24 2015 Closed: Fri Jul 24 2015 | 0.2 hrs | $ 60.00 |
| | Compose email: Babcock v. C.Tech - Administration Needed | Compose Email | Start: Fri Jul 24 2015 Closed: Fri Jul 24 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Administrator re Class List Questions | Phone Call | Start: Fri Jul 24 2015 Closed: Fri Jul 24 2015 | 0.2 hrs | $ 60.00 |
| | Read email: Re: BABCOCK V. C. TECH | Read Email | Start: Tue Jul 28 2015 Closed: Tue Jul 28 2015 | 0.2 hrs | $ 70.00 |
| | Class Administrator's Redline Draft of Class Notice | Document Review | Start: Tue Jul 28 2015 Closed: Tue Jul 28 2015 | 0.2 hrs | $ 60.00 |
| | Compose email: RE: Babcock v. C.Tech Notice | Compose Email | Start: Tue Jul 28 2015 Closed: Tue Jul 28 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Judge Go's Chambers re Entry of Preliminary Approval Order and to Advise of Change in Class Notice | Phone Call | Start: Mon Jul 27 2015 Closed: Mon Jul 27 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: Babcock v. C.Tech Notice | Compose Email | Start: Fri Jul 31 2015 Closed: Fri Jul 31 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Babcock v. C.Tech Notice | Compose Email | Start: Sat Jan 01 4501 Closed: Sat Jan 01 4501 | 0.2 hrs | $ 0.00 |
| | Compose email: RE: Babcock v. C.Tech Notice | Compose Email | Start: Fri Jul 31 2015 Closed: Fri Jul 31 2015 | 0.1 hrs | $ 35.00 |
| | Class Administrator revised Draft of Class Notice and Claim Forms | Document Review | Start: Tue Aug 04 2015 Closed: Tue Aug 04 2015 | 0.3 hrs | $ 90.00 |
| | Conference to Sanders re Class Administrator revised Draft of Class Notice and Claim Forms | Discussion With Opposing Party | Start: Tue Aug 04 2015 Closed: Tue Aug 04 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: Babcock v. C.Tech - Notice and Claim Form Review | Compose Email | Start: Tue Aug 04 2015 Closed: Tue Aug 04 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Administrator re IVR Script and Class List Data | Phone Call | Start: Tue Aug 11 2015 Closed: Tue Aug 11 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: Babcock v. C.Tech - Need Class States | Compose Email | Start: Tue Aug 11 2015 Closed: Tue Aug 11 2015 | 0.1 hrs | $ 35.00 |
| | Conference to Sanders re Need to Serve CAFA Notices on Other States Attorneys General | Discussion With Opposing Party | Start: Thu Aug 13 2015 Closed: Thu Aug 13 2015 | 0.1 hrs | $ 30.00 |
| | Compose email: RE: Babcock IVR Script | Compose Email | Start: Mon Aug 17 2015 Closed: Mon Aug 17 2015 | 0.3 hrs | $ 105.00 |
| | Class Administrator's Draft IVR Script for Toll-Free Telephone Number | Document Review | Start: Mon Aug 17 2015 Closed: Mon Aug 17 2015 | 0.4 hrs | $ 120.00 |
| | Second IVR Draft Script from Class Administrator | Document Review | Start: Mon Aug 17 2015 Closed: Mon Aug 17 2015 | 0.1 hrs | $ 30.00 |

## Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523    Matter Start: Tue Jan 14 2014*** | | | | |
| | Read email: Should Babcock fill out a Claim Form? | Read Email | Start: Thu Aug 27 2015<br>Closed: Thu Aug 27 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: Should Babcock fill out a Claim Form? | Compose Email | Start: Thu Aug 27 2015<br>Closed: Thu Aug 27 2015 | 0.1 hrs | $ 35.00 |
| | Class Administration Weekly Status Report | Document Review | Start: Tue Sep 01 2015<br>Closed: Tue Sep 01 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 8/28/15 | Read Email | Start: Tue Sep 01 2015<br>Closed: Tue Sep 01 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Babcock v. C.Tech Weekly Status Report 8/28/15 | Compose Email | Start: Sat Jan 01 4501<br>Closed: Sat Jan 01 4501 | 0.1 hrs | $ 0.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Wed Sep 02 2015<br>Closed: Wed Sep 02 2015 | 0.3 hrs | $ 105.00 |
| | Compose email: Babcock v. C.Tech -- New Claim Forms | Compose Email | Start: Wed Sep 02 2015<br>Closed: Wed Sep 02 2015 | 0.1 hrs | $ 35.00 |
| | Claim Forms Received from Class Members Youssouf Diakite and Rosetta Rose | Document Review | Start: Wed Sep 02 2015<br>Closed: Wed Sep 02 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C.Tech -- New Claim Forms | Read Email | Start: Thu Sep 03 2015<br>Closed: Thu Sep 03 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail from Class Administrator and Weekly Status Report | Document Review | Start: Wed Sep 09 2015<br>Closed: Wed Sep 09 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 9/04/15 | Read Email | Start: Wed Sep 09 2015<br>Closed: Wed Sep 09 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Member Paula Blisko re Claim Questions | Phone Call | Start: Thu Sep 10 2015<br>Closed: Thu Sep 10 2015 | 0.3 hrs | $ 105.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Sun Sep 20 2015<br>Closed: Sun Sep 20 2015 | 0.1 hrs | $ 35.00 |
| | Letter from Maryann Eagle re Notice of Class Settlement, etc. W/Enclosure | Filings - Case Related | Start: Thu Sep 17 2015<br>Closed: Thu Sep 17 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Member Thomas White re Call to Court and Question re Settlement | Phone Call | Start: Mon Sep 21 2015<br>Closed: Mon Sep 21 2015 | 0.3 hrs | $ 105.00 |
| | Class Administrator E-Mail and Updated Weekly Status Report | Document Review | Start: Tue Sep 22 2015<br>Closed: Tue Sep 22 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 9/18/15 | Read Email | Start: Thu Sep 24 2015<br>Closed: Thu Sep 24 2015 | 0.1 hrs | $ 35.00 |
| | Exclusion Request by Class Member Janessa Andruski | Document Review | Start: Tue Sep 22 2015<br>Closed: Tue Sep 22 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Exclusions | Read Email | Start: Fri Sep 25 2015<br>Closed: Fri Sep 25 2015 | 0.2 hrs | $ 70.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### _Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014_

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Exclusion Requests by Class Members Hatice Cayan and Jong Dae Kim | Document Review | Start: Tue Sep 15 2015 Closed: Tue Sep 15 2015 | 0.2 hrs | $ 70.00 |
| | Weekly Status Report of Class Administration Statistics | Document Review | Start: Tue Sep 15 2015 Closed: Tue Sep 15 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 9/11/15 | Read Email | Start: Fri Sep 25 2015 Closed: Fri Sep 25 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Message from Cell Phone NY (9176878934) | Read Email | Start: Fri Oct 02 2015 Closed: Fri Oct 02 2015 | 0.1 hrs | $ 35.00 |
| | Conferences from Class Member Sonny re Class Notice and Claim Form | Phone Call | Start: Sun Oct 04 2015 Closed: Sun Oct 04 2015 | 0.3 hrs | $ 105.00 |
| | Read email: Fwd: New Voicemail from 3475001719 | Read Email | Start: Sun Oct 04 2015 Closed: Sun Oct 04 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Administrator re Handling of Undeliverable Notices | Phone Call | Start: Tue Oct 06 2015 Closed: Tue Oct 06 2015 | 0.2 hrs | $ 70.00 |
| | Class Administration Weekly Status Report | Document Review | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 10/9/15 | Read Email | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.3 hrs | $ 105.00 |
| | Class Administration Weekly Status Report | Document Review | Start: Tue Oct 06 2015 Closed: Tue Oct 06 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail and Class Administration Status Report | Document Review | Start: Mon Sep 28 2015 Closed: Mon Sep 28 2015 | 0.1 hrs | $ 35.00 |
| | Claim Form Submitted by Class Member Bernadette Pierre | Filings - Case Related | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Claim Form re Pierre, Bernadette | Compose Email | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.1 hrs | $ 35.00 |
| | Class Member Exclusion Requests from Alvarado, McNulty, and Calderon | Document Review | Start: Wed Oct 07 2015 Closed: Wed Oct 07 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Babcock v. C.Tech Exclusions | Read Email | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C.Tech - Claim Form re Pierre, Bernadette | Read Email | Start: Tue Oct 13 2015 Closed: Tue Oct 13 2015 | 0.1 hrs | $ 35.00 |
| | Read email: BABCOCK v C TECH - CLASS MEMBER PHONED (JULIO) | Read Email | Start: Sun Oct 18 2015 Closed: Sun Oct 18 2015 | 0.1 hrs | $ 35.00 |
| | Read email: BABCOCK | Read Email | Start: Sun Oct 18 2015 Closed: Sun Oct 18 2015 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### *Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | Facsimile Letter from Purported Class Member, Martha Carter re request to Cancel Hearing Date | Document Review | Start: Mon Oct 19 2015 Closed: Mon Oct 19 2015 | 0.2 hrs | $ 70.00 |
| | Read email: New Fax Message from (718) 341-2305 on 10/19/2015 at 04:38 PM | Read Email | Start: Mon Oct 19 2015 Closed: Mon Oct 19 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail from Class Administrator and Weekly Status Report re Administration | Document Review | Start: Mon Oct 19 2015 Closed: Mon Oct 19 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 10/16/15 | Read Email | Start: Mon Oct 19 2015 Closed: Mon Oct 19 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Thu Oct 22 2015 Closed: Thu Oct 22 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Babcock v. C. Tech - Class Member Sophia Morgan | Compose Email | Start: Sat Jan 01 4501 Closed: Sat Jan 01 4501 | 0.1 hrs | $ 0.00 |
| | Read email: Re: Babcock v. C. Tech - Class Member Sophia Morgan | Read Email | Start: Thu Oct 22 2015 Closed: Thu Oct 22 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Member Abraham re Notice and Claim Form | Phone Call | Start: Thu Oct 22 2015 Closed: Thu Oct 22 2015 | 0.3 hrs | $ 105.00 |
| | Conference from Class Administrator re Status of Class Member Claims | Phone Call | Start: Wed Oct 21 2015 Closed: Wed Oct 21 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Claim Form re Gardner, Janice | Compose Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Claim Form Received from Class Member Janice Gardner | Document Review | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C. Tech - Class Member Sophia Morgan | Read Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.2 hrs | $ 70.00 |
| | Compose email: RE: Babcock v. C. Tech - Class Member Sophia Morgan | Compose Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C.Tech - Claim Form re Gardner, Janice | Read Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Administrator re Affidavit and Handling of Unsigned Claim Forms | Phone Call | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.2 hrs | $ 70.00 |
| | Read email: VM from 19148372427 [Cell Phone   NY] to Ext. 1003 on 10/22/15 1:25 PM for 13 sec | Read Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail from Class Administrator and Updated Weekly Status Report | Document Review | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 10/23/15 | Read Email | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|

**Andrew T. Thomasson**
*Partner*

### Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014

| | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| | E-Mail from Class Administrator and Exclusion Requests from Class Members Mark Fitzpatrick and Meredith | Document Review | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.2 hrs | $ 70.00 |
| | Conference to Client re Status of Settlement Including Recent Administration Report | Discussion With Client | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.4 hrs | $ 140.00 |
| | Read email: Babcock v. C.Tech Exclusions | Read Email | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Babcock v. C. Tech - Class Member Sophia Morgan | Read Email | Start: Tue Oct 27 2015 Closed: Tue Oct 27 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Thu Oct 29 2015 Closed: Thu Oct 29 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Claim Form re McCoy, Adrienne | Compose Email | Start: Fri Oct 23 2015 Closed: Fri Oct 23 2015 | 0.1 hrs | $ 35.00 |
| | Claim Form Received from Class Member Adrienne McCoy | Document Review | Start: Thu Oct 29 2015 Closed: Thu Oct 29 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: Undeliverable: Re: Babcock v. C.Tech - Claim Form re McCoy, Adrienne | Read Email | Start: Thu Oct 29 2015 Closed: Thu Oct 29 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Class Administrator re Affidavit on Settlement Administration | Phone Call | Start: Tue Nov 03 2015 Closed: Tue Nov 03 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 10/30/15 | Read Email | Start: Tue Nov 03 2015 Closed: Tue Nov 03 2015 | 0.1 hrs | $ 35.00 |
| | E-Mail and Weekly Status Report from Settlement Administrator | Document Review | Start: Tue Nov 03 2015 Closed: Tue Nov 03 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Draft Declaration | Read Email | Start: Tue Nov 03 2015 Closed: Tue Nov 03 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Babcock v. C.Tech Draft Declaration | Compose Email | Start: Sat Jan 01 4501 Closed: Sat Jan 01 4501 | 0.1 hrs | $ 0.00 |
| | Conference from Sanders re Case Status | Discussion With Opposing Party | Start: Fri Nov 06 2015 Closed: Fri Nov 06 2015 | 0.2 hrs | $ 70.00 |
| | Read email: VM from 12625227000 [MCCOY LAW GROUP] to Ext. 1003 on 11/6/15 10:24 AM for 36 sec | Read Email | Start: Fri Nov 06 2015 Closed: Fri Nov 06 2015 | 0.1 hrs | $ 35.00 |
| | Conference from Heffler re Status of Final Affidavit Comments | Phone Call | Start: Fri Nov 06 2015 Closed: Fri Nov 06 2015 | 0.2 hrs | $ 70.00 |
| | Settlement Administrator Draft Affidavit re Administration of Class Notice and Settlement | Document Review | Start: Fri Nov 06 2015 Closed: Fri Nov 06 2015 | 0.3 hrs | $ 105.00 |
| | Compose email: Babcock v. C.Tech -- Need CAFA Notice | Compose Email | Start: Sat Nov 07 2015 Closed: Sat Nov 07 2015 | 0.1 hrs | $ 35.00 |
| | Read email: BABCOCK v C TECH | Read Email | Start: Mon Nov 09 2015 Closed: Mon Nov 09 2015 | 0.1 hrs | $ 35.00 |

# Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Compose email: C.Tech - Draft Final Approval Motion | Compose Email | Start: Mon Nov 09 2015<br>Closed: Mon Nov 09 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Re: C.Tech - Draft Final Approval Motion | Read Email | Start: Mon Nov 09 2015<br>Closed: Mon Nov 09 2015 | 0.1 hrs | $ 35.00 |
| | Conferences from Settlement Administrator re Affidavit Finalization | Phone Call | Start: Mon Nov 09 2015<br>Closed: Mon Nov 09 2015 | 0.3 hrs | $ 105.00 |
| | Read email: VM from 18455482213 [Sanders Sharon ] to Ext. 1003 on 11/9/15 4:39 PM for 87 sec | Read Email | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.1 hrs | $ 35.00 |
| | Read email: VM from 18454992990 [ARTHUR SANDERS ] to Ext. 1003 on 11/10/15 10:16 AM for 13 sec | Read Email | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.2 hrs | $ 70.00 |
| | Conferences with Sanders re Resolution of Attorneys' Fees and Costs | Discussion With Opposing Party | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.5 hrs | $ 175.00 |
| | Compose email: Babcock v. C.Tech - Stipulation on Fees | Compose Email | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.4 hrs | $ 140.00 |
| | Stipulation re Class Counsel Fees and Costs for Plaintiff Babcock | Document Composition | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.6 hrs | $ 210.00 |
| | Revised Draft of Parties Stipulation re Class Counsel Fees and Costs | Document Composition | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Re: Babcock v. C.Tech Draft Declaration | Read Email | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.3 hrs | $ 105.00 |
| | Compose email: RE: Babcock v. C.Tech Draft Declaration | Compose Email | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.2 hrs | $ 70.00 |
| | Settlement Administrator Second Revised Affidavit | Document Review | Start: Tue Nov 10 2015<br>Closed: Tue Nov 10 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 11/06/15 | Read Email | Start: Mon Nov 09 2015<br>Closed: Mon Nov 09 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Letter | Read Email | Start: Wed Nov 11 2015<br>Closed: Wed Nov 11 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Activity in Case 2:14-cv-03576-MDG Campbell-Hicks v. C. Tech Collection, Inc. Motion to Certify | Read Email | Start: Wed Nov 11 2015<br>Closed: Wed Nov 11 2015 | 0.1 hrs | $ 35.00 |
| | Read email: C.Tech | Read Email | Start: Mon Nov 16 2015<br>Closed: Mon Nov 16 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: RE: C.Tech | Compose Email | Start: Mon Nov 16 2015<br>Closed: Mon Nov 16 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: FW: Babcock v. C.Tech Weekly Status Report 11/13/15 | Compose Email | Start: Mon Nov 16 2015<br>Closed: Mon Nov 16 2015 | 0.1 hrs | $ 35.00 |
| | Read email: Babcock v. C.Tech Weekly Status Report 11/13/15 | Read Email | Start: Mon Nov 16 2015<br>Closed: Mon Nov 16 2015 | 0.1 hrs | $ 35.00 |

Stern•Thomasson LLP

| Staff Member | Matter / Event | Event Type | Event Dates | Hours Worked | Billable Amount |
|---|---|---|---|---|---|
| **Andrew T. Thomasson**<br>*Partner* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | Preparation for Fairness Hearing | Court Hearing-Conference | Start: Tue Nov 17 2015<br>Closed: Tue Nov 17 2015 | 0.3 hrs | $ 105.00 |
| | Conference to Court re Fairness Hearing | Court Hearing-Conference | Start: Tue Nov 17 2015<br>Closed: Tue Nov 17 2015 | 0.1 hrs | $ 35.00 |
| | Fairness Hearing | Court Hearing-Conference | Start: Tue Nov 17 2015<br>Closed: Tue Nov 17 2015 | 1.1 hrs | $ 385.00 |
| | Read email: Fwd: C. Tech Debt Collections | Read Email | Start: Wed Nov 18 2015<br>Closed: Wed Nov 18 2015 | 0.1 hrs | $ 35.00 |
| | Claim Form from Class Member Cherylanne Hionas | Document Review | Start: Wed Nov 18 2015<br>Closed: Wed Nov 18 2015 | 0.2 hrs | $ 70.00 |
| | Read email: Activity in Case 1:14-cv-03124-MDG Babcock v. C. Tech Collections Inc. et al Notice (Other) | Read Email | Start: Wed Nov 18 2015<br>Closed: Wed Nov 18 2015 | 0.1 hrs | $ 35.00 |
| | Compose email: Babcock v. C.Tech - Claim Form Hionis, Cherylanne | Compose Email | Start: Wed Nov 18 2015<br>Closed: Wed Nov 18 2015 | 0.2 hrs | $ 70.00 |
| | Compose email: Babcock v. C.Tech - Supplemental Tasks | Compose Email | Start: Fri Nov 20 2015<br>Closed: Fri Nov 20 2015 | 0.1 hrs | $ 35.00 |
| | *Totals for the Matter of:*<br>*Ctech - Babcock  2542-523* | | | **Hours**<br>**185.38** | **Billable**<br>**$ 52,458.49** |
| | *Totals for the Staff Member :*<br>*Andrew T. Thomasson* | | | **Hours**<br>**185.38** | **Billable**<br>**$ 52,458.49** |
| **Heather Jones**<br>*Law Clerk* | | | | | |
| | ***Ctech - Babcock  2542-523     Matter Start: Tue Jan 14 2014*** | | | | |
| | deadline to file a report if any sued parties have not made an appearance in this matter doc 14 | Filings - Case Related | Start: Tue Jul 29 2014<br>Closed: Tue Jul 29 2014 | 0.5 hrs | $ 0.00 |
| | deadline for r26 conference and you must have completed the attached questionnaire doc 14 | Discussion With Opposing Party | Start: Sat Jul 26 2014<br>Closed: Sat Jul 26 2014 | 0.5 hrs | $ 0.00 |
| | *Totals for the Matter of:*<br>*Ctech - Babcock  2542-523* | | | **Hours**<br>**1.00** | **Billable**<br>**$ 0.00** |
| | *Totals for the Staff Member :*<br>*Heather Jones* | | | **Hours**<br>**1.00** | **Billable**<br>**$ 0.00** |
| | ***Firm Totals:***<br>***Totals:*** | | | ***Hours***<br>***186.38*** | ***Billable***<br>***$ 52,458.49*** |

# EXHIBIT "B"

Andrew T. Thomasson, Esq.*
*Managing Member*

*Admitted in NJ Only*

# THOMASSON LAW, LLC

101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969

WRITER'S DIRECT DIAL:
(973) 665-2056  telephone
(855) 479-9969  facsimile

WRITER'S E-MAIL:
andrew@thomassonllc.com

June 19, 2014

Arthur Sanders, Esq.
30 South Main Street
New City, New York 10956-3515

> **Re:** ***Babcock, et al. vs. C.Tech Collections, Inc., et al.***
> E.D.N.Y. Case No. 1:14-cv-03124-PKC-MDG

Dear Mr. Sanders,

As you know, I am co-counsel of record for Plaintiff, Jennifer Babcock, in the referenced matter. I enclose and serve the following documents:

(1) Plaintiff's Notice of Motion and Motion for Class Certification or, In the Alternative, Interim Appointment of Class Counsel;

(2) Memorandum of Law in Support of Plaintiff's Motion for Class Certification or, In the Alternative, Interim Appointment of Class Counsel;

(3) Declaration of Andrew T. Thomasson, Esq. in Support of Plaintiff's Motion for Class Certification or, In the Alternative, Interim Appointment of Class Counsel;

(4) Declaration of Abraham Kleinman, Esq. in Support of Plaintiff's Motion for Class Certification or, In the Alternative, Interim Appointment of Class Counsel;

(5) Declaration of Jennifer Babcock in Support of Plaintiff's Motion for Class Certification or, In the Alternative, Interim Appointment of Class Counsel;

(6) Proposed Order Granting Class Certification Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

(7) Proposed Order Appointing Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3); and

(8) Certificate of Service.

You will notice that the enclosed Notice of Motion does <u>not</u> contain a return date. Per Judge Chen's Individual Practice Rule 3.E, Parties may request oral argument by letter at the time their moving,

Arthur Sanders, Esq.
*Babcock vs. C.Tech Collections, Inc., et al.*
June 19, 2014
Page 2

opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.

Also, Judge Chen's Individual Practice Rule 3.C requires the Parties to set up their own briefing schedule and submit it to the Court for approval. To that end, I ask that you please call me at your earliest convenience so we may discuss, and hopefully agree upon, a mutually acceptable briefing schedule regarding Plaintiff's enclosed motion.

Finally, per Judge Chen's Individual Practice Rule 3.D, these motion papers will not be filed electronically until the motion is fully briefed. This letter is, however, being filed electronically contemporaneously with its mailing.

Thanks in advance for your courtesies and anticipated prompt attention to this matter. I look forward to hearing from you soon.

Very truly yours,

Andrew T. Thomasson, Esq.
*Encl:stated*
*Via ECF Filing (w/o encl.) and Via FedEx (w/ encl.)*

cc: Abraham Kleinman, Esq. *via ECF Filing Only*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|                                                                                                                                                                                                                                                                     |     |                                                                                                                                                      |
| --- | --- | --- |
| ——————————————————— x                                                                                                                                                                                                                                               |     |                                                                                                                                                      |
| JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated,                                                                                                                                                                             | :   | CASE NO.: 1:14-cv-03124-PKC-MDG                                                                                                                       |
|                                                                                                                                                                                                                                                                     | :   |                                                                                                                                                      |

CASE NO.: 1:14-cv-03124-PKC-MDG

JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated,

Plaintiffs,

vs.

C.TECH COLLECTIONS, INC., a New York Corporation; JOEL R. MARCHIANO, individually and in his official capacity; JAMES W. ARGENT, individually and in his official capacity; CYNTHIA A. MICHELS, individually and in her official capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

Defendants.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL**

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Plaintiff, Jennifer Babcock, by and through her undersigned counsel, will move this Honorable Court, at a date and time to be determined by the Court, at the United States Court House for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4F, Brooklyn, New York 11201, for an Order granting either of two outcomes: (1) that the Class and sub-class she proposes to represent be certified under Rule 23 of the Federal Rules of Procedure; or, in the alternative, (2) that her counsel be appointed interim class counsel pursuant to Rule 23(g)(3).

1.      This Motion is filed prior to the commencement of discovery out of an abundance of caution borne of Plaintiff's fiduciary duty to the unknown members of the Classes she proposes to represent in this matter, following the decision of the Supreme Court of the United States in *Genesis Healthcare Corp. v. Symczyk*, 133 U.S. 1523 (2013), and a recent decision in *Franco v. Allied Interstate LLC*, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. April 2, 2014) applying *Symczyk*

to Rule 23 class actions.

2. In *Symczyk*, a collective action brought under the Fair Labor Standards Act, the Court assumed, <u>without deciding</u>, that the defendant's Rule 68 offer of judgment mooted the plaintiff's individual claim and that it was, therefore, proper for the district court to have dismissed the case for lack of subject matter jurisdiction on grounds that the plaintiff no longer had a personal stake in the case.

3. While Plaintiff contends that *Symczyk* has no relevance to this action she has brought as a Rule 23 class action, Plaintiff nonetheless notes that defendants in class actions around the country (including this District) have contorted the reasoning in *Symczyk* in attempts to "pick off" Rule 23 class representatives who have not yet moved for class certification.

4. Plaintiff therefore moves for class certification at this time. For her claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, Plaintiff seeks certification of the following Class:

    (a)    All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments," during a period beginning May 19, 2013, and ending June 9, 2014;

and, Plaintiff further seeks certification of the following sub-class pursuant to New York General Business Law §349 ("NY GBL § 349"):

    (b)    All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments" and who paid their alleged debt(s) with a credit card and were charged a "convenience fee" by Defendants, during a period beginning May 19, 2011, and ending June 9, 2014.

5.      It is Defendants' policy and practice to send computer-generated, standardized, collection letters to consumers in the State of New York, which uniformly violate the FDCPA and NY GBL § 349 by, *inter alia*, making false, deceptive, and misleading representations that Defendants are legally permitted to add a "$3.00 convenience fee [] for credit card payments" made by consumers for their alleged debts when such amounts are neither expressly authorized by the agreement creating the debt nor permitted by law.

6.      All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

7.      As alleged in Plaintiff's complaint, Defendants' written communications, in the form attached as *Exhibit A* to the complaint, number in at least the hundreds and, therefore, is so numerous that joinder of all class members would be impractical. [Doc. 1, ¶¶ 51; 61(a)].

8.      There are questions of law and fact common to the Class and Sub-Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the Class and Sub-Class is that Defendants sent Plaintiff and class member the same standardized, computer-generated, collection communication, which uniformly notified consumers that a "$3.00 convenience fee will be added for credit card payments." The common legal issue is whether Defendants' written communications, in the form attached as *Exhibit A* to Plaintiff's complaint, violate the FDCPA and NY GBL § 349.

9.      There are no individual issues other than identifying the individual class members, which is a ministerial task that may easily be accomplished through a review of Defendants' business records and the records of those businesses and governmental entities on whose behalf they attempt to collect debts.

10.     Plaintiff's claims are typical of those of the class members, as all claims are based on the same facts (i.e., Defendants' standardized, computer-generated, collection letter) and the same legal theories (i.e., the FDCPA and NY GBL § 349).

11.     The Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class. Indeed, Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Neither Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue their action.

12.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a)     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§1692k(a)(2)(B) and 1692k(b)(2).

(b)     Most of the class members are unaware of their rights and have no knowledge that their rights are being violated by Defendants' illegal collection practices. Indeed, the essence of Defendants' collection efforts is the deception, harassment, and intimidation of consumers.

(c)     The interest of class members to individually control the litigation is minimal because the maximum statutory damages in an individual action are limited to a recovery of up to a $1,000.00 under the FDCPA, as well as actual damages under the FDCPA and NY GBL § 349, which are estimated in this case at between $3.00 and $50.00 per class member.

Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

13.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendants' letters, which are attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1], violate 15 U.S.C. §§ 1692e, 1692e(2), or 1692f, is tantamount

to declaratory relief and any monetary relief under the FDCPA and/or NY GBL § 349 would be merely incidental to that determination. Additionally, NY GBL § 349(h) specifically provides for injunctive relief as a remedy.

14.     In the alternative, or in the event the Court determines that class certification motion practice and briefing is premature at this time in the absence of class certification discovery, Plaintiff requests that the Court appoint her counsel, Andrew T. Thomasson, Esq. of Thomasson Law, LLC, and Abraham Kleinman, Esq. of Kleinman LLC, as interim class counsel in the precertification phase of these proceedings, pursuant to Fed. R. Civ. P. 23(g)(3).

15.     The legal and factual grounds supporting Plaintiff's motion are further explained and supported by the accompanying Memorandum of Law, the Declarations of Jennifer Babcock, Andrew T. Thomasson, and Abraham Kleinman, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain with respect to this motion.

Respectfully submitted this 19th Day of June 2014.

*s/ Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302-3929
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

Abraham Kleinman, Esq.
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Jennifer Babcock, and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————x | | |
| JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated, | : : : : | CASE NO.:  1:14-cv-03124-PKC-MDG |
| Plaintiffs, | : : : | |
| vs. | : : | |
| C.TECH COLLECTIONS, INC., a New York Corporation; JOEL R. MARCHIANO, individually and in his official capacity; JAMES W. ARGENT, individually and in his official capacity; CYNTHIA A. MICHELS, individually and in her official capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | : : : : : : : : : | |
| Defendants. | : : | |
| ————————————————x | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS**
**CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM**
**APPOINTMENT OF CLASS COUNSEL**

Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302-3929
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:   (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Jennifer Babcock,*
*and all others similarly situated*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....…………….....................…………………………………….ii

I.    INTRODUCTION.........................………….…….…….……………1

II.   CLASS CERTIFICATION SHOULD BE GRANTED...........................3

    A.    *Background and Nature of the Case*................................................3

    B.    *The Classes of Consumers* …………………………………….5

    C.    *Statement of Facts*…………………….......................................6

        1.    The Class Representative's Experience…………………….…….……...6

    D.    *Argument* .……………….…………………………….…………...…7

        1.    General Legal Standards Governing Class Certification……..….7

        2.    Plaintiff's Proposed Class Satisfies the Requirements of
            Rule 23(a) of the Federal Rules of Civil Procedure……………...10

        3.    The Conditions of Rule 23 (b)(3) Have Been Met………………14

        4.    Conclusion………………………………………………………17

III.  IN THE ALTERNATIVE, THE COURT SHOULD APPOINT
      PLAINTIFF'S COUNSEL AS INTERIM CLASS COUNSEL............................18

    A.    *Argument*……………….…………………………………………...18

        1.    The Court Has Authority to Appoint Interim Class Counsel......…18

        2.    Appointment of Interim Class Counsel is Necessary
            In This Case....................................................................20

        3.    The Criteria For Appointment Of Interim Class Counsel
            And Class Counsel Are The Same……………………......………23

        4.    Proposed Interim Class Counsel Meet The Criteria………...…….23

IV.   CONCLUSION……………………………………………………….....24

i

# TABLE OF AUTHORITIES

**Cited Cases:**

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997)…………………………………………………………………...8,15

*Baby Neal v. Casey,*
    43 F.3d 48 (3d Cir. 1994)...............................................................................................12

*Beck v. Maximus,*
    457 F.3d 291 (3d Cir. 2006)..........................................................................................13

*Califano v. Yamasaki,*
    442 U.S. 682 (1979)……………………………………………………...…16

*Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck–Medco Managed Care, LLC,*
    504 F.3d 229 (2d Cir.2007)……………….........…………………………….13

*Coopers & Lybrand v. Livesay,*
    437 U.S. 463 (1978)…………………………….......………………………9

*Curtin v. Mitnick Law Office, LLC,*
    2013 U.S. Dist. LEXIS 129138 (S.D.N.Y. Sept. 10, 2013)……………………….…2

*Dura-Bilt Corp. v. Chase Manhattan Corp.,*
    89 F.R.D. 87 (S.D.N.Y.1981).........................................................................................15

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974)………………………………………………………9

*General Telephone Co. of the Southwest v. Falcon,*
    457 U.S. 147 (1982)………………………………………………………8

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    114 F.R.D. 48 (S.D.N.Y.1987).......................................................................................15

*Genesis Healthcare Corp. v. Symczyk,*
    133 U.S. 1523 (2013)………………………………………………….………..1,2

*Gulf Oil Co. v. Barnard,*
    452 U.S. 89 (1981)………………………………………………………7

*Harrison v.  Great Springwaters,*
    1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. 1997)........................................................5,16

ii

*In re Agent Orange Prod. Liab. Litig.*,
  818 F.2d 145 (2d Cir. 1987)…………………………………….................7,11

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992)……………………………………………………8

*In re Initial Public Offerings Securities Litigation*,
  471 F.3d 24 (2d Cir. 2006)………………………………………………....8,9

*In re Mid Atlantic Toyota Antitrust Litigation*,
  564 F. Supp. 1379 (D. Md. 1983)……………………………………..………22

*In re Risk Mgmt. Alternatives, Inc.*,
  208 F.R.D. 493 (S.D.N.Y. 2002)…………………………………………….5,16

*Irwin v. Mascott*,
  96 F. Supp. 2d 968 (N.D. Cal. 1999)………………………………………….5,16

*Keele v. Wexler*,
  149 F.3d 589 (7th Cir.1998)………………………………………..…7,11,12

*Kleiner v. First Nat'l Bank*,
  751 F.2d 1193 (11th Cir.1985)…………………………………..…………22

*Korn v. Franchard Corp.*,
  456 F.2d 1206 (2d Cir. 1972)…………………………………………....…10,11

*Labbate-D'Alauro v. GC Servs. Ltd. Partnership*,
  168 F.R.D. 451 (E.D.N.Y. 1996)……………………………………….4,5,11,16

*Loatman v. Summit Bank*,
  174 F.R.D. 592 (D.N.J. 1997)……………………………………………………21

*Lucero v. Bureau of Collection Recovery, Inc.*,
  639 F.3d 1239 (10th Cir. 2011)…………………………………...………………2

*Macarz v. Transworld Systems, Inc.*,
  193 F.R.D. 46 (D. Conn. 2000)………………………………………….4,11,15

*Mercantile Nat'l Bank v. Langdeau*,
  371 U.S. 555 (1963)……………………………………………….…………9

*Paraggua v. LinkedIn Corp.*,
  2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012)……………………….…..19

*Parker v. Time Warner Entertainment Co., L.P.*,
  331 F.3d 13 (2d Cir. 2003)……………………………………………………14

iii

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011)……………………………………..……..……….2

*Reynolds v. Beneficial National Bank*,
    288 F.3d 277 (7th Cir. 2002)…………..……………………………………...21

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)...........................................................................12

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992)……………..……………………….…………7

*Sandoz v. Cingular Wireless LLC*,
    553 F.3d 913 (5th Cir. 2008)……………………..………………….……….2

*Savino v. Computer Credit*,
    173 F.R.D. 346 (E.D.N.Y. 1997)..................................................................4,11

*Shahriar v. Smith & Wollensky Restaurant Group, Inc.*,
    659 F.3d 234 (2d Cir. 2011)…………………………………………...12

*Sykes v. Mel Harris & Assocs. LLC*,
    285 F.R.D. 279 (S.D.N.Y. 2012).................................................................4,15

*Super Glue Corp. v Avis Rent A Car System, Inc.*,
    (1987, 2d Dept) 132 App Div 2d 604.........................................................4,15

*Thomas v. Am. Serv. Fin. Corp.*,
    966 F. Supp. 2d 82 (E.D.N.Y. 2013)……....……………………………….2

*Vega v. Credit Bureau Enters.*,
    2005 U.S. Dist. LEXIS 4927 (E.D.N.Y. March 29, 2005)...........................5,16

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S.Ct. (2011)……………………………………………….……..9

*Weiss v. Regal Collections*,
    335 F.3d 337 (3d Cir. 2004)……………………………………….…………2

*White v. TransUnion, LLC*,
    239 F.R.D. 681 (C.D. Cal. 2006)……………………………………….…..19

**Federal Statutes:**

Fed. R. Civ. P. 23………………………………………………………………………...……*passim*

Fed. R. Civ. P. 23(a)……………………………………………………………….....10,14

Fed. R. Civ. P. 23(a)(1)………………………………………………………………………10

Fed. R. Civ. P. 23(a)(2)…………………………………………………………...11,12,13

Fed. R. Civ. P. 23(a)(3)……………………………………………………………………12,13

Fed. R. Civ. P. 23(a)(4)……………………………………………………...………13,14

Fed. R. Civ. P. 23(b)…………………………………………………………...……8

Fed. R. Civ. P. 23(b)(2)…………………………………………………………......8,14,15

Fed. R. Civ. P. 23(b)(3)…………………………………………………………......8,14,15,16,17

Fed. R. Civ. P. 23(c)(1)…………………………………………………………....19

Fed. R. Civ. P. 23(c)(1)(C)………………………………………………………..........8

Fed. R. Civ. P. 23(g)(1)…………………………………………………………....18,19

Fed. R. Civ. P. 23(g)(1)(A)…………………………………………………………23

Fed. R. Civ. P. 23(g)(3)……………………………………………………………............1

15 U.S.C. 1692, *et seq*…………………………………………………………*passim*

15 U.S.C. 1692k(a)(1)…………....……………………………………………………….4

15 U.S.C. 1692k(a)(B)(ii)……………………………………………………………….4

15 U.S.C. 1692e………………………………………………………………...……20

15 U.S.C. 1692e(2)………………………………………………………………...……20

15 U.S.C. 1692e(5)………………………………………………………………...……20

15 U.S.C. 1692e(10)………………………………………………………………...……20

15 U.S.C. 1692f………………………………………………………………...……20

15 U.S.C. 1692f(1)………………………………………………………………...……20

15 U.S.C. 1692k(a)(B)(ii)……………………………………………………………………………4

**State Statutes:**

N.Y. GBL §349……………………………………………………………...…....……*passim*

## I.        <u>INTRODUCTION</u>

Plaintiff, Jennifer Babcock, through counsel, seeks by this Motion either of two outcomes: (1) that the Class and Sub-Class she proposes to represent be certified under Rule 23 of the Federal Rules of Procedure; or, in the alternative, (2) that her counsel be appointed interim class counsel pursuant to Rule 23(g)(3).

Admittedly, the period immediately following the filing of a Class Action Complaint and the subsequent filing of an Answer is an early date to seek class certification. However, Plaintiff seeks class certification at this time for two reasons: (1) Defendants may attempt to moot Plaintiff's claims with an early Offer of Judgment in view of recent decisional authority discussed *infra* ; and (2) new class litigation has been filed in this very District after Plaintiff's Complaint was filed and served, which involves the same corporate defendant, collection letter, facts, legal claims, class period, and relief sought. Thus, at this early juncture Plaintiff seeks class certification or, in the alternative, appointment of her attorneys as interim class counsel, in an effort to preserve and protect the best interests of the putative class members she seeks to represent in this action.

In *Genesis Healthcare Corp. v. Symczyk*, 133 U.S. 1523 (April 16, 2013), the Supreme Court, in a collective action (not class action) under the Fair Labor Standards Act, held that the district court properly dismissed a case for lack of subject matter jurisdiction without deciding whether a Rule 68 offer of judgment mooted the plaintiff's individual claim. While there are many reasons that the *Symczyk* case has no applicability to the case at bar,[1] the Court's ruling has prompted class action defendants around the country (and especially in this District) to hurriedly

---

[1]One issue is the court's holding "resolves an imaginary question, based on a mistake the courts below made about this case and others like it…. Feel free to relegate the majority's decision to the furthest reaches of your mind: The situation it addresses should never again arise." *Symczyk*, 133 U.S. at 1533.

propose Rule 68 offers in hopes of "picking off" class representatives and derailing class actions brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*("FDCPA"). Dicta from *Symczyk* indicates that perhaps the defendant's tactic would not have worked in that case had a class been certified, or if the plaintiff had at least moved for class certification and the court had an opportunity to rule on the motion.

That said, in a recent decision rendered in *Franco v. Allied Interstate LLC*, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. April 2, 2014), a court in the Southern District of New York applied the reasoning of *Symczyk* in a Rule 23 context in dismissing a putative class action case; that same defendant is now using the *Franco* decision in this District as a basis to "pick-off" class representatives with early Rule 68 Offers of Judgment and thereby undermine the objectives of Rule 23 as well as the intent of Congress underpinning the deterrent effect Rule 23 class actions would have on wayward debt collectors (*See e.g., Nicholson v. Allied Interstate, LLC, et al.*, E.D.N.Y. 2:14-cv-01167-JFB-ARL).

Here, the Defendants may well be dissuaded from attempting the tactic that seemed to have worked in *Symczyk* and *Franco* because, although the Second Circuit has not yet addressed this specific issue at least four other Circuits have expressly prohibited such tactics in Rule 23 class actions, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, l09l-92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 335 F.3d 337, 348 (3d Cir. 2004), and most district courts facing the issue within the Second Circuit (and particularly this District) have found that FDCPA claims are not mooted where Rule 68 offers are made before plaintiffs have had a reasonable opportunity to move for class certification. *See e.g., Curtin v. Mitnick Law Office, LLC*, 2013 U.S. Dist. LEXIS 129138, at *2 (S.D.N.Y. Sept. 10, 2013)

(collecting cases); see also, *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 93-94 (E.D.N.Y. 2013). Nonetheless, in an abundance of caution borne of Plaintiff's fiduciary duty to the Class and Sub-Class she proposes to represent, Plaintiff moves at this early stage for an order certifying the classes proposed in her Complaint [*See* Doc. 1, ¶¶54-55].

In the alternative, Plaintiff seeks at a minimum that her counsel be appointed as interim class counsel during the precertification stage of these proceedings.

## II.    CLASS CERTIFICATION SHOULD BE GRANTED

### A.    *Background and Nature of the Case*

Plaintiff brought this class action on behalf of New York consumers who were subjected to false, deceptive, misleading, and unfair debt collection practices by the Defendants. Specifically, the Defendants here send consumers in the State of New York a standardized, mass-produced and computer-generated collection letters that make demand for payments on alleged debts, which provides a box for the consumer to complete and provide their credit card information to remit payment. Immediately above the credit card information box, in lighter and smaller font, Defendants inform the consumer they must pay a "$3.00 convenience fee" for using their credit card as a payment method. However, the collection letter does not provide the consumer with any information as to whom to make a check payable should they wish to remit payment by check and avoid the additional "convenience fee." The letter also fails to provide a detachable form with including information regarding Plaintiff's outstanding debt, such as a space where Plaintiff could indicate an "Amount Enclosed." These facts falsely convey to the consumer that they must make credit card payments, even though each payment will subject the remitter to an additional $3.00 "convenience fee." [Doc. 1, Exh. A].

Plaintiff contends that Defendants' collection practices violates the FDCPA in that the materially false and deceptive statements contained in the collection letters cause Plaintiff and other consumers to incorrectly believe they would benefit financially by immediately sending payment for the full amount demanded in Defendants' collection letters rather than making several payments over time. Further, for consumers like Plaintiff who remit the payment via credit card, the collection of the $3.00 "convenience fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law.

Plaintiff also alleges that the characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to Plaintiff's credit card payment. The characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount of the fee and the characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it leads the least sophisticated consumer to believe that Defendants are legally entitled to charge and receive the "convenience fee" when in fact Defendants' are not entitled to such.

Plaintiff seeks statutory damages on behalf of the Class in an amount not to exceed the lesser of $500,000 or 1 percent of the Defendants' net worth pursuant to 15 U.S.C. § 1692k(a)(B)(ii), as well as actual damages pursuant to 15 U.S.C. § 1692k(a)(1). Many federal courts within the Second Circuit have found that statutory damages cases are eminently certifiable as class actions under the FDCPA and other consumer protection statutes where a defendant sent the same type of uniform communication to class members that allegedly violates the FDCPA. *See e.g., Labbate-D'Alauro v. GC Servs. Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996);

*Savino v. Computer Credit*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D. Conn. 2000). Likewise, a class action may be maintained to recover actual damages and injunctive relief pursuant to NY GBL § 349(h). *Super Glue Corp. v Avis Rent A Car System, Inc.*, (1987, 2d Dept) 132 App Div 2d 604, 606; *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279 (S.D.N.Y. 2012).

It is appropriate for the court to consider the "inability of the poor or uninformed to enforce their rights and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit. *Labbate-D'Alauro*, 168 F.R.D. at 456 (FDCPA cases regarding the liability of standardized documents and practices often result in the predomination of common questions of law or fact and were generally appropriate for resolution by class action); *see also*, *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999); *In re Risk Mgmt. Alternatives, Inc.*, 208 F.R.D. 493, 507 (S.D.N.Y. 2002); *Vega v. Credit Bureau Enters.*, 2005 U.S. Dist. LEXIS 4927, *15 (E.D.N.Y. March 29, 2005); *Harrison v.  Great Springwaters*, 1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. 1997). As more fully set forth below, this is such a case.

**B.    *The Classes of Consumers***

As alleged in her Complaint, Plaintiff now moves for certification of her FDCPA claims on behalf of the following Class:

> All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments," during a period beginning May 19, 2013, and ending June

9, 2014;

and, Plaintiff further seeks certification of her NY GBL § 349 claims on behalf of the following sub-class:

> All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments" and who paid their alleged debt(s) with a credit card and were charged a "convenience fee" by Defendants, during a period beginning May 19, 2011, and ending June 9, 2014.

**C.**    *Statement of Facts*

**1.**    **The Class Representative's Experience**

Plaintiff's Complaint alleges that each Defendant is a debt collector within the meaning of the FDCPA. [Doc. 1]. The Defendants attempted to collect a debt Plaintiff allegedly owed to Jason Hitner, M.D., incurred for personal, family, or household purposes. *Id.* Defendants' collection attempts included a letter sent to Plaintiff dated January 4, 2014. *Id.*

Defendants, in making demand for payments on the alleged debts, provide a box for the consumer to complete and provide their credit card information to remit payment. *Id.* Immediately above the credit card information box, in lighter and smaller font, Defendants inform the consumer that she will be subjected to a "$3.00 convenience fee" for using her credit card as a payment method. *Id.* However, the collection letter does not provide the consumer with any information as to whom to make a check payable should she wish to remit payment by check and avoid the additional "convenience fee." *Id.* The letter also fails to provide a detachable form with including information regarding Plaintiff's outstanding debt, such as a space where Plaintiff could indicate an "Amount Enclosed." *Id.*

Plaintiff further alleges that Defendants' collection practices violates the FDCPA in that the materially false and deceptive statements contained in the collection letters caused Plaintiff and other consumers to incorrectly believe they would benefit financially by immediately sending payment for the full amount demanded in Defendants' collection letters rather than making several payments over time. *Id.* Plaintiff still further alleges that for consumers like Plaintiff who remit the payment via credit card, the collection of the $3.00 "convenience fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law. *Id.*

Plaintiff also alleges that the characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to Plaintiff's credit card payment and the characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount of the fee. *Id.* The characterization of the $3.00 charge as a "convenience fee" is false, deceptive and misleading in that it leads the least sophisticated consumer to believe that Defendants are legally entitled to receive the "convenience fee" when in fact Defendants' are not entitled to such. *Id.*

**D.      *Argument***

**1.      General Legal Standards Governing Class Certification**

The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." G*ulf Oil Co. v. Barnard,* 452 U.S. 89, 99 (1981). Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiff's and counsel's ability to fairly and adequately protect class interests. *See e.g. In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987); *Keele v. Wexler*, 149 F.3d 589

(7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). For a suit to be

maintained as a class action under Rule 23, plaintiff must allege facts establishing each of the four

threshold requirements of subsection (a) of the Rule which provides:

> One or more members of a class may sue or be sued as representative parties on
> behalf of all only if (1) the class is so numerous that joinder of all members is
> impracticable; (2) there are questions of law or fact common to the class; (3) the
> claims or defenses of the representative parties are typical of the claims or defenses
> of the class; and (4) the representative parties will fairly and adequately protect the
> interests of the class.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *In re Drexel Burnham Lambert*

*Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992).

Plaintiff must also allege that the action qualifies for class treatment under at least one of

the subdivisions of Rule 23(b). Under Rule 23(b)(2), a class action will be appropriate where "the

party opposing the class has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect

to the class as a whole." Under Rule 23(b)(3), a class action will be appropriate where "the court

finds that the questions of law or fact common to the members of the class predominate over any

questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy."

Plaintiffs bear the burden of establishing each element of Rule 23 by a preponderance of

the evidence. To certify a class the district court must find that the evidence more likely than not

establishes each fact necessary to meet the requirements of Rule 23. *General Telephone Co. of the*

*Southwest v. Falcon,* 457 U.S. 147 (1982). Once a plaintiff has demonstrated a preliminary legal

showing that the requirements of Rule 23 have been met, the burden of proof is upon the defendant

to demonstrate otherwise. *Id.; see also* 2 H. Newberg, *Newberg on Class Actions* (4th ed. 2002)

("*Newberg*") §7.22 at 70-71.

The determinations called for by Rule 23 are questions addressed to the sound discretion of the district court. *In re Initial Public Offerings Securities Litigation*, 471 F.3d 24 (2d Cir. 2006). A decision to grant class certification is not a final order; it may be altered or amended as the case progresses towards resolution on the merits. Fed. R. Civ. P. 23(c)(1)(C). The district court must conduct a "rigorous analysis" of the evidence and arguments in making the class certification decision. *Id. quoting General Telephone Co. of the Southwest,* 457 U.S. 147, 160-61. The analysis requires "a thorough examination of the factual and legal allegations" and "may include a preliminary inquiry into the merits." *In re Initial Public Offerings Securities Litigation*, 471 F.3d at 29-30.

Some uncertainty ensued when the Supreme Court declared in *Eisen v. Carlisle & Jacquelin, 417* U.S. 156, 177 (1974) that there is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." However, the Second Circuit explained that *Eisen* did not prohibit any inquiry, rather, in determining the merits of a class action certification, the court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied, specifically:

> somewhere between the pleading and the fruits of discovery.... [e]nough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain. But to find its way, the Court must know *something* of the commonality of action or frustration that binds the class.

*Id.* at 35. (internal citations omitted)

Further, only a few years after *Eisen*, the United States Supreme Court, addressing whether a party may bring an interlocutory appeal when a district court denies class certification, wrote that "the class determination generally involves considerations that are 'enmeshed in the factual and

legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463 469 (*quoting Mercantile Nat'l Bank v. Langdeau,* 371 U.S. 555 (1963)). The Supreme Court also held in *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551, 2552 n. 6 (2011) that while the Rule 23 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim, the Rule 23 inquiry prohibits "a merits inquiry for any other pretrial purpose." Accordingly, at the class certification stage, the Court is precluded from addressing any me*rits inquiry unnecessary to makin*g a Rule 23 determination, but may review of the facts of the case to determine if the required elements are met. Those elements are met in this case.

### 2. **Plaintiff's Proposed Class Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

Rule 23(a) establishes four prerequisites for the maintenance of a class action:

(1)    The class is so n*umerous that joinder of a*ll members is impracticable;

(2)    There are questions of law or fact common to the class;

(3)    The claims or defenses of the representative parti*es a*re typical of the claims or defenses of the class; and

(4)    The representative parties will fairly and adequately protect the interests of the class.

This action should be certified as a class action because, as discussed below, all of the requirements of Rule 23(a) have been met.

### (a)    **The Class is so numerous that joinder of all members is impracticable**

Rule 23(a)(1) does not require that joinder be impossible; rather, joinder of all members is impracticable when the procedure would be inefficient, costly, time-consuming, and probably confusing. *Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972). There is no precise number necessary for class certification, however, the court must make a common sense determination as to what constitutes numerosity. *Id.*

Numerosity is easily met in this case as it is clear from examination that the collection letters sent by Defendants are form, mass-produced, computer-generated, standardized communications.[2] As alleged in Plaintiff's complaint, Defendants' written communications, in the form attached as *Exhibit A* to the complaint, number in at least the hundreds and, therefore, is so numerous that joinder of all class members would be impractical. [Doc. 1, ¶¶ 51; 61(a)].

    **(b)**    **There are questions of law and fact common to the Classes**

To satisfy Rule 23(a)(2), there must be "questions of law or fact common to the class." The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement). Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members and, therefore, courts typically find that the commonality requirement is easily satisfied. *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144, 150 (E.D.N.Y. 1996) "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

To establish commonality in an FDCPA case, it is sufficient that Plaintiffs allege that all class members received the same type of uniform communication that allegedly violates the

---

[2] Numerosity is buttressed by the fact that there are presently at least two other later-filed class actions against C.Tech based on the same form letter.

FDCPA. *Labbate-D'Alauro v. GC Servs. Ltd. Partnership*, 168 F.R.D at 456; *Savino v. Computer Credit*, 173 F.R.D. at 352. "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. at 49.

Here, there are questions of law and fact common to the Class and Sub-Class, with those common issues predominating over any issues affecting only individual class members. The factual issue common to Plaintiff and each member of the Class and Sub-Class is that Defendants sent them the same standardized, computer-generated, collection communication, which uniformly notified consumers that a "$3.00 convenience fee will be added for credit card payments." The common legal issue is whether Defendants' standardized written communications, in the form attached as *Exhibit A* to Plaintiff's complaint, violate the FDCPA and NY GBL § 349.

Accordingly, these common issues of fact and law satisfy Rule 23(a)(2).

**(c)     The claims of the representative Plaintiff are typical of the claims of the Classes**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To conduct the typicality inquiry, the court must examine whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class. *Shahriar*, 659 F.3d 234, 253. If a plaintiff's claim arises from the same event, practice, or course of conduct that gives rise to the claims of the class members, factual differences will not render that claim atypical if it is based on the same legal theory as the claims of the class. *Id.*

The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). *See also, Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is

directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality). The typicality prong is analyzed by asking whether the named plaintiff has incentives that align with those of absent class members to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994), *citing* 3B Moore & Kennedy, P 23.06-02; 1 Newberg & Conte, § 3.13. *See also*, *Beck v. Maximus*, 457 F.3d 291, 295-96 (3d Cir. 2006).

Here, Plaintiff's claims share the same issues of fact and law as the class members. Indeed, Defendants mailed the Plaintiff and each member of the Class and Sub-Class the same computer-generated, <u>standardized</u>, collection letter in connection with Defendants' attempt to collect a debt. Thus, Plaintiff and each member of the Class and Sub-Class share a common issue of fact and law -- namely, whether Defendants' standardized collection letter violates the FDCPA and NY GBL § 349. Accordingly, Rule 23(a)(3) is plainly satisfied.

  **(d)**  **The Plaintiff will fairly and adequately protect the interests of the Classes**

Rule 23(a)(4) requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." "Whether adequacy has been satisfied 'depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.'" *See Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck–Medco Managed Care, LLC,* 504 F.3d 229, 241 (2d Cir.2007).

First, Plaintiff has retained counsel experienced in class action litigation to prosecute her claims and those of the Class and Sub-Class. Respectively attached hereto are the Declarations of Andrew T. Thomasson, Esq. and Abraham Kleinman, Esq. which sets forth their experience in cases involving complex issues and consumer class action litigation.

Second, as set forth in the Declaration of Plaintiff, which is also attached hereto, it is apparent that here is no conflict between Plaintiff and the Class and Sub-Class she seeks to represent. It is further apparent from Plaintiff's Declaration that she understands the nature of the litigation, her duties as a class representative, and that she is committed to seeing this case through to its conclusion by establishing Defendants' collection letter violates the FDCPA and NY GBL § 349 and recovering equitable and monetary relief on behalf of all class members.

In view of the foregoing, Plaintiff and her counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

**3.      The Conditions of Rule 23(b)(2) and (3) Have Been Met**

In addition to meeting the prerequisites of Rule 23(a), an action must satisfy at least one of the three conditions of subdivision (b) of Rule 23. Plaintiff proceeds here under Rule 23(b)(2) and (3) which provide in pertinent part:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> > (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> >
> > (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . .

With respect to her claims under NY GBL § 349, Plaintiff seeks certification under Rule 23(b)(2) and (3). Certification is appropriate under Fed. R. Civ. P. 23(b)(2) when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 23 (2d Cir. 2003). Generally, courts may certify classes under Rule 23(b)(2) when a plaintiff seeks both injunctive

relief and monetary damages if the monetary damages are secondary or "incidental" to the injunctive relief. *Id.*

Here, NY GBL § 349(h) permits Plaintiff to pursue both actual damages and injunctive relief on behalf of herself and members of the Sub-Class. *See Super Glue Corp. v Avis Rent A Car System, Inc.*, 132 App Div 2d at 606; *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279. By sending Plaintiff and each class member the same standardized, computer-generated collection letter that seeks to collect a "$3.00 convenience fee" that is not expressly authorized by the agreement creating the debt or permitted by law, the Defendants have acted or refused to act on grounds generally applicable to the Sub-Class. Because the amount of actual damages under NY GBL § 349 are estimated at between $3.00 and $50.00 per class member, those damages are secondary or "incidental" to the injunctive relief. Thus, certification pursuant to Rule 23(b)(2) is appropriate for the claims under NY GBL § 349.

Moreover, Plaintiff's entire action clearly qualifies for certification under Rule 23(b)(3). For the reasons set forth below, both of these requirements are satisfied in the present case.

**(a)     Common Questions Predominate Over Individual Issues**

In determining whether common questions of fact predominate, a court's inquiry is directed primarily toward whether the issue of liability is common to members of the class. *Macarz v. Transworld Sys.*, 193 F.R.D. at 54. Indeed, "when determining whether common questions predominate courts focus on the liability issue … and if the liability issue is common to the class, common questions are held to predominate over individual questions." *Id.* quoting *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y.1987) (quoting *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y.1981)).  The U.S. Supreme Court

stated that "predominance is a test readily met in certain cases alleging consumer...fraud..." *Amchem Products, Inc. v. Windsor*, 521 U.S. at 623-24.

Here, a common issue of fact – i.e., identical, computer-generated, collection letters mailed by Defendants to the Plaintiff and each member of the Class and Sub-Class – predominates over any individual issues relating to class members. Likewise, a common issue of law – i.e., whether Defendants' collection letter violated the FDCPA and NY GBL § 349 – predominates over any individual issues relating to class members. Thus, Rule 23's predominance requirement is satisfied.

**(b)     A Class Action is Superior to Other Methods of Resolving This Matter**

In addition to the predomination of common questions of law or fact, a class action must also be the superior method to resolve the controversy to satisfy fully the requirements of Rule 23(b)(3). *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 458. Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979); *Labbate-D'Alauro, supra*. The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Labbate-D'Alauro, supra* (internal citation and quotes omitted).

It is appropriate for the court to consider the "inability of the poor or uninformed to enforce their rights and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit. *Id.* (FDCPA cases regarding the

liability of standardized documents and practices often result in the predomination of common questions of law or fact and were generally appropriate for resolution by class action); *see also*, *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999); *In re Risk Mgmt. Alternatives, Inc.*, 208 F.R.D. 493, 507 (S.D.N.Y. 2002); *Vega v. Credit Bureau Enters.*, 2005 U.S. Dist. LEXIS 4927, *15 (E.D.N.Y. March 29, 2005); *Harrison v. Great Springwaters*, 1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. 1997).

Here, given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the Class and Sub-Class in this case, within the meaning of Rule 23(b)(3). Indeed, Defendants have violated the rights of large number of geographically dispersed persons to such an extent that the cost of pursuing individual litigation to seek recovery against a well-financed adversary is not feasible. Thus, the alternatives to a class action are either no recourse for hundreds if not thousands of consumers, or even in the unlikely event that they all become aware of their rights and could locate counsel, a multiplicity of scattered suits resulting in the inefficient administration of litigation. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of this matter.

There is no question but that this class action would be easily manageable. This case presents no manageability difficulties that would preclude class certification. Accordingly, Plaintiff has met the superiority element of Rule 23(b)(3).

### 4. <u>Conclusion</u>

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion for an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed New York Class of consumers defined herein, and

certifying Plaintiff, Jennifer Babcock, as a proper representative of the Class and Sub-Class, and appointing Andrew T. Thomasson, Esq. and Abraham Kleinman, Esq. as Class Counsel.

### III.   IN THE ALTERNATIVE, THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS INTERIM CLASS COUNSEL

Should the Court decide that class certification is premature at this stage of the litigation, before completion of class discovery, then Plaintiff's counsel should be appointed as interim class counsel in the precertification phase of these proceedings.

*A.   Argument*

Rule 23(g)(3) provides this Court with authority to appoint interim class counsel prior to determining whether this action can proceed as a class action. Appointment of interim class counsel is necessary to ensure that the rights of absent potential class members are adequately protected during the precertification phase of a class action. The criteria for appointment of interim class counsel are the same as the criteria for the appointment of class counsel following certification. As set forth in the accompanying Declarations of Plaintiff's counsel, Andrew T. Thomasson and Abraham Kleinman, Esq., both attorneys meet the criteria required to serve as interim class counsel. Accordingly, the Court should appoint Messrs. Thomasson and Kleinman to act as interim class counsel during the precertification phase of these proceedings. These points are addressed in more detail below.

### 1.   The Court Has Authority To Appoint Interim Class Counsel

Recognizing that it will usually be important for an attorney to take action to prepare for a class certification decision, Rule 23 provides a court with authority to appoint interim class counsel before class certification. The determination is guided by Rule 23(g)(1), which states that:

> Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

(A) must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1). *See Paraggua v. LinkedIn Corp.,* 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012) (applying factors in making uncontested appointment).

Case law recognizes that these factors are no less important *prior to* class certification. Even prior to certification, the putative class representative and her counsel, having voluntarily assumed a fiduciary relationship to the putative class, may not take actions that prejudice the class members not present. An action filed as a class complaint must be presumed to involve a valid class. Charles Alan Wright *et al*., 7B *Federal Practice and Procedure* § 1797 at 347–50 (2d ed. 1986) (emphasizing importance of treating action as a proper class action even prior to Rule 23(c)(1) class determination). Without appointment of interim counsel and clear delineation of counsel and representative class member's responsibilities to the putative class, the risk that absent members of the putative class will be prejudiced without notice is ever present.

2.    **Appointment Of Interim Class Counsel Is Necessary In This Case**

Appointment of interim class counsel in this case is necessary to ensure that the rights of absent potential class members are adequately protected during the precertification phase of a class action. "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing *Manual for Complex Litigation* (Fourth) § 21.11 (2004)).

Plaintiff has become aware of at least one other class action lawsuit, *Campbell-Hicks v. C. Tech Collection, Inc.*, E.D.N.Y. Case No. 2:14-cv-03576-JS-WDW ("Campbell-Hicks Lawsuit") recently filed in this District against the same Defendants, which involves the same collection letter and alleges identical factual and legal claims as Plaintiff's complaint. [Thomasson Decl., ¶¶8-9, Exh. A]. An examination of the complaint filed in the Campbell-Hicks Lawsuit, which was filed 18 days after this action, makes clear it is in all material ways a near "copy-cat" of Plaintiff's Complaint in this case. For example, the Campbell-Hicks Lawsuit is substantively identical to Plaintiff's Complaint here in that, *inter alia*, it:

    (1)    Involves the same corporate defendant;

    (2)    Involves the same collection letter, which contains the same violative language seeking to collect a "$3.00 convenience fee" from consumers for credit card payments;

    (3)    Seeks to certify the same class that is covered by the same class period[3];

---

[3] Plaintiff's Complaint seeks certification of her FDCPA class claims for the period beginning *May 19, 2013 and ending June 9, 2014*; and seeks to certify a sub-class for her  class for NY GBL § 349 claims beginning May 19, 2011 and ending June 9, 2014. [*See* Doc. 1, ¶¶54-55]. The Campbell-Hicks Lawsuit seeks to certify only FDCPA claims for the period of *June 6, 2014 through June 6, 2014*. [Thomasson Decl., ¶8, Exh. A at ¶30].

(4)    Alleges the same individual and class claims under the FDCPA – i.e., 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1)[4];

(5)    Seeks to recover actual damages, statutory damages, and equitable relief; and

(6)    Demands a trial by jury.

These duplicative filings demonstrate that the danger of prejudice to potential class members is ever-present at the precertification stage. Appointment of Messrs. Thomasson and Kleinman will help protect the Class and Sub-Class from at least two potential problems: possible efforts by Defendants to moot this class action by either (1) settling another class action case that would release the Plaintiff's individual and class claims under the FDCPA and NY GBL § 349, as well as her individual and class recover of actual damages and injunctive relief, or (2) contacting the victims of their violative collection conduct and making improper precertification "settlement offers." To be clear, Plaintiff is not asserting that Defendants are planning on taking such actions; rather, she simply wants to put in place basic protections for the Class and Sub-Class she seeks to represent as the litigation moves forward, without prejudice to Defendants' ability to raise all defenses and arguments against class certification later in the litigation.

In regard to the first potential problem, courts have noted the possibility of a defendant in a series of class actions negotiating a settlement with one class lawyer "within the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 282-83 (7th Cir. 2002). This practice, known as a "reverse auction," can be addressed by requiring a defendant, early in the case, to inform the Court and interim class counsel of the existence of any other class action that may affect the case

---

[4] The Campbell-Hicks Lawsuit does not allege any claims under NY GBL § 349, and does not allege that the plaintiff therein, unlike the Plaintiff Babcock, actually paid the "$3.00 convenience fee."

at bar. *Id.* at 282. As interim counsel, Plaintiff's attorneys could take whatever steps might be necessary to protect the interests of the Class and Sub-Class of affected consumers.

In regard to the second potential problem, cases have occurred wherein the consumer class action involving illegal charges for "force-placed" insurance, an officer of the defendant bank contacted the named plaintiff directly and offered a settlement in excess of her individual monetary claim, "in exchange for dropping her case." *See Loatman v. Summit Bank*, 174 F.R.D. 592, 595 (D.N.J. 1997). In that instance, the bank was sanctioned. 174 F.R.D. at 608, *affirmed in part and reversed on other grounds*, 261 F.3d 492 (3d Cir. 2001). Also, as the Eleventh Circuit has noted, "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent . . . on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. *The damage from misrepresentations could well be irreparable*." *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1203 (11th Cir. 1985) (emphasis added) (affirming sanctions of $108,000 and disqualification of counsel).

Appointment of interim counsel during the precertification phase of this case effectively prevents such problems, as counsel for the putative class is clearly identified and the obligations of such counsel to represent the putative class are clear. Such appointment also benefits the Defendants, who would otherwise be caught between different plaintiff lawyers representing the same class(es). Thus, appointment of interim counsel during the precertification phase of these proceedings is necessary and appropriate.

Moreover, if productive settlement discussions can be had at the precertification stage – as they often are in the context of strict liability FDCPA claims such as the present matter – the interests of judicial economy and the putative class may be well served by the appointment of interim class counsel at this juncture. It is for this reason that precertification settlements involving

"…tentative or temporary settlement classes are favored when there is little or no likelihood of abuse, and the settlement is fair and reasonable and under the scrutiny of the trial judge." *In re Mid Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1389 (D. Md. 1983).

      **3.**      <u>The Criteria For Appointment Of Interim Class Counsel And Class Counsel Are The Same</u>

The criteria for appointment of interim class counsel are the same as the criteria for the appointment of class counsel following certification. The standard in federal law for determining whether counsel is adequate to serve as interim counsel requires that the court consider the work the counsel has done in identifying or investigating potential claims in the action; counsel's experience and handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A).

      **4.**      <u>Proposed Interim Class Counsel Meet The Criteria</u>

Messrs. Thomasson and Kleinman meet the criteria required to serve as interim class counsel. As noted in their respective attached Declarations, Plaintiff's counsel have significant experience representing consumers in FDCPA class actions. [<u>Thomasson Decl.</u>, ¶¶2-7; <u>Kleinman Decl.</u>, ¶¶2-6]. Plaintiff's counsel has gained substantial experience in the litigation of class action cases on behalf of consumers, have done significant work in identifying or investigating potential claims in this action, and have committed, and will continue to commit, the resources necessary to adequately represent the Class and Sub-Class. *Id.* Thus, consideration of the work that Plaintiff's counsels have already performed in identifying or investigating potential claims in this case; their experience in handling class actions and consumer claims of the type asserted in the action; their knowledge of the applicable laws; and the resources they will commit to representing the classes leads to the conclusion that Plaintiff's counsel will represent the class fairly and adequately.

Accordingly, in the event the Court does not certify a class at the present time, the Court should alternatively appoint Messrs. Thomasson and Kleinman as interim class counsel during the precertification phase of these proceedings.

### IV.    <u>CONCLUSION</u>

For the reasons set forth in this Motion, Plaintiff Jennifer Babcock respectfully requests that this Honorable Court grant her Motion for Class Certification. In the alternative, Plaintiff requests that the Court appoint her attorneys, Andrew T. Thomasson, Esq. and Abraham Kleinman, Esq., as interim class counsel during the precertification phase of these proceedings

Respectfully submitted this 19th Day of June 2014.

*s/ Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302-3929
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:   (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Jennifer Babcock, and all others similarly situated*

-24-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated, | CASE NO.: 1:14-cv-03124-PKC-MDG |
| Plaintiffs, | |
| vs. | **DECLARATION OF ANDREW T. THOMASSON IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL** |
| C.TECH COLLECTIONS, INC., a New York Corporation; JOEL R. MARCHIANO, individually and in his official capacity; JAMES W. ARGENT, individually and in his official capacity; CYNTHIA A. MICHELS, individually and in her official capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | |
| Defendants. | |

I, Andrew T. Thomasson, of full age, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and I am admitted to practice *pro hac vice* in this action. I have been retained to serve as co-counsel for Plaintiff, Jennifer Babcock. I am familiar with all of the facts set forth herein and state them to be true. I submit this Declaration in support of Plaintiff's Motion for Class Certification or, in the Alternative, For Interim Appointment of Class Counsel.

2.      I have been admitted to practice law in the State of New Jersey since 2013 and have remained a member in good standing since being admitted. I am also admitted to practice law before the United States Courts of Appeal for the Second and Fourth Circuits. My license to practice law has never been suspended or revoked by the State of New Jersey or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

3.      I received my bachelor's degree from Arkansas State University and my law degree from the Thomas Jefferson School of Law, an ABA-accredited institution in San Diego, California.

4.      From 2009 and continuing until I was admitted to practice, I was employed as a law clerk at the Law Office of William F. Horn in Fresh Meadows, New York and, upon my admission to practice law, I became *Of Counsel* to the firm. In that regard, and in connection with my foregoing professional and legal work experience, I have worked on a variety of complex cases and consumer class action cases including, but not limited to, all aspects of the following successful class actions in which William F. Horn was certified as class counsel: *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:08-cv-01016; *Harrigan v. Receivables Performance Management, LLC*, N.D.N.Y. Case No. 8:09-cv-01351; *Gravina v. United Collection Bureau, Inc.*, E.D.N.Y. Case No. 2:09-cv-04816; *Gravina v. National Enterprise Systems, Inc.*, E.D.N.Y. Case No. 2:09-cv-02942; *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:10-cv-03825; *Pawelczak v. Bureau of Collection Recovery, LLC*, N.D. Ill. Case No. 1:11-cv-01415; *Zirogiannis v. Professional Recovery Consultants, Inc.*, E.D.N.Y. Case No. 2:11-cv-00887; *Lagana v. Stephen Einstein & Associates, P.C.*, S.D.N.Y. Case No. 1:10-cv-04456; *Corpac v. Rubin & Rothman, LLC*, E.D.N.Y. Case No. 2:10-cv-04165; *Castellano v. Global Credit & Collection Corporation*, E.D.N.Y. Case No. 2:10-cv-05898; *Cedeno v. Bureau of Collection Recovery, Inc.*, C.D. Cal. Case No. 8:10-cv-01960; *Pawelczak v. Financial Recovery Services, Inc.*, N.D. Ill. Case No. 1:11-cv-02214; *Gravina v. Weltman, Weinberg & Reis, Co., LPA.*, E.D.N.Y. Case No. 2:11-cv-01161; *Krug v. Davis Davis Attorneys, P.C.*, D. NJ. Case No. 1:10-cv-04975; *Zirogiannis v. Mel S. Harris & Associates, LLC*, E.D.N.Y. Case No. 2:12-cv-00680; *Sebrow v. Fulton, Friedman & Gullace, LLP*, E.D.N.Y. Case No. 1:10-cv-05897; *Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-01426; and *Steinmetz v. Shapiro, Dicaro & Barak, LLC*, E.D.N.Y. Case No. 2:12-cv-01646.

5.      Since becoming licensed to practice law, and in addition to being certified as class counsel in this action, I have been personally certified as class counsel in the following consumer class action lawsuits:

- *Pascal, et al. v. Steine & Associates, P.C., et al.*,
  U.S. District Court, E.D.N.Y. Case No. 2:12-cv-04436-JFB-WDW;

- *Fischer v. NCB Management Services, Inc.*,
  U.S. District Court, S.D.N.Y. Case No. 7:12-cv-09451-CS;

- *Freeman v. General Revenue Corporation*,
  U.S. District Court, E.D.N.Y. Case No. 1:12-cv-01406-RER;

- *Goldman v. Horizon Financial Management, LLC*,
  U.S. District Court, S.D.N.Y. Case No. 7:12-cv-07592-LMS;

- *Dabbas v. Alpha Recovery Corp.*,
  U.S. District Court, E.D.N.Y. Case No. 1:13-cv-05169-SMG;

- *Sabri v. E. Hope Greenberg d/b/a Law Office of E. Hope Greenberg*,
  U.S. District Court, E.D.N.Y. Case No. 1:13-cv-00699-FB-VMS; and

- *Bryan v. National Enterprise Systems, Inc., et al.*,
  U.S. District Court, E.D.N.Y. Case No. 2:13-cv-03740-LDW-WDW.

6.      Furthermore, since 2009 I have been a member in good standing of the National Association of Consumer Advocates ("NACA"), a non-profit association of attorneys and consumer advocates committed to representing consumers' interests. I have attended, and regularly attend, several conferences and symposiums conducted by NACA and the National Consumer Law Center covering a variety of Continuing Legal Education topics, including, but not limited to, the FDCPA, other state consumer protection statutes, attorney ethics and, in particular, class action litigation involving consumer protection statutes.

7.      On January 1, 2014, I opened my own law firm, Thomasson Law, LLC, and also remain as *Of Counsel* to Mr. Horn's law firm. My law firm's principal area of practice is focused on representing plaintiffs in class action litigation involving various state and federal consumer

protection statutes. In that regard, my law firm employs two full-time attorneys (including myself) as well as a law clerk and paralegal. I have the financial and other resources to see this case through to its conclusion and I am committed to doing so.

8.      Attached hereto as ***Exhibit A*** is a conformed copy of the class action complaint filed in the matter of *Campbell-Hicks v. C. Tech Collection, Inc.*, E.D.N.Y. Case No. 2:14-cv-03576-JS-WDW ("Campbell-Hicks Lawsuit"), which was filed <u>in this District</u> on June 6, 2014. The plaintiff in the Campbell-Hicks Lawsuit has alleged substantively identical factual and legal claims against the same corporate defendant as the herein lawsuit, and she is a putative class member in the herein action. Accordingly, the Campbell-Hicks Lawsuit is unquestionably a Related Case to this matter.

9.      The Defendants and their counsel, as well as plaintiff's counsel in the Campbell-Hicks Lawsuit, are well-aware of the existence of the herein class action lawsuit and that it is a Related Case; however, at this time they have not yet filed a Notice of Related Case as required by Local Civil Rule 1.6(a). As such, the undersigned counsel intends to file the Notice of Related Cases without further delay.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th Day of June 2014.*

*s/ Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

*One of the Attorneys for Plaintiff, Jennifer Babcock, and all others similarly situated*

-4-

# EXHIBIT "A"

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 06 2014 ★

LONG ISLAND OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Linda Campbell-Hicks individually and
on behalf of all others similarly situated

        **Plaintiff,**

    v.

C. Tech Collection, Inc.

        **Defendant.**

)
)
)
)
) **CV 14 3576**
) No.
)
) **CLASS ACTION COMPLAINT**
)
) **JURY DEMANDED**

SEYBERT, J

WALL, M.

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1.    Plaintiff LINDA–CAMPBELL-HICKS ("Plaintiff" or "Hicks") files this Complaint seeking redress for the illegal practices of C-Tech. Collection, Inc. ("Defendant" or "C-Tech"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**Parties**

2.    Plaintiff Linda Campbell-Hicks is a citizen of New York State who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4.    Defendant is a New York Corporation located in New York.

1

5. Defendant is regularly engaged in the collection of debts allegedly due to others.

6. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

7. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The debt is allegedly owed for a medical procedure or service.

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. On or about May 5, 2014 Defendant sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, an attempt to collect the alleged debt. The full content of Exhibit A is incorporated herein.

13. Exhibit A falsely and deceptively indicates that the Defendant is entitled to charge the Plaintiff a $3.00 "convenience fee" if the Plaintiff pays the alleged debt via credit card.

14. The Plaintiff never agreed to pay a "convenience fee" in order to satisfy the alleged debt via credit card.

2

15. Charging consumers $3.00 to pay alleged debts by credit card is unfair, unconscionable, false and deceptive.

16. New York General Business Law section 518 specifically prohibits charging consumers a fee to make a purchase with a credit card.

17. No applicable law specifically authorized Defendant to charge Plaintiff a $3.00 "convenience fee" to satisfy the alleged debt.

18. The Plaintiff never expressly agreed to this fee via contract.

19. Exhibit A stated:

*"A $3.00 convenience fee will be added for credit card payments."*

20. Adding the $3.00 "convenience fee" is unfair and unconscionable and is hence a violation of 15 USC 1692f, and 1692f(1).

21. Attempting to impose the $3.00 convenience fee is false and deceptive in that the Defendant misrepresents that they are entitled to collect this fee. Exhibit A violates 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692(5); and 15 USC 1692e(10).

21. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

22. Exhibit A is a form letter.

23. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

### *Class Action Allegations*

24. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable

in this case because:

      a.      Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

      b.      There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

      c.      The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

      d.      Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

      e.      Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

25. A class action is superior for the fair and efficient adjudication of the class members' claims.

26. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

27. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, Defendant will seek to certify a class

4

under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

31. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

32. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## The Defendant's Letter

33. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(10), f, and f(1).

34. Exhibit A violated 15 U.S.C. 1692e, 1692e(2), 1692 e(5), and 1692e(10) in that the letter falsely indicates that the Defendant is entitled to collect a $3.00 convenience fee from Plaintiff if Plaintiff pays by credit card.

35. Exhibit A also violated 15 USC 1692f and 1692f(1) for attempting to impose the $3.00 "convenience fee" not expressly authorized by any law, nor by contract.

36. Defendant's violations of 15 U.S.C. §1692, *et seq*., render Defendant liable to

5

Plaintiff.

37. As a result of Defendant's deceptive and unfair debt collection practices, Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Actual damages as provided by § 1692k of the FDCPA;

    (C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C)    Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (D)    Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
June 5, 2014

RESPECTFULLY SUBMITTED,

/S/Joseph Mauro
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

6

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Linda Campbell-Hicks

**DEFENDANTS**
C. TECH COLLECTIONS, INC.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

**(b)** County of Residence of First Listed Plaintiff  Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

JUN 06 2014

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

LONG ISLAND OFFICE

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Mauro, Esq.
306 McCall Ave.
West Islip, NY 11795

Attorneys *(If Known)*

CV 14 3576

SEYBERT, J

WALL, M.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine Injury Product | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting Sentence | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment **Habeas Corpus:** | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / ☐ 530 General | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee | | |
| | Other / ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education Conditions of | ☐ 465 Other Immigration | | |
| | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et seq.
Brief description of cause:
Debt Collection Abuse

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
06/06/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph Mauro

---

**FOR OFFICE USE ONLY**

RECEIPT # 15395  AMOUNT 400.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, ___Joseph Mauro_____, counsel for _Plaintiff_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☒     the matter is otherwise ineligible for the following reason   Case is a class action. An arbitrator can't certify class.Damages sought exceed $150,000.00, depending on Defendant's Net Worth

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No _____

2.)     If you answered "no" above:
    a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? Yes _____

    b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____
    (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
         ☒   Yes          ☐   No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
         ☐   Yes   (If yes, please explain)      ☒   No

I certify the accuracy of all information provided above.

**Signature:** _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

JENNIFER BABCOCK, an individual; on
behalf of herself and all others similarly
situated,

                        Plaintiffs,

         vs.

C.TECH COLLECTIONS, INC., a New York
Corporation; JOEL R. MARCHIANO,
individually and in his official capacity; JAMES
W. ARGENT, individually and in his official
capacity; CYNTHIA A. MICHELS,
individually and in her official capacity; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                      Defendants.

---------------------------------------------------------------x

CASE NO.: 1:14-cv-03124-PKC-MDG

**DECLARATION OF ABRAHAM KLEINMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL**

      I, Abraham Kleinman, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true:

1. I am an attorney at law of the State of New York and the Bar of this Court. I have been retained to serve as co-counsel for Plaintiff and, as such, I am familiar with all of the facts set forth herein and state them to be true. I submit this Declaration in support of the Plaintiff's Motion for Class Certification, or In the Alternative, for Interim Appointment of Class Counsel.

2. I have been admitted to practice law in the State of New York since 1999 and have remained a member in good standing since that time. I am also admitted to practice law before the United States District Courts for the Eastern District of New York, for the Southern District of New York and the Western District of New York.

3.  My license to practice law has never been suspended or revoked by the State of New York or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline or sanctions have previously been imposed on me in any jurisdiction.

4.  I regularly represent consumers on claims under the Truth in Lending Act, including the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* I am now, and have been, involved in actions brought solely as individual claims as well as class actions. My cases have been filed primarily in the Eastern and Southern Districts of New York.

5.  I have been certified to act as sole class counsel in the matter of *Nicholson v. Diversified Collection Services, Inc.,* United States District Court, Eastern District of New York, 2:12-cv-00034 (SJF) (WDW), and in *Duffy v. Oliphant Financial LLC,* United States District Court, Eastern District of New York, 2:07-cv-03657 (DRH) (AKT).

6.  I have been co-class counsel in several class action matters, in this Court and others including, but not limited to: *Sebrow v. Fulton, Friedman & Gullace, LLP, et al.,* E.D.N.Y. Case No. 1:10-cv-05897 (DLI) (RER), and *Pascal et al. v. Steine & Associates, P.C.*, E.D.N.Y., Case No. 2:12-cv-04436 (JFB) (WDW).

DATED:   June 19, 2014
                Uniondale, New York


                                    *s/ Abraham Kleinman*
                                    Abraham Kleinman, Esq. (AK-6300)
                                    KLEINMAN LLC
                                    626 RXR Plaza
                                    Uniondale, NY  11556-0626
                                    Telephone: (516) 522-2621
                                    Facsimile:  (888) 522-1692
                                    E-Mail: akleinman@kleinmanllc.com

-2-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---
x

JENNIFER BABCOCK, an individual; on
behalf of herself and all others similarly
situated,

        Plaintiffs,

     vs.

C.TECH COLLECTIONS, INC., a New York
Corporation; JOEL R. MARCHIANO,
individually and in his official capacity; JAMES
W. ARGENT, individually and in his official
capacity; CYNTHIA A. MICHELS,
individually and in her official capacity; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

        Defendants.

---
x

CASE NO.: 1:14-cv-03124-PKC-MDG

**DECLARATION OF JENNIFER**
**BABCOCK IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS**
**CERTIFICATION OR, IN THE**
**ALTERNATIVE, FOR INTERIM**
**APPOINTMENT OF**
**CLASS COUNSEL**

I, Jennifer Babcock, being duly sworn and deposed declare as follows:

   1.   I am the named Plaintiff in the above-entitled matter. I am over 18 years of age and

I have personal firsthand knowledge of the facts contained herein. If called upon to do so, I could

and would competently and truthfully testify to the same under oath.

   2.   Defendant, C.TECH COLLECTIONS, INC. ("C.TECH"), through its employees,

officers, and agents mailed me a letter dated January 4, 2014, in which it sought to collect a debt

from me for medical services provided by Jason Hinter, M.D. ("1/4/14 Letter"). A true and correct

copy of the "1/4/14 Letter is attached hereto as ***Exhibit A***, except that I have redacted my financial

account numbers.

   3.   I understand that my class action lawsuit alleges C.TECH violated a federal law

known as the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and a

state law known as New York General Business Law §349 ("NY GBL § 349"), both of which generally prohibit deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service.

4.　　I understand that the class of persons on whose behalf I filed my lawsuit extends back one year prior to the filing of this action with respect to my claims under the FDCPA, and extends back three years prior to the filing of this action with respect to my claims under NY GBL § 349.

5.　　I understand that a class action is a lawsuit brought by at least one person (in this case, me), on behalf of a group of people who have been treated in the same illegal manner by the Defendants.

6.　　I have been, and I remain, willing and able to serve as a representative of the class. To that end, I understand:

> (a)　　That as a class representative I have the responsibility to see that my lawyers prosecute the case on behalf of the entire Class and Sub-Class alleged in my complaint or that is ultimately certified by the Court, not just myself;
>
> (b)　　That I may have to testify at a deposition and/or trial and provide documents and information for use in my case;
>
> (c)　　That the lawsuit cannot be dropped or settled without protecting the class members. This normally means that the other members of the Class and Sub-Class alleged in my complaint (or that is ultimately certified by the Court) should get a fair monetary settlement of their claims; and

-2-

(d)     That the Court has to approve any settlement or disposition on behalf of the Class and Sub-Class alleged in my complaint (or that is ultimately certified by the Court).

7.     I have arranged for my attorneys to advance all costs related to this action, including the cost of class notification, while I remain responsible for these costs.

8.     I understand that courts have sometimes awarded people money for serving as the class representative, but that I am not entitled to such money as a matter of right; I have not been promised or guaranteed money for being the class representative.

9.     I am not employed by or related to any of my attorneys, Andrew T. Thomasson of Thomasson Law, LLC and Abraham Kleinman of Kleinman LLC. My attorneys will be paid as directed by the Court, if the case is successful, out of Defendants' assets and/or the funds recovered for the class.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th Day of June 2014.*

JENNIFER BABCOCK

-3-

# EXHIBIT "A"

# C.tech ®
### COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date:           01/04/2014
RE:             JASON HITNER, M.D.
Account #:      19█████████
Client Code #:  01
Balance:        $ 46.94

Dear Jennifer Babcock:

Jason Hitner, M.D. has referred your account to this office for collection. All future payments, inquiries and correspondence should be directed to C.Tech.

Jason Hitner, M.D. has advised us that services were provided to your child(ren) when you needed them, and payment is expected. Please contact our office pursuant to the "Important Consumer Notice" set forth below, or remit $ 46.94 by return mail in order to conclude this matter.

An envelope is enclosed for your convenience.

Felicia Berkoff
Collection Division Manager
(631) 828-3110
(888) 331-0541

IMPORTANT CONSUMER NOTICE

"Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such verification or judgment. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC01141

A $3.00 convenience fee will be added for credit card payments.
If you wish to pay by credit card, please enter the
requested information in the spaces provided.

CHECK ONE:  ☐          ☐          3 DIGIT SECURITY CODE
                                   (on back of card)

CARD NUMBER                        EXP. DATE
5178 0573 ████████ ████

CARDHOLDER SIGNATURE               AMOUNT AUTHORIZED
Jennifer Babcock                   $ 46.94


ADCTEC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

January 6, 2014

141    210148479
|ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ|
Jennifer Babcock
25457 75Th Ave
Glen Oaks NY 11004-1107

MAIL ALL CORRESPONDENCE & PAYMENTS TO:
C.TECH COLLECTIONS, INC.
PO Box 402
Mt. Sinai NY 11766-0402
|ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ||ɪ|

Date:          01/04/2014
RE:            JASON HITNER, M.D.
Account #      197234█████████
Client Code #: 01
Balance:       46.94

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| JENNIFER BABCOCK, an individual; on behalf of herself and all others similarly situated, | : : : : | CASE NO.:  1:14-cv-03124-PKC-MDG |
| Plaintiffs, | : : : | |
| vs. | : : : | |
| C.TECH COLLECTIONS, INC., a New York Corporation; JOEL R. MARCHIANO, individually and in his official capacity; JAMES W. ARGENT, individually and in his official capacity; CYNTHIA A. MICHELS, individually and in her official capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | : : : : : : : : : | **[PROPOSED] ORDER GRANTING CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3)** |
| Defendants. | : : | |
| | x | |

AND NOW, upon consideration of Plaintiff's Motion for Class Certification (the "Motion") and Memorandum of Law in support thereof, and Defendants' response thereto,

IT IS, this _____ day of _____, 2014, HEREBY **ORDERED** that the Motion is **GRANTED**. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(a) and (b)(2) and (3) pursuant to the following findings of fact:

1.    Plaintiff has asserted claims for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") on behalf of the following Class:

> All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments," during a period beginning May 19, 2013, and ending June 9, 2014;

and, Plaintiff has further asserted claims for Defendants' violations of New York

General Business Law §349 ("NY GBL § 349") on behalf of the following sub-class:

    (b)    All consumers in the State of New York to whom Defendants sent a written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1] that was not returned as undeliverable in connection with Defendants' attempt to collect a debt, which written communications included the statement that a "$3.00 convenience fee will be added for credit card payments" and who paid their alleged debt(s) with a credit card and were charged a "convenience fee" by Defendants, during a period beginning May 19, 2011, and ending June 9, 2014.

    2.    The Class and Sub-Class set forth and defined *supra*, is so numerous that joinder of all members is impracticable.

    3.    There are questions of law and fact common to the Class and Sub-Class. The common questions include Defendants' standardized written collection communications, in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1], violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1), and NY GBL § 349.

    4.    The claims of Plaintiff, Jennifer Babcock, are typical of the claims of the Class and Sub-Class such that the final injunctive relief and corresponding declaratory relief by Plaintiff is appropriate respecting the class as a whole.

    5.    Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class.

    6.    Defendants have acted or refused to act on grounds generally applicable to the Class and Sub-Class.

    7.    The questions of law and/or fact common to the members of the Class and Sub-Class predominate over any questions affecting only individual members.

    8.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

And it is further,

**ORDERED**, that Plaintiff, Jennifer Babcock, is certified as Class representative; and it is

further

**ORDERED**, that excluded from the Class and Sub-Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families; and it is further

**ORDERED**, that Andrew T. Thomasson of Thomasson Law, LLC and Abraham Kleinman of Kleinman LLC shall serve as Class Counsel; and it is further

**ORDERED**, that Plaintiff shall submit a proposed form of notice to the Class and Sub-Class within thirty (30) days following entry of this Order.

**IT IS SO DONE AND ORDERED** this ___ Day of _____, 2014.


_____
HONORABLE PAMELA K. CHEN
Judge, United States District Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

JENNIFER BABCOCK, an individual; on
behalf of herself and all others similarly
situated,

                               Plaintiffs,

                vs.

C.TECH COLLECTIONS, INC., a New York
Corporation; JOEL R. MARCHIANO,
individually and in his official capacity; JAMES
W. ARGENT, individually and in his official
capacity; CYNTHIA A. MICHELS,
individually and in her official capacity; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                            Defendants.

---------------------------------------------------------x

CASE NO.:  1:14-cv-03124-PKC-MDG

**[PROPOSED] ORDER APPOINTING**
**INTERIM CLASS COUNSEL PURSUANT**
**TO FED. R. CIV . P. 23(g)(3)**

AND NOW, this _____ day of _____, 2014, upon consideration of Plaintiff's

Motion for Appointment of Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3), and the

response of the Defendants, if any, it is hereby **ORDERED** as follows:

      1.    Prior to any determination of class certification and to facilitate the orderly

coordination and progress of the claims of the putative classes, prosecution of this litigation on

behalf of any alleged Class or Classes shall be managed and directed by Plaintiff's Interim Class

Counsel, who shall be:

      Andrew T. Thomasson, Esq.              Abraham Kleinman, Esq.
      THOMASSON LAW, LLC              KLEINMAN LLC
      101 Hudson Street, 21st Floor          626 RXR Plaza
      Jersey City, New Jersey 07302-3929     Uniondale, NY 11556-0626
      Telephone: (201) 479-9969            Telephone: (516) 522-2621
      Facsimile:  (855) 479-9969            Facsimile:  (888) 522-1692
      E-Mail: andrew@thomasonllc.com     E-Mail:  akleinman@kleinmanllc.com

2.      Plaintiff's Interim Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the proposed class and sub-class:

(a)      to make all work assignments in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

(b)      to determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the Plaintiff as to all matters arising during all pretrial and trial proceedings, including any motion to certify a proposed Class;

(c)      to seek relief, including permanent or temporary injunctive relief, or declaratory relief;

(d)      to act as a spokesperson at pretrial conferences;

(e)      to conduct or coordinate discovery on behalf of Plaintiff consistent with the requirements of the Federal Rules of Civil Procedure;

(f)      to enter into stipulations with opposing counsel for the conduct of the litigation;

(g)      to sign all papers filed or submitted on behalf of Plaintiff;

(h)      to conduct all pre-trial, trial, and post-trial proceedings on behalf of Plaintiff;

(i)      to select, employ, and consult with experts;

(j)      to conduct settlement negotiations with Defendants on behalf of Plaintiff and to add such additional counsel as Plaintiff's Interim Class Counsel may select;

(k)      to otherwise coordinate and perform such other duties as the Plaintiff's Interim Class Counsel deem necessary or as authorized by further order of the Court;

(l)     to recommend apportionment and allocation of fees and expenses subject to Court approval; and,

(m)    to have authority over all other matters concerning the prosecution or resolution of the action.

3.     Plaintiff's Interim Class Counsel shall be responsible for communicating with the Court and are designated as the attorneys of record with whom the Court and the Defendants will be dealing throughout the course of this litigation.

4.     Defendants are **ORDERED** to inform the Court and Plaintiff's Interim Class Counsel of the existence of any other class action now pending or commenced in the future, in any jurisdiction, wherein similar claims are asserted against the Defendants or any of their related entities. Plaintiff's Interim Class Counsel shall have and exercise these powers and duties over similar and related actions as ordered by the Court.

5.     The appointment of Plaintiff's Interim Class Counsel shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**IT IS SO DONE AND ORDERED** this ___ Day of _____, 2014.


_____
HONORABLE PAMELA K. CHEN
Judge, United States District Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____x

JENNIFER BABCOCK, an individual; on            :
behalf of herself and all others similarly     :
situated,                                       :
                                               :
                              Plaintiffs,       :
                                               :
              vs.                               :
                                               :
C.TECH COLLECTIONS, INC., a New York           :
Corporation; JOEL R. MARCHIANO,                :
individually and in his official capacity; JAMES :
W. ARGENT, individually and in his official    :
capacity; CYNTHIA A. MICHELS,                  :
individually and in her official capacity; and :
JOHN AND JANE DOES NUMBERS 1                    :
THROUGH 25,                                     :
                                               :
                              Defendants.       :
_____x

CASE NO.: 1:14-cv-03124-PKC-MDG

**CERTIFICATE OF SERVICE**

I, Andrew T. Thomasson, being duly admitted to practice law in the State of New Jersey

and admitted _pro hac vice_ in the above-captioned matter, hereby affirm under the penalties of

perjury that on June 19, 2014, I served the following documents:

    (1)    **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS
CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM
APPOINTMENT OF CLASS COUNSEL**

    (2)    **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM
APPOINTMENT OF CLASS COUNSEL**

    (3)    **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS
CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM
APPOINTMENT OF CLASS COUNSEL**

    (4)    **DECLARATION OF ANDREW T. THOMASSON IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, IN THE
ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL**

(5)     **DECLARATION OF ABRAHAM KLEINMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL**

(6)     **DECLARATION OF JENNIFER BABCOCK IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, FOR INTERIM APPOINTMENT OF CLASS COUNSEL**

(7)     **[PROPOSED] ORDER GRANTING CLASS CERTIFICATION PURSUANT TO FED. R. CIV . P. 23(b)(2) AND 23(b)(3)**

(8)     **[PROPOSED] ORDER APPOINTING INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV . P. 23(g)(3)**

by placing a copy thereof for delivery via FedEx in a separate envelope addressed to the addressee

listed on the attached service list.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of*

*the United States of America that the foregoing is true and correct. Executed on this 19th day of*

*June, 2014.*

Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-Mail: andrew@thomassonllc.com

*One of the Attorneys for Plaintiff, Jennifer Babcock, and all others similarly situated*

## SERVICE LIST

Arthur Sanders, Esq.
30 South Main Street
New City, New York 10956-3515
E-Mail: asanders@arthursanderslaw.com

*Attorney for Defendants C.Tech Collections, Inc., Joel R. Marchiano,*
*James W. Argent, and Cynthia A Michels*

# EXHIBIT "C"

LAW OFFICE

# KLEINMAN LLC

626 RXR PLAZA

UNIONDALE, NEW YORK 11556-0626

ABRAHAM KLEINMAN
ATTORNEY AT LAW

ELECTRONIC MAIL:
AKLEINMAN@KLEINMANLLC.COM

WEBSITE:
WWW.KLEINMANLLC.COM

TELEPHONE
(516) 522-2621

TOLL FREE
(877) 522-2621

FACSIMILE
(888) 522-1692

November 24, 2015

Hon. Marilyn D. Go
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York  11201-1818

**Re: Babcock v. C. Tech Collections Inc. et al.**
     **1:14-cv-03124 (MDG)**

Dear Judge Go:

I represent Ms Jennifer Babcock together with Andrew Thomasson.

I write Your Honor as directed during the Fairness Hearing held on November 17, 2015.

Specifically, the Court directed Abraham Kleinman to determine whether Ms. Sophia Morgan would withdraw her previously filed claim form and thus Opt-Out of the settlement. I have left a voice mail message for Ms. Morgan and have not received a response as of 10:30 PM on November 24, 2015.

I have also included a client transaction report from my Case Management System (CMS) which reflects the time spent and fees incurred in this matter.

I further respectfully request an incentive award for Ms. Jennifer Babcock for her service as the named Class Representative.

Specifically, Ms. Babcock represented a class of consumers who have not only been subject to textual violation of the Fair Debt Collection Practices Act, but who have, most significantly, suffered actual damages in the form of Convenience Fees levied upon consumers who have satisfied their consumer debt. While Ms. Babcock could have easily succumbed to offers to settle individually, which would have enriched her, Ms. Babcock had steadfastly declined.

Hon. Marilyn D. Go
November 24, 2015
Page 2

Through my representation, I have found Ms. Babcock to have been vigilant in ultimately securing refunds of monies to class members for a period of three years through use of New York General Business Law § 349. Ms. Babcock, at all times relevant, was insistent that return of monies was her fiduciary duty to the actual damage class members. Ms. Babcock, a fully insured mother of an infant, found herself the subject of health care balanced billing. Through her strident efforts and involvement in the matter, she was able to extend the usual FDCPA Statute of Limitation period of one year to a period of three years, and effect both relief for aggrieved consumers and effected a change in the manner and method in which a debt collector operates.

Though the conclusion of this case encompasses consolidated cases, Ms. Babcock's sole service as Class Representative, resulted in both refund of monies and enhancement of available funds to Statutory damage class members.

Absent Ms. Babcock's unique claim and her dedication to the Class she represented, the nature, outcome and funds available to the class would have been significantly reduced.

For the foregoing reasons, counsel for Jennifer Babcock request that she be awarded a service award for her exemplary fortitude in seeing this actual damage matter to conclusion.

Respectfully submitted,

Abraham Kleinman

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| File | BABCOCK v C TECH |
| --- | --- |
| **Including** | Fees, Expenses, Bills |

| Client ID | Client Name | | | | | | Trust | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **File ID** | **Resp. Member** | **File Type** | | **File Name** | | | | | |
| **Date** | **Details** | **Fees** | **Expenses** | **Taxes** | **Receipts** | **Invoice #** | **Amt. In** | **Amt. Out** | **Balance** |
| | **Description** | | | | | | | | |
| | | | | | | | | | |
| 1:14-cv-03124 | ABRAHAM KLEINMAN | FDCPA | | BABCOCK v C TECH | | | | | |
| 1/13/2014 | ABRAHAM KLEINMAN | 360.00 | | | | | | | |
| | 1.20 hour(s) x 300.00 | | | | | | | | |
| | Meeting with Ms. Babcock regarding her C. Tech issue | | | | | | | | |
| 1/16/2014 | ABRAHAM KLEINMAN | 210.00 | | | | | | | |
| | 0.70 hour(s) x 300.00 | | | | | | | | |
| | Meeting with Ms. babcock concerning the C Tech charges on her capital One Statement | | | | | | | | |
| 5/16/2014 | ABRAHAM KLEINMAN | 60.00 | | | | | | | |
| | 0.20 hour(s) x 300.00 | | | | | | | | |
| | Email correspondence with Andrew Thomasson and Robert Arleo regarding Babcock case | | | | | | | | |
| 5/16/2014 | ABRAHAM KLEINMAN | 180.00 | | | | | | | |
| | 0.60 hour(s) x 300.00 | | | | | | | | |
| | Review Quinteros Dedision | | | | | | | | |
| 5/19/2014 | ABRAHAM KLEINMAN | 120.00 | | | | | | | |
| | 0.40 hour(s) x 300.00 | | | | | | | | |
| | Review Summons and Complaint with Client | | | | | | | | |
| 5/19/2014 | ABRAHAM KLEINMAN | 60.00 | | | | | | | |
| | 0.20 hour(s) x 300.00 | | | | | | | | |
| | Review revised Complaint | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 5/19/2014 | ABRAHAM KLEINMAN 0.60 hour(s) x 300.00 FILE COMPLAINT BY ECF | 180.00 | | | | | | | |
| 5/19/2014 | Filing Fees Filing Fees | | 400.00 | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 FILE RULE 73 NOTICE in ECF | 30.00 | | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 ENTER JUDGE and MAGISTRATE from ECF | 30.00 | | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 NOTATE ECF FILING ERRORS | 30.00 | | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 FILE ARGENT SUMMONS in CMS | 30.00 | | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 FILE MARCIANO SUMMONS in CMS | 30.00 | | | | | | | |
| 5/20/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 DISCUSS SERVICE OF SUMMONSES WITH Andrew Thomasson | 30.00 | | | | | | | |
| 5/29/2014 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 Review Pro Hac Vice | 90.00 | | | | | | | |

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 5/29/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | File Extension of time to answer in CMS | | | | | | | | |
| 6/18/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence to Sanders re Extension of Time to ANSWER. | | | | | | | | |
| 6/18/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Review Stipulation doc [10] | | | | | | | | |
| 6/19/2014 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Review document [11] - Appointment of Counsel [Interim] | | | | | | | | |
| 6/19/2014 | ABRAHAM KLEINMAN 0.80 hour(s) x 300.00 | 240.00 | | | | | | | |
| | Review Class Certification Motion at outset of case | | | | | | | | |
| 6/23/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson and Attorney sanders regarding Service | | | | | | | | |
| 6/25/2014 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Email correspondence with Arthur Sanders regarding interim appointment | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---------|----------|-------|----------|-----------|--------|---------|---------|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 7/7/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Attorneys Sanders and Andrew Thomasson regarding Initial Conference | | | | | | | | |
| 7/8/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Email correspondence with Arthur Sanders and Thomasson regarding Consent to Magistrate Judge | | | | | | | | |
| 7/8/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Review Consent to Magistrate | | | | | | | | |
| 7/9/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders consenting to  Magistrate formally | | | | | | | | |
| 7/9/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Sanders and Andrew Thomasson regarding 26(f) Conference | | | | | | | | |
| 7/9/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders regarding his schedule | | | | | | | | |
| 7/9/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | File Doc [16] in CMS - Consent to Magistrate | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---|---|---|---|---|-------|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 7/9/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter July 14 for Rule 26(f) Conference | | | | | | | | |
| 7/11/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | File So Ordered Consent to magistrate in ECF | | | | | | | | |
| 7/13/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Review Plaintiff Rule 26 Disclosures | | | | | | | | |
| 7/14/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders r 26(f) Conference | | | | | | | | |
| 7/14/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter Case Reassignment to Judge Go | | | | | | | | |
| 7/14/2014 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Correspondence with Andrew Thomasson regarding Hicks Case | | | | | | | | |
| 7/14/2014 | ABRAHAM KLEINMAN 0.90 hour(s) x 300.00 | 270.00 | | | | | | | |
| | Conference with Dwight Hines out of state regarding C. Tech and how the case may affect him | | | | | | | | |
| 8/1/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Filing Collection Letter Exhibit via ECF | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 8/1/2014 | ABRAHAM KLEINMAN<br>3.50 hour(s) x 300.00<br><br>Prepare for Initial Conference, Appear at Conference and Travel | 1,050.00 | | | | | | | |
| 8/5/2014 | ABRAHAM KLEINMAN<br>0.40 hour(s) x 300.00<br><br>Enter Order After Initial Conference | 120.00 | | | | | | | |
| 8/5/2014 | ABRAHAM KLEINMAN<br>0.20 hour(s) x 300.00<br><br>Review Confidentiality Order. | 60.00 | | | | | | | |
| 9/21/2014 | ABRAHAM KLEINMAN<br>0.50 hour(s) x 300.00<br><br>Review Plaintiff Discovery | 150.00 | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Review correspondence regarding position on attending Settlement Conference | 30.00 | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with Joseph Mauro regarding Settlement Conference | 30.00 | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with Arthur Sanders regarding Settlement Conference | 30.00 | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN<br>0.20 hour(s) x 300.00<br><br>Review Status Report | 60.00 | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|--|--|--|--|--|-------|--|--|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Brian Bromberg regarding Status Report | | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson regarding Status Report | | | | | | | | |
| 10/22/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter doc [20] requesting Conference with Status Report | | | | | | | | |
| 10/23/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Enter 11/14/2014 court date in CMS | | | | | | | | |
| 10/23/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Brian L. Bromberg regarding being punctual | | | | | | | | |
| 10/28/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson concerning Plaintiff limiting Discovery so that we have enough information for Conference | | | | | | | | |
| 11/9/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Review letter regarding overdue Discovery | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders regarding overdue Discovery | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson and Arthur Sanders to Meet and Confer | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders regarding schedule for Phone Conference | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson regarding Conference Call | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Brian L. Bromberg concerning Conference Call | | | | | | | | |
| 11/10/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson regarding Conference Call date | | | | | | | | |

### Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|--|--|--|--|--|-------|--|--|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/11/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasson PROVIDING dIAL iN nUMBER | | | | | | | | |
| 11/17/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | cOMMUNICATE WITH sANDERS REGARDING EXTENDING DATE TO NAME NEW PARTIES | | | | | | | | |
| 11/17/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence FROM Arthur Sanders regarding extending date to name new entities | | | | | | | | |
| 11/18/2014 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Review Motion to Extend Party deadline | | | | | | | | |
| 11/19/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter doc [21] in cms | | | | | | | | |
| 11/19/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER ORDER GRANTING EXTENSION TO NAME PARTIES  IN CMS | | | | | | | | |
| 11/20/2014 | ABRAHAM KLEINMAN 1.20 hour(s) x 300.00 | 360.00 | | | | | | | |
| | REVIEW DEFENDANT DISCOVERY RESPONSES | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/25/2014 | ABRAHAM KLEINMAN<br>0.90 hour(s) x 300.00<br><br>REVIEW DEFENDANTS DISCOVERY | 270.00 | | | | | | | |
| 12/4/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>ENTER 12/04/14 CONFERENCE DATE and TIME | 30.00 | | | | | | | |
| 12/4/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with Andrew Thomasson regarding overdue Discovery responses | 30.00 | | | | | | | |
| 12/5/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with Arthur Sanders about overdue discovery | 30.00 | | | | | | | |
| 12/5/2014 | ABRAHAM KLEINMAN<br>0.60 hour(s) x 300.00<br><br>Review Motion to Compel | 180.00 | | | | | | | |
| 12/5/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Enter date Defendants must respond to Compel Motion | 30.00 | | | | | | | |
| 12/7/2014 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>correspondence regarding documents subjective to Protective Order | 30.00 | | | | | | | |
| 12/9/2014 | ABRAHAM KLEINMAN<br>1.10 hour(s) x 300.00<br><br>Meet with client concerning her Settlement Posture | 330.00 | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---|---|---|---|---|-------|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 12/9/2014 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Speak with client regarding settlement conference | 120.00 | | | | | | | |
| 12/10/2014 | ABRAHAM KLEINMAN 0.60 hour(s) x 300.00 Review and enter opposition to Compel | 180.00 | | | | | | | |
| 12/11/2014 | ABRAHAM KLEINMAN 0.50 hour(s) x 300.00 REview Net Worth Documents | 150.00 | | | | | | | |
| 12/17/2014 | ABRAHAM KLEINMAN 1.20 hour(s) x 300.00 research GBL pursuant to Sanders letter | 360.00 | | | | | | | |
| 12/17/2014 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Enter Order re [24] | 30.00 | | | | | | | |
| 12/17/2014 | ABRAHAM KLEINMAN 0.50 hour(s) x 300.00 Client regarding Settlement Position | 150.00 | | | | | | | |
| 12/22/2014 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Review Second Set of Discovery | 120.00 | | | | | | | |
| 1/8/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Email correspondence with Arthur Sanders cancelling his meeting due to his illness | 30.00 | | | | | | | |
| 1/8/2015 | ABRAHAM KLEINMAN 0.50 hour(s) x 300.00 Prepare for and Attend Phone Conference | 150.00 | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---|---|---|---|---|-------|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 1/9/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 Update with Client Bbacock | 90.00 | | | | | | | |
| 1/14/2015 | ABRAHAM KLEINMAN 0.50 hour(s) x 300.00 Discuss Defendant Offer wit Ms. babcock | 150.00 | | | | | | | |
| 1/15/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 phone conference with court | 120.00 | | | | | | | |
| 1/19/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 correspondence with Arthur Sanders regarding the Class Notices | 90.00 | | | | | | | |
| 1/20/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 correspondence with Ms. Babcock regarding her new Phone Contact | 30.00 | | | | | | | |
| 1/20/2015 | ABRAHAM KLEINMAN 4.20 hour(s) x 300.00 Prepare and Appear at Conference with  Travel | 1,260.00 | | | | | | | |
| 1/20/2015 | PARKING PARKING: $29.00 | | 29.00 | | | | | | |
| 1/20/2015 | PARKING PARKING $29.00 | | | | | | | | |
| 2/16/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 ENTER PHONE CONFERENCE DATE and TIME | 30.00 | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|--|--|--|--|--|-------|--|--|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 3/5/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 COURT PHONE CONFERENCE | 120.00 | | | | | | | |
| 3/30/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Court phone conference | 120.00 | | | | | | | |
| 4/6/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Email correspondence with Andrew Thomasson regarding drafting of Release documents | 30.00 | | | | | | | |
| 4/8/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Email correspondence with Arthur Sanders settlement offer re fees and administration | 120.00 | | | | | | | |
| 4/8/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 correspondence rejecting Offer | 60.00 | | | | | | | |
| 5/8/2015 | ABRAHAM KLEINMAN 0.70 hour(s) x 300.00 Explain to client why consolidated with consumer who has not paid (Hicks) | 210.00 | | | | | | | |
| 5/11/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 File Extension Request on ECF | 60.00 | | | | | | | |
| 5/11/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Enter order in CMS regarding Consolidation | 30.00 | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 5/20/2015 | ABRAHAM KLEINMAN 4.30 hour(s) x 300.00 | 1,290.00 | | | | | | | |
| | Travel and appear at Conference  Traffic on GCP after Conference | | | | | | | | |
| 5/25/2015 | ABRAHAM KLEINMAN 0.80 hour(s) x 300.00 | 240.00 | | | | | | | |
| | Review BABCOCK's REVISIONS TO SETTLEMENT DOCUMENTS | | | | | | | | |
| 5/27/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | rEVIEW rEDLINE OF sETTLEMENT dOCUMENTS | | | | | | | | |
| 6/10/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 | 120.00 | | | | | | | |
| | REVIEW OF SANDERS'S PROBLEMS WITH SETTLEMENT | | | | | | | | |
| 6/10/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 | 120.00 | | | | | | | |
| | REVIEW FINALIZED SETTLEMENT AFTER SANDERS CORRECTIONS | | | | | | | | |
| 6/11/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Email correspondence with Arthur Sanders regarding his new objections to Agreement | | | | | | | | |
| 6/11/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | REVIEW LATEST SETTLEMENT AGREEMENT | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 6/11/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders Approving Settlement revisions | | | | | | | | |
| 6/11/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders stating he cannot sign without Hicks' Attorney Fees | | | | | | | | |
| 6/19/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Email correspondence with Brian L. Bromberg regarding court call regarding late settlement documents | | | | | | | | |
| 6/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Brian L. Bromberg about Date Clerk advised we can file documents | | | | | | | | |
| 6/22/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Review and Enter Mauro letter concerning Hicks | | | | | | | | |
| 6/22/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Enter scheduling Order for Extension to File | | | | | | | | |
| 7/1/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER THOMASSON CHANGE of FIRM/ADDRESS | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 7/9/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Email correspondence with Brian L. Bromberg with proposed attorney fee language | | | | | | | | |
| 7/10/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders finding attorney fee language acceptable | | | | | | | | |
| 7/13/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Send Client Agreement vi E-Mail. | | | | | | | | |
| 7/13/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Review settlement agreement from AT | | | | | | | | |
| 7/14/2015 | ABRAHAM KLEINMAN 1.10 hour(s) x 300.00 | 330.00 | | | | | | | |
| | Meeting with Ms. babcock explaining closing document and securing Signature | | | | | | | | |
| 7/14/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter phone conference date in CMS | | | | | | | | |
| 7/24/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Enter Joint Settlement Agreement into CMS | | | | | | | | |
| 7/24/2015 | ABRAHAM KLEINMAN 0.30 hour(s) x 300.00 | 90.00 | | | | | | | |
| | Phone Conference with Court | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---|---|---|---|---|-------|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 7/24/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 Review Proposed Notice to Class | 60.00 | | | | | | | |
| 7/24/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Enter Doc [32] in CMS | 30.00 | | | | | | | |
| 7/24/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Advise client of Preliminary Approval Order | 120.00 | | | | | | | |
| 8/11/2015 | ABRAHAM KLEINMAN 0.40 hour(s) x 300.00 Review of  Arthur Sanders provided  CAFA Notice | 120.00 | | | | | | | |
| 8/26/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Phone call from NUZZI, LAURA, Class Member "Class "1" | 30.00 | | | | | | | |
| 9/1/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Review Heffler Status Report of Administration | 30.00 | | | | | | | |
| 9/2/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Enter Proof of Claim in CMS as recieved by ECF | 30.00 | | | | | | | |
| 9/2/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 Enter Proof of Claim received by ECF in CMS | 30.00 | | | | | | | |

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 9/2/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ECF FROM COURT REGARDING CLAIMANT SOCIAL SECURITY NUMBER | | | | | | | | |
| 9/16/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER DOC [36] in CMS CLAIM | | | | | | | | |
| 10/13/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Phone call to JULIO.  He is a Class Member.  Will not disclose his Last Name. He is evaluating his options | | | | | | | | |
| 10/22/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER ECG REGARDING MS SOPHIA MORGAN | | | | | | | | |
| 10/22/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER PROOF OF CLAIM IN CMS | | | | | | | | |
| 10/29/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | KNIGHT UNSIGNED CLAIM FORM on ECF | | | | | | | | |
| 11/4/2015 | ABRAHAM KLEINMAN 0.60 hour(s) x 300.00 | 180.00 | | | | | | | |
| | PREPARE FOR AND ATTEND CONFERENCE WITH COURT - TELEPHONE TYPE | | | | | | | | |

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/9/2015 | ABRAHAM KLEINMAN<br>0.20 hour(s) x 300.00<br><br>Phone call from MORGAN, SOPHIA regarding her case  She appeared in Court today.  Reloadable Card. | 60.00 | | | | | | | |
| 11/9/2015 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with MORGAN, SOPHIA regarding her documents | 30.00 | | | | | | | |
| 11/10/2015 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Enter stipulation of settlement in CMS | 30.00 | | | | | | | |
| 11/11/2015 | ABRAHAM KLEINMAN<br>0.30 hour(s) x 300.00<br><br>Review CAFA Notice | 90.00 | | | | | | | |
| 11/16/2015 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with SANDERS, ARTHUR | 30.00 | | | | | | | |
| 11/16/2015 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Hefler : Status Report | 30.00 | | | | | | | |
| 11/17/2015 | ABRAHAM KLEINMAN<br>0.30 hour(s) x 300.00<br><br>Discussion each member recovery with Hefler | 90.00 | | | | | | | |
| 11/17/2015 | ABRAHAM KLEINMAN<br>0.10 hour(s) x 300.00<br><br>Email correspondence with STERN THOMASSON LLP regarding consumers who appeared today | 30.00 | | | | | | | |

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|---|---|---|---|---|---|---|---|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/17/2015 | Travel | | 25.25 | | | | | | |
| | Travel LIRR and SUBWAY | | | | | | | | |
| 11/17/2015 | ABRAHAM KLEINMAN 4.70 hour(s) x 300.00 | 1,410.00 | | | | | | | |
| | Prepare for Fairness Hearing.  Attend Fairness Hearing and Travel for Fairness Hearing | | | | | | | | |
| 11/17/2015 | LIRR | | 25.25 | | | | | | |
| | LONG ISLAND RAIL ROAD and SUBWAY | | | | | | | | |
| 11/18/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Arthur Sanders REGARDING hIONAS CLAIM | | | | | | | | |
| 11/18/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Andrew Thomasso nregarding Hionas | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.20 hour(s) x 300.00 | 60.00 | | | | | | | |
| | Email correspondence with FAULKNER, HEATHER, a class member who sought to know whether her claim form was duly received. | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with dkaufman@hefflerclaims.c om concerning Faulkner, Heather claim form | | | | | | | | |

## Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015

as of Wed, November 25, 2015  9:39:12 PM

| Client ID | Client Name | | | | | | Trust | | |
|-----------|-------------|---|---|---|---|---|-------|---|---|
| File ID | Resp. Member | File Type | | File Name | | | | | |
| Date | Details | Fees | Expenses | Taxes | Receipts | Invoice # | Amt. In | Amt. Out | Balance |
| | Description | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with dkaufman@hefflerclaims.com | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with FAULKNER, HEATHER confirming Heffler's recepit of her claim form | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Email correspondence with Heather Faulkner, cLASS mEMBER | | | | | | | | |
| 11/19/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | ENTER HIONAS CLAIM FORD DOC [42] | | | | | | | | |
| 11/20/2015 | ABRAHAM KLEINMAN 0.60 hour(s) x 300.00 | 180.00 | | | | | | | |
| | Discuss with Ms. Babcock her Declaration for filing | | | | | | | | |
| 11/24/2015 | ABRAHAM KLEINMAN 0.10 hour(s) x 300.00 | 30.00 | | | | | | | |
| | Phone call to MORGAN, SOPHIA.  Left voicemail message regarding whether she is excluding herself from the Class ? | | | | | | | | |
| **File Totals** | | Hours | Fees | Expenses | Taxes | Total | | Trust | Retainer |
| | Unbilled | 54.50 | 16,350.00 | 479.50 | | **16,829.50** | | | |
| | Billed | | | | | | | | |
| | AR | | | | | | | | |

**Client Transactions from Mon, January 13, 2014 - Tue, November 24, 2015**

as of Wed, November 25, 2015  9:39:12 PM

| Firm Totals | Hours | Fees | Expenses | Taxes | Total | Trust | Retainer |
|---|---|---|---|---|---|---|---|
| Unbilled | 54.50 | 16,350.00 | 479.50 | | **16,829.50** | | |
| Billed | | | | | | | |
| AR | | | | | | | |